# EXHIBIT 4

**Deed of Trust**
Fresno

Recorded at Request of
Old Republic Title Company

141 007719

AFTER RECORDING, MAIL TO:

MetLife Insurance Company USA
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California 93720
Attn: Director, WRO

FRESNO County Recorder
Paul Dictos, C.P.A.
DOC-
2017-0026655-00
Acct  8002-Old Republic Title CONCORD
Tuesday, FEB 28, 2017 10:11:11
Ttl Pd   $186.00     Rcpt # 0004721109
ELP/R6/3-44

Electronically Recorded
ORIGINAL

Loan Nos. 198718

Space Above this Line for Recorder's Use

## DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND LEASES AND FIXTURE FILING
*(This Deed of Trust is executed in two original counterparts for concurrent recording in Fresno and Kern Counties, California)*

DATED:      February 28, 2017

BY:           104 PARTNERS, LLC, a California limited liability company
              ACDF, LLC, a California limited liability company
              C & A FARMS, LLC, a California limited liability company
              MARICOPA ORCHARDS, LLC, a California limited liability company
              BETSY ELAINE GARCIA, a married woman as to her sole and separate property

              Having an address of:
              1306 West Herndon, Suite 101
              Fresno, CA 93711                                    TRUSTOR

TO:           LEON A. MORENO                                      TRUSTEE
              Having an address of:
              205 East River Park Circle, Suite 430
              Fresno, CA  93720

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

1

Recorded at Request of
Old Republic Title Company

*1411007719*

AFTER RECORDING, MAIL TO:

MetLife Insurance Company USA
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California 93720
Attn: Director, WRO

Loan Nos. 198718

---

<u>Space Above this Line for Recorder's Use</u>

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND LEASES AND FIXTURE FILING

*(This Deed of Trust is executed in two original counterparts for concurrent recording in Fresno and Kern Counties, California)*

**DATED:**  February 28 , 2017

**BY:**  **104 PARTNERS, LLC, a California limited liability company**
**ACDF, LLC, a California limited liability company**
**C & A FARMS, LLC, a California limited liability company**
**MARICOPA ORCHARDS, LLC, a California limited liability company**
**BETSY ELAINE GARCIA, a married woman as to her sole and separate property**

**Having an address of:**
**1306 West Herndon, Suite 101**
**Fresno, CA 93711**                                        **TRUSTOR**

**TO:**  **LEON A. MORENO**                                 **TRUSTEE**
**Having an address of:**
**205 East River Park Circle, Suite 430**
**Fresno, CA  93720**

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

1

**FOR THE BENEFIT**
**OF:**

        **METLIFE INSURANCE COMPANY USA,**       **BENEFICIARY**
        **a Delaware corporation**
        **Having an address of:**
        **10801 Mastin Street, Suite 930**
        **Overland Park, KS 66210**
        **Attn:  SSU Director**

**With a copy**
**to:**        **MetLife Insurance Company USA**
        **Agricultural Investments**
        **205 E. River Park Circle, Suite 430**
        **Fresno, CA 93720**
        **Attn:  Director, WRO**

**With a copy**
**to:**        **MetLife Insurance Company USA**
        **Agricultural Investments**
        **10801 Mastin Street, Suite 930**
        **Overland Park, KS 66210**
        **Attn:  Law Department**

      This  Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing (this "**Deed of Trust**") is made and entered into as of February *28*, 2017, by and among 104 PARTNERS, LLC, a California limited liability company ("**104 Partners**"), ACDF, LLC, a California limited liability company ("**ACDF**"), C & A FARMS, LLC, a California limited liability company ("**C & A Farms**"), MARICOPA ORCHARDS, LLC, a California limited liability company ("**Maricopa Orchards**"), and BETSY ELAINE GARCIA, a married woman, ("**Garcia**"), collectively as Trustor (collectively, "**Trustor**") to LEON A. MORENO, as Trustee ("**Trustee**"), for the benefit of METLIFE INSURANCE COMPANY USA, a Delaware corporation, as Beneficiary ("**Beneficiary**").

      Each of the parties comprising Trustor is the fee or leasehold estate owner of a portion of the real property located in Fresno and Kern Counties, California described on attached Exhibit A and as designated thereon (the "**Land**").  Garcia is referred to herein as the "**Non-Borrower Trustor**".  As used herein, "**Borrower**" refers to 104 Partners, ACDF, C & A Farms and Maricopa Orchards, collectively.

      Beneficiary has agreed to make a loan (the "**Loan**") to Borrower, jointly and severally, in the original principal amount of up to Eleven Million Four Hundred Thousand and 00/100 Dollars ($11,400,000.00) on certain terms and conditions.  The Loan will be disbursed and

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

2

shall be repayable with interest according to the terms of that certain Promissory Note dated as of even date herewith made by Borrower to the order of Beneficiary in the original principal amount of up to $11,400,000.00 (together with any renewals, extensions or modifications thereof, the "**Note**")

The proceeds of the Note may be advanced in multiple disbursements, a portion of which may be used to fund the development of improvements on the Land.

Certain additional terms and conditions regarding the Loan are set forth in a Loan Agreement dated of even date herewith executed by Borrower for the benefit of Beneficiary (as amended from time to time, the "**Loan Agreement**") and additional collateral is provided under the terms of the other "**Collateral Documents**" described in the Loan Agreement. This Deed of Trust, the Note, the Loan Agreement, the Collateral Documents and all assignments, guaranties, indemnities and any other related documents, as amended from time to time, are collectively herein referred to as the "**Loan Documents.**"

The term "**Indebtedness**" as used in this Deed of Trust shall mean:

(a)     The principal, interest and other amounts payable under the Note or the Loan Agreement;

(b)     Any other amounts that Beneficiary may in its discretion loan to any Trustor, with interest thereon, under a written agreement stating that they are intended to be secured hereby;

(c)     Any amounts expended or advanced by Beneficiary to protect or preserve the Property or the lien created hereby on the Property or to discharge obligations of Trustor hereunder or under any of the other Loan Documents or expenses incurred by Beneficiary or Trustee to enforce obligations of Trustor, as permitted under the Loan Documents (but excluding the Unsecured Indemnity Agreement dated as of even date herewith);

(d)     Prepayment premiums as described in the Note; and

(e)     All other obligations owing to Beneficiary under the terms of this Deed of Trust and the Loan Agreement.

FOR VALUE RECEIVED, and in order to secure the Indebtedness and other obligations of Trustor hereafter set forth, Trustor irrevocably and jointly and severally grants, assigns, transfers and conveys to Trustee IN TRUST WITH THE POWER OF SALE for the benefit of Beneficiary, all of Trustor's right, title and interest, now held or hereafter acquired in and to the following:

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

3

A.      The Land, together with all estates, rights, title, interest and estate of Trustor in and to said property including without limitation all oil, gas and mineral rights with respect to the Land and all appurtenances and entitlements (the "**Real Property**").

B.      All buildings, structures and improvements of every nature whatsoever now or hereafter affixed, attached to or incorporated in the Real Property, including, without limitation, (i) all houses, barns, sheds, warehouses, pumphouses, bunkhouses, mobile homes, modular homes, hothouses and all other buildings, (ii) grain bins, silos, storage bins, metal sheds and buildings, water towers, utility and pipelines, and windmills, (iii) all towers, fences, gates and posts, (iv) all electric, water and gas lines, wiring, pipe and equipment together with meters, transformers, switch boxes, fuse panels, circuit breakers, timing devices, thermostats and control valves, (v) controlled atmosphere equipment, if any, and (vi) all additions, substitutions and replacements thereof now or hereafter owned by Trustor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Real Property, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Real Property as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by this Deed of Trust.

C.      All present and future income, rents, issues, profits and revenues of the Real Property and the Crops from time to time accruing (including, without limitation, all payments under leases or tenancies, unearned premiums on any insurance policy carried by Trustor for the benefit of Beneficiary and/or the Real Property, tenant security deposits, escrow funds and all awards or payments, including interest thereon and the right to receive same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of any part or all of the Real Property or payment for alteration of the grade of any road upon which said Real Property abuts, or any other injury to, taking of or decrease in the value of said Real Property to the extent of all amounts which may be owing on the indebtedness secured by this Deed of Trust at the date of receipt of any such award or payment by Trustor, and the reasonable attorneys' fees, costs and disbursements incurred by Beneficiary in connection with the collection of such award or payment), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law or in equity, of Trustor of, in and to the same (the "**Proceeds**"); reserving only the right to Trustor to collect the same as long as no default or Event of Default as defined in Section 13 below shall have occurred.

D.      All improvements, equipment and fixtures now owned or hereafter acquired by the Trustor that now or hereafter are located on, affixed or attached to, or incorporated in the Real Property or the improvements thereon, or used in connection therewith, wherever located, including (i) all wells, irrigation and drainage pumps, motors, pipes, sprinklers, drip line and emitters, filters, water measurement, meters and control structures and other irrigation equipment, (ii) appliances, pool equipment, and affixed furnishings, (iii) all trellises,

fences, wind machines and other frost protection equipment, (iv) all trees, vines and other permanent plantings, and (v) all additions, substitutions for, or replacements of, the foregoing (the "**Improvements**").

E.       All rights of any Trustor or the Real Property to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter appurtenant or attributable to the Real Property, including: (a) all water allocations, water banking interests, carryover rights, supplemental water, water banking rights and interests, distribution rights, delivery rights, storage and exchange rights, drainage rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies, water banks, private parties or otherwise, together with all shares of stock or general intangibles evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (b) all water and water inventory in storage and any interest in the related storage facility or bank; (c) all easements, permits, licenses, contracts, leases, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water including without limitation any such agreements or easements referenced in <u>Exhibit A</u> or <u>Exhibit A-1</u>; (d) all rights under well, pump and filter sharing agreements, and other contracts and licenses relating to the use of water on the Real Property including without limitation those more particularly described on <u>Exhibit A-1</u>; and (e) all rights under water service and delivery contracts now or hereafter relating to the Real Property as described on <u>Exhibit A-1</u> attached hereto and incorporated herein and all replacements, amendments and extensions thereof (the rights and interests described in this paragraph E will be referred to collectively as the "**Water Rights**"). Notwithstanding the foregoing, except to the extent (x) any of foregoing Water Rights are no longer in effect and Trustor acquires any of the assets described in clauses (i) – (iii) below for purposes of replacing or substituting any of such Water Rights no longer in effect, and (y)  any of the assets described in clauses (i) – (iii) below constitute the products or proceeds of any of the foregoing Water Rights, the "Water Rights" shall not include, and Beneficiary shall have no security interest in the following:

(i)       short term or long term contracts for the purchase of water by a Trustor from sources not, as of the date of this Deed of Trust, subject to contract for the delivery of water to any Trustor or any portion of the Real Property and the water subject to such contracts, so long as the Water Rights are not thereby reduced in either right, supply or priority; and

(ii)       water made available to Trustor through the acquisition of either additional land (not subject to this Deed of Trust) or through the use of water allocations available to existing land owned by any Trustor but not subject to this Deed of Trust.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

5

F.      All minerals or rights to minerals owned by Trustor, whether solid, liquid or gaseous (or a mixture), whether valuable or not, and whether or not known to exist under the Real Property, together with full rights of ingress and egress and use of the surface to the extent reasonably necessary for the purpose of exploring, drilling, mining, developing, producing, storing, removing, treating and transporting said minerals ("**Minerals**").

G.      All estates, tenements, hereditaments, privileges, easements, franchises, licenses, permits and other rights appurtenant to the Real Property, including: (a) all rights, permits, licenses, and other entitlements authorizing Trustor to use the Property as it presently is being used or as Trustor intends to use it, or both, (b) all rights of way used in connection therewith or as a means of access thereto, (c) the U.S. Department of Agriculture, Farm Services Agency ("**FSA**") crop base and any similar governmental entitlements from time to time allocated to the Real Property, (d) all rights to drain the Real Property and to dispose of irrigation water from the Real Property, together with all drainage easements and rights in drainage districts, (e) all rights in cooperative associations for milling, ginning, grinding, storage, and marketing of crops and produce from the Real Property (the rights and interests described in this paragraph will be referred to as the "**Appurtenant Rights**").

H.      All rights and/or interest arising under all contracts, leases, permits, options, licenses, plans or intangible property now or hereafter related to or affecting the Real Property (the "**Intangibles**"), including, without limitation, the following leases and options (collectively, the "**Ground Leases**"): (i) that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company, as landlord, and ACDF, LLC, a California limited liability company, as tenant (Ludy), that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company, as landlord, and ACDF, LLC, a California limited liability company, as tenant (Laval - Cattani), and (ii) that certain Agricultural Lease dated as of August 5, 2016 between Betsy E. Garcia as landlord and Cantua Orchards, LLC, a California limited liability company as tenant (Mollring).   The lessors under the Ground Leases are collectively referred to herein as the "**Ground Lessors**", and the Ground Lessors and ACDF, LLC and Cantua Orchards, LLC are collectively referred to herein as the "**Lease Parties**".

I.      All crops now or hereafter grown, growing or to be grown on the Real Property, including, without limitation, harvested crops, farm products, seed and propagative portions of plants (the "**Crops**").

J.      All intellectual property rights now or hereafter held by Trustor with respect to trees or other permanent plantings now or hereafter growing on the Real Property, including, without limitation, all trademarks, patents or patent licenses.

K.      All accessions, parts, or additions to and all replacements of and substitution for any of the property described in the preceding clauses.

L.    All products of any of the property described on the preceding subparagraphs and all proceeds (including insurance proceeds) from the sale or other disposition of any of the property described in the preceding clauses; provided, that by accepting a security interest in proceeds Beneficiary does not consent to sale or other disposition of any of the foregoing.

The personal property and the Real Property described in paragraphs A through L above are referred to collectively as the "**Property**."

Trustor grants to Beneficiary a security interest in the Crops, Proceeds, Minerals, Water Rights, Intangibles, Improvements, and all accounts, general intangibles, inventory, goods and instruments evidencing or constituting proceeds of the foregoing Property, together with all other of the foregoing constituting personal property.

This Deed of Trust, the assignment of the Proceeds and security interest are given to secure payment of the Indebtedness and performance of all obligations of Trustor under the Loan Documents (excepting the obligations under the Unsecured Indemnity Agreement dated as of even date herewith) and are given and accepted on the following terms and conditions which Trustor will promptly and faithfully observe and perform:

1.    **Payment and Performance**.  Trustor shall pay to Beneficiary promptly when due all amounts, payment of which is secured by this Deed of Trust, and shall strictly perform all obligations imposed upon Trustor by this Deed of Trust.

2.    **Possession and Maintenance of the Property**.

2.1    **Possession**.  Prior to an Event of Default, Trustor may remain in possession and control of and operate and manage the Property and collect the Proceeds from the Property.

2.2    **Duty to Maintain**.  Trustor shall maintain the Property in good condition and promptly perform all repairs and maintenance necessary to preserve its value. The agricultural portion of the Real Property shall be cultivated in accordance with good husbandry practices and all farming and property operations shall be conducted in such manner as to prevent deterioration of the Property, except for reasonable wear and tear from proper use.  Without limiting the foregoing, Trustor shall operate and maintain the trees, vines and fixtures on the Real Property in accordance with good agricultural and business practice prevailing in the respective counties in which the Real Property is located.

2.3    **Nuisance, Waste**.  Trustor shall not conduct or permit any nuisance and shall not commit or suffer any waste on the Real Property.

2.4    **Removal of Improvements**.  Trustor shall maintain and shall not demolish or remove any Improvements from the Real Property without the prior written

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

7

consent of Beneficiary, except for the replacement of permanent plantings and other Improvements in the ordinary course of business with permanent plantings or other improvements of at least comparable value and utility, and free of any liens (other than the lien of this Deed of Trust).  Beneficiary shall consent if Trustor makes arrangements satisfactory to Beneficiary to replace any material improvement which Trustor proposes to remove with one of at least equal value and functionality. Trustor may sell or transfer *de minimis* portions of the equipment used as part of the Improvements in the ordinary cause of business so long as immediately replaced with like equipment of equivalent value and functionality, free of liens.

      2.5    **<u>Compliance with Governmental Requirements</u>**.  Trustor shall promptly comply with all laws, ordinances and regulations of all governmental authorities applicable to the use or occupancy of the Property.  Trustor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Beneficiary's interest in the Property is not jeopardized.

      2.6    **<u>Duty to Protect</u>**.  Trustor shall do all other acts, in addition to those set forth in this Deed of Trust, that from the character and use of the Real Property are reasonably necessary to protect and preserve the security.

      2.7    **<u>Water Rights</u>**.

      (a)    All existing Water Rights shall be maintained in accordance with applicable law in full force and effect for the benefit of the Property by Trustor and applied to beneficial use so as to maintain the validity and priority of such rights.

      (b)    Trustor shall fully comply with, and not permit a default to occur under any water leases, licenses, permits or delivery contracts that form part of the Water Rights and are used to provide water to the Real Property, and shall timely exercise all renewal or extension rights in such leases, licenses, permits or contracts.

      (c)    Trustor shall not modify, amend or terminate any licenses, leases, permits or contracts that form part of the Water Rights, including without limitation those identified in <u>Exhibit A-1</u> hereto absent Beneficiary's prior written consent. Trustor shall comply with the rules, regulations and ordinances of any water district, water agency or groundwater management agency in which the Property or any portion thereof is located and pay all related fees and assessments prior to delinquency.

      (d)    Trustor shall not cause or permit a reduction in the number of acres of Reclamation Property consisting of non-excess land eligible to obtain water from sources subject to Reclamation Law or the reduction of the number of acres of Reclamation Property presently eligible to receive Reclamation Water at a "non full cost rate" within the meaning of 43 C.F.R. Section 426.4(v) without Beneficiary's prior written consent.  Trustor

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

8

shall comply and cause the Reclamation Property to comply with all reporting and certification requirements of Reclamation Law, including without limitation the provisions of 43 C.F.R. Section 426.10(b) through(g), inclusive.  As used in this Deed of Trust:  (1) "**Reclamation Law**" means The Reclamation Act of 1902, the Omnibus Adjustment Act of 1926, the Reclamation Reform Act of 1982 and any act or law supplementary thereto and all rules and regulations promulgated thereunder; (2) "**Reclamation Property**" means any portion of the Real Property that is subject to Reclamation Law; and (3) "**Reclamation Water**" means irrigation water applied to Reclamation Property that is subject to Reclamation Law.

(e)     Trustor hereby further represents, warrants and covenants that all irrigation wells and related facilities used to deliver irrigation water to any portion of the Real Property are and shall remain physically located within the boundaries of such Real Property or the subject of valid, enforceable easements appurtenant to the Real Property and encumbered hereby and that the schedule of water service contracts included within <u>Exhibit A-1</u> accurately identifies all of the contracts for permanent water supply.  In the event the use of any irrigation facilities or water that form part of the Water Rights requires consent or the use of other property, Trustor has obtained and shall maintain in effect all requisite easements or other legally enforceable and assignable rights to use such facilities and/or water to service the Real Property.

(f)     Trustor shall maintain the Water Rights during the term of the Loan sufficient in all material respects to provide the continuing, enforceable right to receive irrigation water on the Real Property from such sources, in such quantities and at such times and locations as sufficient to provide adequate water and/or drainage to continue the current and proposed farming operations on the Real Property.

**2.8     Beneficiary's Right to Enter**.    Beneficiary and its agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interest and to inspect the Property and to inspect any and all financial and other records related to Trustor's operations on the Property.

**2.9     Patented and Trademarked Varieties**.  Trustor shall not plant on the Real Property, or graft to any trees or vines on the Real Property, patented or trademarked varieties of trees or vines unless (i) Trustor owns the patent or trademark for such trees, vines or rootstock or a license to plant or graft such trees, vines or rootstock which is transferable to a successor owner of the Real Property, and (ii) Trustor has, prior to such planting or grafting, provided to Beneficiary written evidence of such ownership or transferable license.

**2.10     Operations on Property**.  Trustor shall ensure that all operations of the Property conform to the standards of husbandry in the geographic area in which Land is located and shall, at all times, act so as to minimize erosion and depletion of the soil.  Trustor shall ensure that all wastewater or other discharges to the environment are conducted in

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

9

conformance with current industry practices and all current regulatory requirements. Trustor shall use the Property solely for agricultural production and directly related purposes.

3.   **Taxes and Liens**.

     3.1   **Payment**.   Trustor shall pay when due all taxes and assessments and water charges levied against or on account of the Property, including without limitation all water and utility district liens and assessments, and shall pay when due all claims for work done on or for services rendered or materials furnished to the Property. Trustor shall maintain the Real Property free of any liens, charges or encumbrances except for the lien of this Deed of Trust, the Permitted Encumbrances (defined below), and for taxes and assessments not due, and except as otherwise provided in Section 3.2.

     3.2   **Right to Contest**.   Trustor may withhold payment of any tax, assessment or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized as determined by Beneficiary. If the Property is subjected to a lien (except for liens for taxes and assessments that are not yet due) which is not discharged within fifteen (15) days. Trustor shall deposit with Beneficiary cash, a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien, plus any interest, costs, attorneys' fees or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest proceedings, Trustor will defend itself and Beneficiary and will name Beneficiary as an additional obligee under any surety bond, and Trustor shall satisfy any final adverse judgment before enforcement against the Property.

     3.3   **Evidence of Payment**.   Trustor shall promptly furnish evidence of payment of taxes and assessments to Beneficiary on its demand and shall authorize the appropriate county or other official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property, and shall pay the expense of a tax reporting service for the Property if required by Beneficiary.

     3.4   **Notice of Construction**.   Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished or any materials are supplied to the Real Property if a construction lien could be asserted on account of the work, services or materials and the cost exceeds Fifty Thousand and 00/100 Dollars ($50,000.00), which threshold shall be determined by aggregating any other works of improvement commenced or to be commenced within a one-year period. On Beneficiary's request, Trustor will promptly furnish advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

     3.5   **Farm or Agricultural Classification**.   Trustor agrees to maintain the farm use or agricultural lands classification of the Property on the tax roll, and not to allow

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

10

any act or omission which would disqualify the Property for assessment or zoning as farm use or agricultural lands.

**4.**     **Ground Leases**.

**4.1**     **Assignment**.  Each Lease Party hereby assigns, grants and transfers to Beneficiary all of its right, title and interest in, to and under the Ground Leases, including without limitation the rights of occupancy and possession and the claims and rights to receive all payments and compensation payable thereunder.  The Beneficiary's advance written consent shall be required for the surrender of a leasehold estate created by the Ground Leases, for the termination or cancellation of the Ground Leases and for the modification, change, supplementation, alteration or amendment of the Ground Leases in any respect that would decrease the term, impair the Water Rights, result in an assignment or transfer of the leasehold estate or sublease of the Real Property.  Any such action taken without such consent shall be voidable by the Beneficiary.  For so long as there is no Event of Default, ACDF, LLC and Cantua Orchards, LLC shall have the right to use and occupy the premises leased pursuant to the Ground Leases, make all rental payments and secure all other benefits provided under the Ground Leases.

**4.2**     **Representations and Warranties**.  Trustor represents and warrants that:

(a)     Each Ground Lessor has good title to that Ground Lessor's respective interest in its Ground Lease and the full right, power and authority to assign the same;

(b)     ACDF, LLC and Cantua Orchards, LLC have good title to the respective lessee's interest in the Ground Leases and the full right, power and authority to assign the same;

(c)     No person, other than the Lease Parties, has any right, title or interest in, under or to the Leased Property, Ground Leases or the leasehold interest in the Real Property;

(d)     Each Lease Party has respectively duly and punctually performed all the terms, covenants, conditions and warranties of the Ground Leases on each Lease Party's part to be performed and is not in default under the Ground Leases;

(e)     Each Lease Party has delivered to Beneficiary true, correct and complete copies of the Ground Leases, and the Ground Leases shall remain valid, unmodified and in full force and effect;

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

11

(f)     Ground Lessors are not in default with respect to any of the terms of the Ground Leases, nor has any event occurred which, with the passage of time, the giving of notice or both, would constitute such a default, and ACDF, LLC and Cantua Orchards, LLC have no defenses or offsets as to any of its obligations under the Ground Leases;

(g)     No consent, license, approval or authorization is required to be obtained or given in connection with the execution, delivery, performance, recordation, validity or enforceability of this assignment of the Ground Leases that has not been obtained; and

(h)     That all rents (including additional rents and other charges) reserved in the Ground Leases have been paid to the extent they were payable prior to the date hereof.

5.      **Insurance**.

5.1     **Casualty Insurance**.

(a)     Trustor shall carry such casualty insurance as is customarily carried on improvements of the nature owned by Trustor.

(b)     Trustor shall promptly notify Beneficiary of any loss or damage to the Property exceeding $50,000.00 (as aggregated over a one-year period).  Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. Insurance proceeds shall be paid directly to the Beneficiary.  The proceeds of any insurance on the Property shall be used first to pay the cost of collecting such proceeds, if any, and then to prepay first accrued interest and then principal of the Indebtedness, or, at the election of the Beneficiary, such proceeds may be used to repair or replace the damaged or destroyed improvements in a manner satisfactory to Beneficiary.

(c)     Any unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the Property covered by this Deed of Trust at any foreclosure sale of the Property; and Trustor shall assist Beneficiary in obtaining the related assignment.

5.2     **Liability Insurance**.  Trustor shall procure and maintain in force such policies of liability insurance as are currently carried by owners of similar properties in California and as Beneficiary may reasonably require including, but not limited to, comprehensive liability coverage with limits of not less than Two Million Dollars ($2,000,000) combined single limit per occurrence and a minimum aggregate limit of Four Million Dollars ($4,000,000) with an endorsement showing Beneficiary as an additional insured.

5.3 **Insurance Carriers and Certificates**. All insurance policies required hereby shall be issued by companies reasonably satisfactory to Beneficiary on forms, terms and conditions and with deductibles reasonably satisfactory to Beneficiary, all such policies shall be continuously maintained and in full force and effect without material modification for reduction in scope or amount of coverage. Certificates evidencing such insurance and providing thirty (30) days' prior notice to Beneficiary prior to any cancellation or material reduction in coverage shall be provided to Beneficiary at closing and maintained current at all times, and, to the extent Trustor has knowledge, shall give Beneficiary at least ten (10) days' advance written notice prior to any non-renewal, cancellation or material reduction in coverage, scope of amount or within two (2) business days of first having knowledge or after being notified thereof.

6. **Warranties of Trustor**.

6.1 **Title**. Each Trustor warrants that it holds indefeasible and marketable fee or leasehold title, as applicable, to the portion of the Real Property identified in its ownership in Exhibit A hereto, and merchantable fee title to all of the remainder of the Property, free of all encumbrances other than those set forth in the title insurance policy to be issued to Beneficiary at closing and the Permitted Encumbrances defined in the Loan Agreement (the "**Permitted Encumbrances**").

6.2 **Defense of Title**. Subject to the Permitted Encumbrances, Trustor warrants and will forever defend the title to the Property (including without limitation all Water Rights) against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Beneficiary or Trustee under this Deed of Trust, Trustor shall defend the action at its expense.

6.3 **Business Purposes**. Trustor warrants that Trustor is engaging in this transaction exclusively for business, commercial or investment purposes.

6.4 **No Litigation**. Trustor represents and warrants that there is no litigation pending or, to the best knowledge of its members or officers, threatened against any Trustor which will substantially adversely affect the ability of any Trustor to perform its obligations hereunder, nor will the execution or performance of this Deed of Trust and the Note violate the terms of any order of any court. If such litigation is filed, Trustor agrees to notify Beneficiary promptly by providing Beneficiary with a copy of the summons and complaint.

6.5 **Patented and Trademarked Varieties**. There are not currently growing on the Real Property any trees, vines or other permanent plantings which are covered by any trademark or patent or pending patent or trademark application, and Trustor has the right to sell or transfer trees, the vines or other permanent plantings now growing on the Real Property without the consent of, or paying a fee to, any third party.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

13

**6.6     Water**.  To the best of Trustors' knowledge, as of the date of this Deed of Trust, the Water Rights afford the continuing, enforceable right to receive irrigation water on the Real Property from such sources, in such quantities and at such times and locations as sufficient to provide adequate water and/or drainage to continue the current and proposed farming operations on the Real Property.

**6.7     Office of Foreign Asset Control**.  Each Trustor represents that, and agrees to furnish Beneficiary on request evidence confirming that neither Trustor nor any partner, member or stockholder of Trustor is, and no legal or beneficial interest in a partner, member or stockholder of Trustor is or will be held, directly or indirectly by persons or entities appearing on a US Treasury Office of Foreign Assets Control ("OFAC") list, with respect to which entering into transactions with such a person or entity would violate the laws and regulations administered by OFAC or any other law.  At all times throughout the term of the Loan, Trustor and all of its respective affiliates shall be in full compliance with all applicable orders, rules, regulations and recommendations of OFAC.

**7.     Condemnation**.

**7.1     Application of Net Proceeds**.  If all or any part of the Real Property is condemned, Beneficiary may elect to require that all or any portion of the net proceeds of the condemnation be applied on the Indebtedness.  The "net proceeds" shall mean the total amount available after payment of all reasonable costs, expenses and attorneys' fees necessarily paid or incurred by Trustor, Beneficiary and Trustee in connection with the taking by condemnation.  Sale of all or any part of the Real Property to a purchaser with the power of eminent domain in the face of a threat or the probability of the exercise of the power shall be treated as a taking by condemnation to which this Section 7 shall apply and shall not be considered a transfer for purpose of Section 10 hereof.

**7.2     Proceedings**.  If any proceedings in condemnation are filed, Trustor shall promptly take such steps as may be necessary to defend the action and obtain the award. In the event Beneficiary has reasonable grounds for insecurity with regard to Trustor's performance of its obligations under this Section 7, Beneficiary shall be entitled, at its option, to commence, appear in and prosecute in its own name any action or proceeding, or to make any reasonable compromise or settlement in connection with such taking or damage, and to obtain and distribute all compensation, awards or other relief therefor to which Trustor may be entitled in accordance with Section 7.1.

8.      **Imposition of Tax By State**.

       **8.1**   **State Taxes Covered**.  The following shall constitute state taxes to which this Section 8 applies:

       (a)   A specific tax upon deeds of trust or mortgages or upon all or any part of the indebtedness secured by a deed of trust or mortgage.

       (b)   A specific tax on a grantor which the taxpayer is authorized or required to deduct from payments on the indebtedness secured by a deed of trust or mortgage.

       (c)   A tax on a deed of trust or mortgage chargeable against the beneficiary or the holder of the note secured.

       (d)   A specific tax on all or any portion of the indebtedness or on payments of principal and interest made by Trustor (other than Beneficiary's income or gross receipts taxes).

       **8.2**   **Remedies**.  If any state tax to which this Section 8 applies is enacted subsequent to the date of this Deed of Trust, this shall have the same effect as a default, and Beneficiary may exercise any or all of the remedies available to it in the event of a default unless the following conditions are met:

       (a)   Trustor lawfully pays the tax or charge imposed by the state tax; and

       (b)   Trustor pays the tax or charge within thirty (30) days after notice from Beneficiary that the tax law has been enacted or five (5) business days prior to the date the tax is payable, whichever is later.

9.      **Powers and Obligations of Trustee**.

       **9.1**   **Powers of Trustee**.  In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Real Property upon the request of Beneficiary and Trustor:

       (a)   Join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights in the public.

       (b)   Join in granting any easement or creating any restriction on the Real Property.

       (c)   Join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

15

(d)     Reconvey, without warranty, all or any part of the Real Property.

**9.2     Obligations to Notify**.  Trustee shall not be obligated to notify any other party of a pending sale under any other deed of trust or lien, or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**10.     Transfer By Trustor**.

**10.1     Prohibition of Transfer Without Consent**.  Trustor shall not sell, agree to sell, assign, convey, subcontract, mortgage or otherwise transfer or encumber any part or all of the Property or any interest in the Property, including without limitation any interest in the Water Rights, without the prior written consent of Beneficiary, which consent may be withheld in Beneficiary's sole discretion.  If Trustor or a prospective transferee applies to Beneficiary for consent to a transfer, Beneficiary may require such information as may be reasonably necessary for Beneficiary to assess the prospective transferee's prior business experience, reputation and financial ability to perform Trustor's obligations under this Deed of Trust.  Without limiting the generality of the foregoing, the occurrence at any time of any of the following events without Beneficiary's prior written consent or except as otherwise specifically allowed under the Loan Documents, shall be deemed a transfer of title to the Property:

(a)     Any sale, conveyance, assignment or other transfer of, or the grant of a security interest or mortgage or other lien in, all or any part of the legal or equitable title to the Property;

(b)     Any conveyance, grant or other transfer of the legal or equitable title to the Property which occurs by operation of law, by trustees in bankruptcy, executors or estate administrators or executors, or by or through a bankruptcy court;

(c)     Any lease of the Property with a term longer than one (1) year, other than as consented to by Beneficiary in writing;

(d)     Any of the above events occurs with respect to any portion of the Water Rights;

(e)     Any sale, transfer or assignment in any manner of partnership, membership or other equity interests in any Trustor which result in ten percent (10%) or more of the partnership, membership or other equity interests in such Trustor being held by individuals or entities which are not, on the date hereof, partners, members or equity holders in such Trustor, and

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

16

(f)     any change in the trustee designation under any revocable trust.

The restrictions on transfer contained herein shall not apply to (i) the transfer by a member or shareholder in any Trustor of its partnership, membership, stock or beneficial interest under any will or testament or applicable law of descent, including a transfer to the heirs or descendants whether directly or indirectly, voluntarily, involuntarily or by operation of law, provided that the transferee assumes all obligations of its transferee under the Loan Documents in writing under documentation satisfactory to Beneficiary in form and substance; or (ii) the transfer of up to fifteen percent (15%) in the aggregate of the direct or indirect membership, stock or beneficial interests in any Trustor among the existing partners, members, shareholders or beneficiaries (determined as of the date of this Deed of Trust) of each Trustor so long as the interest of Farid Assemi, including trusts of which he is the acting trustee, is not thereby reduced and further provided that the applicable Trustor's governing documents are not otherwise amended and the management of each Trustor is not changed. Further provided, with respect to each such transfer, Trustor shall provide Beneficiary with advance written notice of such transfers, the transfer shall not be to a plan or in violation of ERISA, the transferee shall not be a prohibited person under the USA Patriot Act, the transfer shall not cause a breach of any of the covenants set forth in the Loan Documents and Trustor shall provide Beneficiary copies of all documents relating to or effectuating such transfer.

Notwithstanding the foregoing, Trustor may grant a security interest in Crops (but not trees, vines or permanent plantings) to secure Trustor's operating financing. Subject to satisfaction of conditions in the Loan Agreement, Beneficiary will subordinate its security interest in Crops to security interests in Crops securing Trustor's operating financing meeting conditions set forth in the Loan Agreement.

Notwithstanding the foregoing, Trustor may transfer water and water inventory to any Affiliate (as defined in the Loan Agreement) or any entity subject to a water supply agreement to which Trustor or an Affiliate is a party, provided that (i) following such transfer, Trustor shall continue to meet its obligations under Section 2.7 hereof, (ii) such water or water inventory shall be used on and solely for the benefit of real property in which Beneficiary or its Affiliates have a security interest, and (iii) any such transfer shall be for the current water year only, shall not impair or reduce the Water Rights and shall not be binding on the Property or any successor to Trustor's interest in the Property following a foreclosure or deed in lieu thereof. Trustor may transfer excess water and water inventory on a temporary basis.

The death of a "Guarantor," as defined in the Loan Agreement, shall not be an Event of Default if any remaining Guarantor(s) collectively meet the Net Worth Requirement (as defined in the Loan Agreement) and at least two of the original Guarantors remain Guarantors with legal control of the Property. If the remaining Guarantor(s) collectively fail to meet the Net Worth Requirement, then the death of any Guarantor shall not be an Event of Default so long as the Trustors or remaining Guarantor(s) within one hundred twenty (120) days of the

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

17

subject event, cause another person or persons to assume the obligations of the deceased Guarantor under the related guaranty and the Unsecured Environmental Indemnity, so that the Guarantors (including any new Guarantor(s)) collectively meet the Net Worth Requirement and have legal control over the Property. For purposes hereof, "legal control" shall mean the power, either directly or indirectly, to exercise the authority of the Trustors as owner of the Property, either as the majority shareholder of the common stock of a corporation, trustee of a trust, the sole general partner of a limited partnership, the managing general partner of a general partnership, or the manager or managing member of a limited liability company. In either case, the Beneficiary shall be promptly advised of the event of death and no replacement Guarantor shall violate Section 6.7 of this Deed of Trust.

> **10.2   Condition to Consent.** As a condition of its consent to any transfer of the Real Property where consent is required under Section 10.1 above and except as provided in Section 3 above or under the Loan Agreement, then in addition to such other conditions as Beneficiary may require, Beneficiary may in its discretion impose a reasonable service charge. Trustor shall pay or reimburse Beneficiary for all costs and expenses incurred by Beneficiary in evaluating or processing a requested transfer, regardless of whether the transfer is consummated, including without limitation title and escrow charges and premiums and attorney's fees and costs.

> **10.3   Effect of Consent.** Consent by Beneficiary to one transfer shall not constitute a consent to other transfers or a waiver of this Section 10. No transfer by any Trustor shall relieve any Trustor of liability for payment of the Indebtedness. Following a transfer, Beneficiary may agree to any extension of time for payment or modification of the terms of this Deed of Trust or the Note or waive any right or remedy under this Deed of Trust or the Note without relieving Trustor from liability. Trustor waives notice, presentment, and protest with respect to the Indebtedness.

**11.   Security Agreement; Security Interest.**

> **11.1   Security Agreement.** This instrument shall constitute a security agreement with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds and Minerals and any other personal property included in the description of the Property, and Trustor hereby grants to Beneficiary a security interest therein.

> **11.2   Security Interest.** Trustor authorizes Beneficiary to file in any relevant jurisdiction any initial financing statements (including fixture filings) and amendments thereto necessary to perfect and continue Beneficiary's security interest in the Property. Upon request by Beneficiary, Trustor shall take whatever other action is reasonably requested by Beneficiary to perfect and continue Beneficiary's security interest in the Property. Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact for the purpose of executing or filing any documents necessary to perfect or continue the security interest

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

18

granted therein. Trustor will reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.

> **11.3**   <u>**Fixture Filing**</u>.  This instrument constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used herein and with respect to any goods or other personal property that may now be or hereafter become such fixtures.  The record owners of the Real Property are as follows:

| **Exhibit A Tracts(s)** | **Owner** |
|---|---|
| Tract One | Maricopa Orchards, LLC |
| Tract Two | 104 Partners, LLC |
| Tract Three | Maricopa Orchards, LLC, as to an undivided 25% interest, and C & A Farms, LLC, as to an undivided 75% interest |
| Tract Four | Betsy Elaine Garcia |

> Trustor shall be deemed the "Debtor" for purposes of the Uniform Commercial Code with the address set forth for Trustor in Section 15.5 hereof.  Beneficiary shall be deemed to be the "Secured Party" with the address set forth for Beneficiary in Section 15.5 hereof and shall have all of the rights of a secured party under the Uniform Commercial Code. This Deed of Trust covers goods which are or are to become fixtures.

> **11.4**   <u>**Representations, Warranties and Covenants**</u>.  Each Trustor hereby represents, warrants, and covenants as follows:

> (a)   each Trustor warrants that (i) such Trustor's (that is, "**Debtor's**") name, identity, and principal place of residence/state of organization are as referred to in the first paragraph of this Deed of Trust, (ii) Trustor has not operated the Property under any other name; and (iii) the location of all tangible personal property collateral is upon the Land.   Trustor covenants and agrees that Trustor will furnish Beneficiary with notice of any change in the matters addressed by clauses (i) or (ii) of this Section 11.4 within thirty (30) days of the effective date of any such change, and Trustor authorizes the filing or recording of any financing statements or other instruments deemed necessary by Beneficiary to prevent any filed financing statement from becoming misleading

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

19

or losing its perfected status. Trustor shall provide to Beneficiary upon request, certified copies of any searches of UCC records deemed necessary or appropriate by Beneficiary to confirm the first priority status of its security interest in the personal property, together with copies of all documents or records reflected therein.

(b)      The security interest held by Beneficiary shall cover cash and non-cash proceeds of the personal property, but nothing contained herein shall be construed as authorizing, either expressly or by implication, the sale or other disposition of any of the personal property by Trustor, which sale or other disposition is hereby expressly prohibited without the Beneficiary's prior written consent, other than sales of crops in the ordinary course of Trustor's farming operations.

(c)      All of the Property is and shall be owned by Trustor, and is not and shall not be the subject matter of any lease or other instrument, agreement or transaction whereby the ownership or beneficial interest thereof or therein shall be held by any person or entity other than Trustor, except to the extent Beneficiary consents in writing to any lease of any of such property, which consent may be withheld or delayed in Beneficiary's sole discretion or such Lease is otherwise permitted hereunder. Trustor shall not create or cause to be created any security interest covering any of the personal property, other than (i) the security interest created herein in favor of Beneficiary, (ii) the rights of tenants lawfully occupying the Property pursuant to Leases approved by Beneficiary, (iii) the Permitted Encumbrances, or (iv) security interests otherwise permitted under the Loan Agreement.

## 11.5   Assignment of Leases.

(a)      As additional collateral and to further secure the Indebtedness and other obligations of Trustor, Trustor does hereby absolutely, presently and irrevocably assign, grant, transfer, and convey to Beneficiary, its successors and assigns, all of Trustor's right, title, and interest in, to, and under all leases, subleases, tenant contracts, rental agreements, franchise agreements, management contracts, water service, sharing and well agreements, storage contracts, construction contracts and other contracts, licenses and permits, map approvals and conditional use permits, whether written or oral, now or hereafter affecting all or any part of the Property, and any agreement for the use or occupancy of all or any part of said Property which may have been made heretofore or which may be made hereafter, including any and all extensions, renewals, and modifications of the foregoing and all extensions, renewals, and modifications of the foregoing and guaranties of the performance or obligations of any tenants thereunder, and all other arrangements of any sort resulting in the payment of money to Trustor or in Trustor becoming entitled to the payment of money for the use of the Property or any part thereof whether such user or occupier is tenant, invitee, or licensee (all of the foregoing hereafter referred to collectively as the "**Leases**" and individually as a "**Lease**", and said tenants, invitees, and licensees are hereafter referred to collectively as "**Tenants**" and individually as "**Tenant**" as the context requires),

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

20

which Leases cover all or portions of the Property; together with all of Trustor's right, title, and interest in and to all income, rents, issues, royalties, profits, rights and benefits and all Tenants' security and other similar deposits derived with respect to the Leases and with respect to the Property, including, without limitation, all base and minimum rents, percentage rents, additional rents, payments in lieu of rent, expense contributions, and other similar such payments and the right to collect the same as they become due, it being the intention of the parties hereto to establish an absolute transfer and assignment of all of the Leases and the Proceeds to Beneficiary, and not just to create a security interest.

        (b)      Trustor hereby represents, warrants, and agrees as follows:

        (i)      Trustor is the sole holder of the landlord's interest under the Leases, is entitled to receive the Proceeds under the Leases and from the Property, and has the full right to sell, assign, transfer, and set over the same and to grant to and confer upon Beneficiary the rights, interests, powers and authorities herein granted and conferred;

        (ii)      Trustor has made no pledge or assignment of the Leases or Proceeds, other than to Beneficiary, and Trustor shall not, after the date hereof, make or permit any such pledge or assignment.

        (c)      Trustor hereby covenants and agrees that Trustor shall authorize and direct, and does hereby authorize and direct, each and every present and future Tenant of the whole or any part of the Property to pay all rentals to Beneficiary from and after the date of receipt of written demand from Beneficiary to do so.

        (d)      Although this Deed of Trust constitutes an absolute, present and current assignment of all Proceeds, as long as no Event of Default as described in Section 13 below on the part of the Trustor shall have occurred, Beneficiary shall not demand that such Proceeds be paid directly to Beneficiary, and Trustor shall have a license to collect, but not more than one (1) month prior to the due date thereof all such Proceeds from the Property (including, without limitation, all rental payments under the Leases).

        **12.**    **Reconveyance on Full Performance**.  If Trustor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file and any other lien, encumbrance or other cloud on title created as a result of this transaction.  The reconveyance and filing fees shall be paid by Trustor.

        **13.**    **Default**.  The following shall constitute Events of Default under this Deed of Trust and other Loan Documents:

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

21

(a)     Failure of Trustor to pay any portion of the Indebtedness when due.

(b)     Failure of Trustor within the time required by this Deed of Trust, but in any event prior to delinquency, to make any payment for taxes, assessments, insurance or for reserves for such payment, or any other payment necessary to prevent filing of or discharge of any lien.

(c)     Transfer (either voluntarily or by operation of law), as defined in Section 10 hereof, of any part or interest in the Property without the prior written consent of Beneficiary except as expressly permitted herein.

(d)     Dissolution, termination of existence, insolvency on a balance sheet basis or business failure of any Trustor, except in connection with a transfer approved by Beneficiary pursuant to Section 10 hereof or unless cured within ten (10) days' notice to any Trustor; the commencement by any Trustor of a voluntary case under the federal bankruptcy laws or under any other federal or state law relating to insolvency or debtor's relief; the entry of a decree or order for relief against any Trustor in an involuntary case under the federal bankruptcy laws or under any other applicable federal or state law relating to insolvency or debtor's relief; the appointment or the consent by any Trustor to the appointment of a receiver, trustee, or custodian of any Trustor or of any of Trustor's property; an assignment for the benefit of creditors by any Trustor; the making or suffering by any Trustor of a fraudulent transfer under applicable federal or state law; concealment by any Trustor of any of its property in fraud of creditors; the making or suffering by any Trustor of a voidable preference within the meaning of the federal bankruptcy law; the imposition of a lien through legal proceedings or distraint upon any of the Property of any Trustor which is not discharged or bonded in the manner permitted by Section 3.2 above.

(e)     Default in the performance or observance of any other covenant, agreement or condition contained herein, in the Note or the other Loan Documents within thirty (30) days after receipt of written notice from Beneficiary specifying the nature of the default, provided however, if such default cannot be cured within the 30-day period, then so long as Trustors have commenced and diligently pursue the cure of the related default, within ninety (90) days following receipt of written notice, and further provided that no notice of default or opportunity for cure shall be required if during the prior twelve (12) months, Beneficiary has already sent a notice to Trustors identifying Trustors' default in performance of the same obligation.

(f)     Any representation or warranty made by Trustors in this Deed of Trust or in any other Loan Document or in any certificate or instrument furnished in connection therewith shall prove to have been false or misleading in any material respect as of the date made, provided that Trustors shall have ten (10) days following the written identification by Beneficiary of the related misrepresentation or breach of warranty to cure the

related misrepresentation if unintentional and if Beneficiary is thereby placed in the same risk position as if the misrepresentation had not been made.

(g)     The occurrence of an event of default under any deed of trust, security agreement, encumbrance, tax lien or assessment or other security instrument encumbering all or any portion of the Property and the expiration of any applicable cure period.

(h)     The occurrence of an Event of Default under the Loan Agreement or any of the other Loan Documents.

**14.     <u>Rights and Remedies on Default</u>.**

**14.1     <u>Remedies</u>.**  Upon the occurrence of any Event of Default and at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies or any other remedies available under applicable law:

(a)     Beneficiary may declare the entire Indebtedness arising under the Loan immediately due and payable.  To the extent the Loan is not so accelerated it shall remain due and payable as stated in the instruments that evidence the same and may be accelerated hereafter if any Event of Default exists under this Deed of Trust.

(b)     The Trustee shall have the right to foreclose any of the property encumbered by this Deed of Trust by judicial foreclosure, in accordance with and to the extent allowed by applicable law.

(c)     Beneficiary may cause the Property to be sold by Trustee as permitted by applicable law.  Before any such trustee's sale, Beneficiary or Trustee shall give such notice of default and election to sell as may then be required by law.  When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, Trustee shall sell the Property, either as a whole or in separate parcels, and in such order as Trustee may determine, at a public auction to be held at the time and place specified in the notice of sale.  Neither Trustee nor Beneficiary shall have any obligation to make demand on Trustor before any trustee's sale.  At any trustee's sale, Trustee shall sell to the highest bidder at public auction for cash in lawful money of the United States.  Any person, including Trustor, Trustee or Beneficiary, may purchase at the trustee's sale.  Trustee shall execute and deliver to the purchaser a deed or deeds conveying the property being sold without any covenant or warranty whatsoever, express or implied. The recitals in any such deed of any matters or facts, including any facts bearing upon the regularity or validity of any trustee's sale, shall be conclusive proof of their truthfulness.  Any such deed shall be conclusive against all persons as to the facts recited in it.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

23

(d)     If this Deed of Trust is foreclosed by judicial procedure, Beneficiary will be entitled to a judgment which will provide that if the foreclosure sale proceeds are insufficient to satisfy the judgment, execution may issue for any amount by which the unpaid balance of the obligations secured by this Deed of Trust exceeds the net sale proceeds payable to Beneficiary.

(e)     With respect to all or any part of the Property that constitutes personalty, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code. Beneficiary shall have the option of proceeding as to the Real Property and all or some of the personal property, separately or together, in accordance with the unified sale procedures set forth in the Uniform Commercial Code as adopted in California.

(f)     Beneficiary shall have the right, without notice to Trustor, to take possession of the Property and collect the Proceeds, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the Indebtedness. In furtherance of this right, Beneficiary may require any tenant or other user to make payments of rent or use fees directly to Beneficiary. If the Proceeds are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligation for which the payments are made, whether or not any proper grounds for the demand existed. Beneficiary may exercise its rights under this paragraph either in person, by agent or through a receiver.

(g)     Beneficiary shall have the right to have a receiver appointed to take possession of any or all of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, to collect the Proceeds from the Property and apply the Proceeds, over and above cost of the receivership, against the Indebtedness. Beneficiary may apply to any court of competent jurisdiction for the appointment of a receiver or receivers for the Property and of all the earnings, revenues, rents, issues, profits and income therefrom, ex parte, without notice, and without regard to the sufficiency or value of any security for the obligations secured hereby or the solvency of any party bound for its payment, the expenses of which shall be secured by this Deed of Trust. The receiver may serve without bond if permitted by law. Beneficiary's right to the appointment of a receiver shall exist whether or not apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Beneficiary shall not disqualify a person from serving as a receiver.

(h)     In the event Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at will of

Beneficiary or the purchaser of the Property and shall pay a reasonable rental for use of the Property while in Trustor's possession.

           (i)     Trustee and Beneficiary shall have any other right or remedy provided in this Deed of Trust, the Loan Documents or any other instrument delivered by Trustor in connection therewith, or available at law, in equity or otherwise whether or not specified herein.

           **14.2**     **Rights of Receiver or Mortgagee-in-Possession**.    Upon taking possession of all or any part of the Property, the receiver or Beneficiary may:

           (a)     Use, operate, manage, control and conduct business on the Property, including harvesting and selling Crops, and make reasonable expenditures for all maintenance and improvements as in its reasonable judgment are proper;

           (b)     Collect the Proceeds from the Property and apply such sums to the expenses of use, operation and management; and

           (c)     At Beneficiary's option, complete any construction or development operations in progress on the Property, and in that connection pay bills, borrow funds, employ contractors and make any changes in plans or specifications as Beneficiary deems appropriate.

If the revenues produced by the Property are insufficient to pay expenses, the receiver may borrow, from Beneficiary (if Beneficiary, in its sole discretion, agrees to lend) or otherwise, or Beneficiary may borrow or advance such sums as the receiver or Beneficiary may deem necessary for the purposes stated in this Section 14.2. The amounts borrowed or advanced shall bear interest from the date of expenditure until repaid at the same interest rate as provided in Section 15.4 below. Such sums shall become a part of the Indebtedness secured by this Deed of Trust and shall be payable by Trustor on demand.

           **14.3**     **Sale of the Property**. In exercising its rights and remedies, the Trustee or Beneficiary may cause all or any part of the Property to be sold as a whole or in parcels, and certain portions of the Property may be sold without selling other portions. This Deed of Trust encumbers real property located in two counties in California and therefore the place of such sale may be held in the county in which the property described in Exhibit A attached hereto is situated or in any one or both of such other counties. Beneficiary may bid at any public sale on all or any portion of the Property.

           **14.4**     **Waiver; Election of Remedies**. A waiver by either party of a breach of a provision of this Deed of Trust shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision. Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy,

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

25

and all remedies of Beneficiary under this Deed of Trust are cumulative and not exclusive. An election to make expenditures or take action to perform an obligation of Trustor shall not affect Beneficiary's right to declare a default and exercise its remedies under this Deed of Trust.

**14.5    Attorneys' Fees; Expenses**.  In the event suit or action is instituted to enforce any of the terms of this Deed of Trust, the prevailing party shall be entitled to recover its reasonable attorneys' fees at trial, on any appeal and on any petition for review, in addition to all other sums provided by law.  Whether or not any court action is involved, all reasonable expenses incurred by Beneficiary that are necessary at any time in Beneficiary's opinion for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest from the date of expenditure until repaid at the same interest rate as provided in Section 15.4 below.  Expenses covered by this paragraph include (without limitation) the cost of searching records, obtaining title reports, surveyors' reports, consultants' fees, attorneys' opinions, title insurance, and fees for the Trustee.  Trustor shall and does hereby agree that, if all or a portion of the principal sum of the Note has, prior to the maturity date fixed in the obligation, become due or been declared due by reason of an Event of Default, the entire amount then due under the terms of this Deed of Trust and the Note shall include all attorneys' fees and costs and expenses which are actually incurred as stated above, notwithstanding the provisions of Section 2924c(d) and Section 2924d of the California Civil Code.

**14.6    Recourse**.  Each Trustor shall be fully and personally liable on a joint and several basis for the payment of the Indebtedness and performance of the Loan Documents.  However, in the event of foreclosure of this Deed of Trust or other enforcement of the collection of the Indebtedness, Beneficiary agrees, and any holder hereof shall be deemed by acceptance hereof to have agreed, not to pursue or obtain a deficiency against the Non-Borrower Trustors with respect to said Indebtedness.

**15.    Miscellaneous**.

**15.1    Time of Essence**.  Time is of the essence of this Deed of Trust.

**15.2    Binding Upon Successors and Assigns**.  Subject to the limitations stated in this Deed of Trust on transfer of Trustor's interest and subject to the provisions of applicable law with respect to successor trustees, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. All of the grants, covenants, terms, provisions and conditions herein contained shall run with the Real Property and shall apply to, bind and inure to the benefit of, the successors and assigns of Trustor and Beneficiary.

**15.3    Security Agreement**.  In construing this Deed of Trust, the term "Deed of Trust" shall encompass the term "security agreement" when the instrument is being construed with respect to any personal property.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

26

**15.4    Expenditure by Beneficiary**.  If Trustor fails to comply with any provision of this Deed of Trust, Beneficiary may elect to take the required action on Trustor's behalf, and any amount that Beneficiary expends in so doing shall be added to the Indebtedness.  Amounts so added shall be payable on demand with interest from the date of expenditure at the Default Interest Rate provided in the Note, but in any event not at a rate higher than the maximum rate permitted by law.   Such action by Beneficiary shall not constitute a cure or waiver of the default or any other right or remedy which Beneficiary may have on account of Trustor's default.

**15.5    Notices**.  Any notice under this Deed of Trust shall be in writing and shall be effective when either delivered in person or, if mailed, shall be deemed effective on the second day after deposited as registered or certified mail, postage prepaid, addressed to the parties at the following addresses:

| | |
|---|---|
| If to Beneficiary: | MetLife Insurance Company USA<br>10801 Mastin Street., Suite 930<br>Overland Park, KS 66210<br>Attn: SSU Director |
| And a copy to: | MetLife Insurance Company USA<br>Agricultural Investments<br>10801 Mastin Street., Suite 930<br>Overland Park, KS 66210<br>Attn:  Law Department |
| And a copy to: | MetLife Insurance Company USA<br>Agricultural Investments<br>205 E. River Park Circle, Suite 430<br>Fresno, CA 93720<br>Attn:  Director, WRO |
| If to Trustor: | 104 Partners, LLC<br>ACDF, LLC<br>C & A Farms, LLC<br>Maricopa Orchards, LLC<br>1306 West Herndon Avenue, Suite 101<br>Fresno, CA 93711<br>Attn: Mr. Farid Assemi, Ms. Jennifer Reisz<br>Mr. Jon Reiter |

Any party may change its address for notices by written notice to the other.  Notices may be given by facsimile transmission if a hard copy is also delivered thereafter, with such notice to

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

27

be effective when received during business hours or the next business day following facsimile receipt if received outside of business hours.

     **15.6**   **Homestead Rights**.  Trustor expressly waives any and all homestead and exception rights now or hereafter available under California or Federal law.

     **15.7**   **Invalid Provisions to Affect No Others**.  If any of the provisions contained in the Note or this Deed of Trust shall be invalid, illegal or unenforceable in any respect, the validity of the remaining provisions in this Deed of Trust and the Note shall not be affected.

     **15.8**   **Changes in Writing**.  This Deed of Trust and any of its terms may only be changed, waived, discharged or terminated by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought. Any agreement subsequently made by Trustor or Beneficiary relating to this Deed of Trust shall be superior to the rights of the holder of any intervening lien or encumbrance.

     **15.9**   **Applicable Law**.  The laws of the State of California shall be applicable for the purpose of construing and determining the validity of this Deed of Trust and for determining the rights and remedies of Beneficiary on default.

     **15.10**   **Joint and Several**.  Subject to limitation on recourse set forth in Section 14.6 hereof, the obligations of each person comprising Trustor hereunder shall be joint and several.

     **15.11**   **Waivers of Multiple Trustors and Non-Borrower Trustors**.  Each Trustor hereby waives: (a) any right it may have to require Beneficiary to proceed against any other Trustor, proceed against or exhaust any security held from any Trustor, or pursue any other remedy in Beneficiary's power to pursue, (b) any defense based on any legal disability of any Trustor, any discharge or limitation of the liability of any Trustor to Beneficiary, whether consensual or arising by operation of law or any bankruptcy reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Trustor's obligations exceed or are more burdensome than those of any other Trustor, (c) all presentments, demands for performance, notices of nonperformance, protests, notice of protest, notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation or incurring of new or additional indebtedness of Borrower, and demands and notices of every kind, (d) any defense based on or arising out of any defense that any Trustor may have to the payment or performance of the Indebtedness or any part thereof, and (e) all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U.S. Code) or any successor statute, all rights to enforce any remedy that the Beneficiary may have against any Trustor, and all rights to participate in any security now or later held by Beneficiary for the Indebtedness. Each Trustor specifically waives all rights and

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

28

defenses that Trustor may have because the Indebtedness is secured by real property. This means, among other things: (i) Beneficiary may exercise any rights or remedies which Beneficiary has or may have against the any portion of the Property without first foreclosing on any real or personal property collateral pledged by any particular Trustor; and (ii) if Beneficiary forecloses on any real property collateral pledged by any Trustor: (A) the amount of the Indebtedness may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) Beneficiary may exercise its rights and remedies against all or any portion of the Property even if Beneficiary, by foreclosing on any real property collateral pledged by a particular Trustor, has destroyed any right another Trustor may have to collect from that particular Trustor. This is an unconditional and irrevocable waiver of any rights and defenses each Trustor may have because the Indebtedness is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d or 726 of the California Code of Civil Procedure or similar laws in other states.

    **15.12  Personal Liability of Non-Borrower Trustors**.  The liability of each Non-Borrower Trustor under this Deed of Trust shall be limited to its respective interest in the Property.  Non-Borrower Trustors shall not be entitled to acquire any greater interest in the Property than in existence as of the date of this Deed of Trust, and any transfer to Non-Borrower Trustors of a greater interest shall be a prohibited transfer under Section 10.1 above.

    **15.13  Multiple Counterparts**.  This Deed of Trust shall be executed in multiple counterparts to enable it to be recorded contemporaneously in the two counties in California in which the real property encumbered hereby is situated, and all of such counterparts shall constitute but one and the same instrument and lien that include and encumber all of such portions (and not as separate grants of or liens against such portions).

    **15.14  Exhibits**.  The following exhibits are attached to this Deed of Trust and incorporated herein by reference:

| | | |
|---|---|---|
| Exhibit A | - | Real Property Description |
| Exhibit A-1 | - | Certain Agreements Related to Water Rights |

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

29

IN WITNESS WHEREOF, each party comprising Trustor has executed this Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing for the benefit of Beneficiary as of the date first above written.

**In accordance with Section 2924b, Civil Code, the undersigned Trustor requests that a copy of any Notice of Default and a copy of any Notice of Sale under this Deed of Trust be mailed to Trustor at Trustor's address hereinbefore set forth.**

TRUSTOR:

104 PARTNERS, LLC,
a California limited liability company

By: _____
    Farid Assemi, as trustee of the Amended and
    Restated Farid Assemi Revocable Trust dated
    March 2, 2010, Its General Manager

By: _____
    Farshid Assemi, as trustee of the Amended and
    Restated Farshid Assemi and Sonia Rosemary
    Assemi Revocable Trust dated March 2, 2010,
    Its General Manager

By: _____
    Sonia Rosemary Assemi, as trustee of the
    Amended and Restated Farshid Assemi and
    Sonia Rosemary Assemi Revocable Trust dated
    March 2, 2010, Its General Manager

By: _____
    Darius Assemi, as trustee of the Amended and
    Restated Darius Assemi Revocable Trust dated
    March 2, 2010, Its General Manager

*[Signatures continue on following page]*

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

C & A FARMS, LLC,
a California limited liability company

By: _____
Farid Assemi, General Manager

By: _____
Farshid Assemi, General Manager

By: _____
Darius Assemi, General Manager


ACDF, LLC,
a California limited liability company

By: _____
Farid Assemi, General Manager

By: _____
Farshid Assemi, General Manager

By: _____
Darius Assemi, General Manager


*[Signatures continue on following page]*

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

31

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
    Farid Assemi, General Manager

By: _____
    Farshid Assemi, General Manager

By: _____
    Darius Assemi, General Manager


_____
BETSY ELAINE GARCIA

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

32

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )ss.
COUNTY OF _Fresno_           )

On _2-24_____, 2017, before me, _D Filipponi_____, a Notary Public, personally appeared <u>Farid Assemi</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
********************
*  D. FILIPPONI    *
*  Commission # 2062551  *
*  Notary Public - California  *
*  Fresno County   *
*  My Comm. Expires Apr 24, 2018  *
********************
```

Signature: _D Filipponi_____
                   Notary Public in and for said
                   County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

33

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )

COUNTY OF Fresno )ss.
)

On 2-24 , 2017, before me, D Filipponi , a Notary Public, personally appeared Farshid Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: D Filipponi

Notary Public in and for said
County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

34

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF ~~Fresno~~                   )

On ___2-24___, 2017, before me, ___D Filipponi___, a Notary Public, personally appeared <u>Sonia Rosemary Assemi</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity~~(ies)~~, and that by ~~his~~/her/~~their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018
```

Signature: ___D Filipponi___
_____
Notary Public in and for said
County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

35

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                        )ss.
COUNTY OF _Fresno_                     )

On _____2-24_____, 2017, before me, _D Filipponi_, a Notary Public, personally appeared <u>Darius Assemi</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.



I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: _D Filipponi_
_____
Notary Public in and for said
County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

36

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                   )ss.
COUNTY OF Fresno                   )

On 2 - 24 , 2017, before me, D Filipponi , a Notary Public, personally appeared Betsy Elaine Garcia, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: D Filipponi

Notary Public in and for said County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

37

**EXHIBIT A**
**TO**
**DEED OF TRUST, SECURITY AGREEMENT,**
**ASSIGNMENT OF RENTS AND LEASES, AND FIXTURE FILING**

The following land situated in Kern County, State of California:

**TRACT ONE:**

The Southeast quarter of the Northeast quarter of Section 29, Township 32 South, Range 26 East, M.D.B. & M.

EXCEPTING, however, from the above described Parcel all minerals of whatsoever nature (including but not limited to oil, gas, other hydrocarbons and associated substances) in, under of which may be produced therefrom, together with all rights and privileges of ingress, egress, use and occupancy of, upon and within the surface and subsurface thereof as the owner of the aforesaid minerals may from time to time deem necessary or convenient in connection with the exploration, development and operation of said Parcel for the aforesaid minerals and the storing, handling, treating and transportation thereof, all without liability whatsoever to Grantee, her heirs, legal representatives, successors, or assigns, and all as conveyed by Grantor to SoniCo, Inc., a Delaware corporation, by Mineral Deed dated February 28, 1967 and recorded in Book 4030, at Page 28, Official Records of said County.

APN: 295-230-03

**TRACT TWO:**

PARCEL ONE:

The Southwest quarter of Section 33, Township 25 South, Range 24 East, M.D.B.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.
Except that portion of Final Order of Condemnation recorded December 30, 1975 in Book 4931 Page 2128, described as the surface and upper 200 feet of the subsurface of the West 175 feet of the Southwest quarter of said Section 33;

Also except the surface and upper 200 feet of the subsurface of the West 295 feet of the South 290 feet of the Southwest quarter of said Section 33, except the Westerly 175 feet thereof;

Excepting and reserving therefrom all oil, gas, minerals and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without however, the right to enter in

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A - Page 1

and upon in any manner or in any manner explore, produce, or operate in or through the surface of the upper 200 feet of said fee simple Parcels, or do any other act in such manner as to interfere, directly or indirectly, with the primary purpose for which said Parcels were acquired or for which said Parcels are then being used;

Further excepting from Pond-Poso Canal right of way, as finally constructed and as shown upon the as-built drawings on file in the District, and reserving unto persons having an interest in the lands herein to be condemned, their successors in interest, a right appurtenant to the remainder of the land of which the part taken was a part, a right of way for purposes of ingress and egress over and along a strip of land approximately 20 feet in width lying within, parallel and adjacent to the right and left right of way line, of said Pond-Poso Canal, together with the privilege to cross said Pond-Poso Canal right of way at such crossings as are provided;

Further excepting from said Pond-Poso Canal right of way and reserving unto the persons having an interest in said Parcel, their successors in interest, a right appurtenant to the remainder of the lands of which that part taken was a part, the privilege of ingress and egress across those certain road crossings approximately 20 feet in width to be constructed and maintained by District; said road crossings to be located at approximately Pond-Poso Canal Stations 875+19 and 901+07 approximately 40 feet Northerly along said Canal centerline from the South boundary and at the intersection of said centerline of the North boundary, respectively, of the Southwest quarter of said Section 33, provided, however, that such privilege shall not be exercised by means other than the hereinabove described road crossings, and shall be exercised in such manner as to have due regard for the safety of said road crossing and so as not to interfere with the primary purpose for which said Parcel was acquired or for which said Parcel is then being used. Provided further, however, District, its successors and assigns, retain the right, at any time, and from time to time, to restrict access thereto for the purpose of preventing the creation of an easement or prescriptive right in the public for the use of said structure for ingress or egress or related purposes.

Further excepting therefrom that portion granted to the Semitropic Improvement District of Semitropic Water Storage District in deed recorded September 17, 2014 as Instrument No. 0214113265, being an area of land, described as the East 50 feet of the West 1,394.50 feet of the South 50 feet of the North 95 feet of the Southwest quarter of said Section 33;

Excepting and reserving therefrom all oil, gas minerals, and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without, however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in and through the surface of the upper 200 feet of said fee simple parcel.

APN: 047-340-36

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A - Page 2

PARCEL TWO:

The Southwest quarter of the Northwest quarter of Section 33, Township 25 South, Range 24 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Except therefrom the surface and upper 200 feet of the sub-surface of the West 175 feet of the Southwest quarter of the Northwest quarter of said Section 33, as acquired by Pond-Poso Improvement District of Semitropic Water Storage District, a California Water Storage District, in the Final Order of Condemnation arising from Superior Court Case No. 132129, recorded June 4, 1976 in Book 4960 Page 1549 of Official Records.

Also excepting all oil, gas, other hydrocarbon substances and minerals in and under said land reserved by Bank of America National Trust and Savings Association, as Trustee of Trust #10-10-021-5-003730 and #10-010-021-E-201210, by merger with Security Pacific National Bank, a National Banking Association, and Lionel A. Matthes, Jr., as successor Trustee of the Lionel A. Matthes Inter-Vivos, u/a dated July 6, 1981 and Ronald R. Stolteben and Lola Kimbrell Stolteben, as co-Trustees of the Stolteben Trust dated January 8, 1993, who acquired title as Lola Kimbrell Stolteben, as Trustee of the Stolteben Trust dated January 8, 1993.

APN: 047-340-13

PARCEL THREE:

Parcel 45, as shown on that certain map entitled "Parcel Map No. 9974", filed for record November 24, 1993, in Book 46, Page 4 of Parcel Maps, in the Office of the County Recorder of Kern County and certificates of correction thereto recorded January 7, 1994 as Instrument Nos. 1994003489; 1994003490 and 1994003491 and March 16, 1995 as Instrument No. 1995-32909 of Official Records of Kern County.

Except all minerals, and all gas, petroleum and other hydrocarbon substances in and under said property as reserved in the certain Grant Deed dated August 16, 1972, by and between Tejon Ranch Co., as Grantor, and Tejon Agricultural Partners, a limited partnership, as Grantee, recorded on August 16, 1972 in Book 4712, Page 24 of Official Records, County of Kern, State of California.

APN: 238-400-43-00

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A - Page 3

**TRACT THREE:**

PARCEL ONE:

The Southeast 1/4 of Section 25, Township 32 South, Range 26 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPT an undivided 1/2 interest in and to all oil, gas and other hydrocarbon substances and minerals within or underlying said land, as reserved in Deed from W.L. Scally, a single man, recorded January 2, 1958 in Book 2887, Page 454 of Official Records.

ALSO EXCEPT an undivided 1/8 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-050-17

PARCEL TWO:

The Fractional Southwest 1/4 of Section 30, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Records of Survey, in the Office of the County Recorder of said County.

EXCEPT an undivided 1/2 interest in and to all oil, gas, petroleum and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as reserved in deed from Amalie Durkin, dated September 25, 1952 recorded October 17, 1952 in Book 1995, Page 263 of Official Records.

ALSO EXCEPT an undivided $^1/_4$ interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted in Deed from R.L. Sanders, and Ruth Sanders, his wife, to Calflax Company, a California corporation dated November 9, 1959, recorded December 3, 1959 in Book 3217, Page 331 of Official Records.

ALSO EXCEPT an undivided 1/8th interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted by South Lake Farms, a corporation, in deed recorded April 4, 1973 in Book 4778, Page 1355 of Official Records.

ALSO EXCEPT an undivided 1/32 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/16th interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-130-02

PARCEL THREE:

Easements for vehicular and pedestrian ingress and egress and also for underground electrical, power, telecommunications and water utilities as more particularly described in Grants of Easements Agreement dated October 17, 2014, executed by and between TBS Properties, LLC, a California limited liability company, Security F.S.E. Two-Hundred and Twenty- One, Inc., a California corporation and Security F.S.E. Two-Hundred and Twenty- Two, Inc., a California corporation recorded October 21, 2014 as Document No. 000214130740 of Official Records.

The following land situated in Fresno County, State of California:

**TRACT FOUR:**

The Northwest 1/4 of Section 35, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom 12.5 percent of all oil, gas, mineral, and other hydro-carbon substances as reserved by Richard Z. Lamberson and Jean H. Lamberson in Deed recorded January 20, 1982 in Book 7847 Page 529, Document Number 5481, Fresno County Records.

APN: 038-210-25-S

**EXHIBIT A-1**
**TO**
**DEED OF TRUST, SECURITY AGREEMENT,**
**ASSIGNMENT OF RENTS AND LEASES, AND FIXTURE FILING**

<u>**Certain Agreements Related to Water Rights**</u>

1.   Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as successor in interest to Ingrid Shattuck, dated January 12, 1970, and recorded on January 20, 1970 in Book 4358, Page 610 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

2.   Contract between Wheeler Ridge-Maricopa Water Storage District and 104 Partners, LLC, as successor in interest to Tejon Ranch Co., recorded on January 20, 1970 in Book 4358, Page 858 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

3.   Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as successor in interest to Thomas F. Walsh and Judith C. Walsh, husband and wife, as to a 75% interest, and C & A Farms, LLC, as successor in interest to Thomas F. Walsh and Judith C. Walsh, husband and wife, as to a 25% interest, recorded on August 9, 1973 in Book 4798, Page 1581 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

4.   Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as to an undivided 25% interest, and C & A Farms, LLC, as to an undivided 75% interest, as successor in interest to J. Stanley and Kathleen E. Antongiovanni, husband and wife as joint tenants, recorded on May 4, 2006, under Recorder's Serial No. 0206110225, in the Official Records of Kern County, California, as amended, assigned and modified from time to time.

5.   Contract with Pond-Poso Improvement District of Semitropic Water Storage District recorded December 30, 1974 in Book 4874, Page 1978 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

6.   Contract with Pond-Poso Improvement District of Semitropic Water Storage District recorded February 6, 1976 in Book 4880, Page 1327 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

Exhibit A-1 – Page 1

7.    Well Sharing Agreement with Semitropic Improvement District of Semitropic Water Storage District dated May 9, 1974, and memorialized in that certain Memorandum of Agreement recorded September 16, 2014 under Recorder's Serial No. 0214112636, in the Official Records of Kern County, California, as amended, assigned and modified from time to time.

8.    Contract with Westlands Water District recorded December 15, 1975 in Book 6523, Page 802 of the Official Records of Fresno County, California, as amended, assigned and modified from time to time.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A-1 – Page 2

**Deed of Trust**
Kern

Jon Lifquist, Assessor-Recorder
Kern County Official Records

TT
2/28/2017
08:41 AM

Recorded at Request of
Old Republic Title Company

141100771q

AFTER RECORDING, MAIL TO:

MetLife Insurance Company USA
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California 93720
Attn: Director, WRO

Loan Nos. 198718

Recorded Electronically by:
704  Old Republic Title Company

DOC#:  000217026054



000217026054

| Stat Types: 3 | Pages: 44 |
|---|---|
| FEES | 195.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 195.00 |

Electronically Recorded

ORIGINAL

_____

Space Above this Line for Recorder's Use

**DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND
LEASES AND FIXTURE FILING**
*(This Deed of Trust is executed in two original counterparts for concurrent recording in
Fresno and Kern Counties, California)*

**DATED:**          February __, 2017

**BY:**          **104 PARTNERS, LLC**, a California limited liability company
              **ACDF, LLC**, a California limited liability company
              **C & A FARMS, LLC**, a California limited liability company
              **MARICOPA ORCHARDS, LLC**, a California limited liability company
              **BETSY ELAINE GARCIA**, a married woman as to her sole and separate
              property

              **Having an address of:**
              **1306 West Herndon, Suite 101**
              **Fresno, CA 93711**                                    **TRUSTOR**

**TO:**          **LEON A. MORENO**                              **TRUSTEE**
              **Having an address of:**
              **205 East River Park Circle, Suite 430**
              **Fresno, CA  93720**

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

1

Recorded at Request of
Old Republic Title Company

1411007719

AFTER RECORDING, MAIL TO:

MetLife Insurance Company USA
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California 93720
Attn: Director, WRO

Loan Nos. 198718

---

<u>Space Above this Line for Recorder's Use</u>

**DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF RENTS AND
LEASES AND FIXTURE FILING**
*(This Deed of Trust is executed in two original counterparts for concurrent recording in
Fresno and Kern Counties, California)*

**DATED:**      February _____, **2017**

**BY:**        **104 PARTNERS, LLC, a California limited liability company
ACDF, LLC, a California limited liability company
C & A FARMS, LLC, a California limited liability company
MARICOPA ORCHARDS, LLC, a California limited liability company
BETSY ELAINE GARCIA, a married woman as to her sole and separate
property**

**Having an address of:
1306 West Herndon, Suite 101
Fresno, CA 93711**                                                      **TRUSTOR**

**TO:**        **LEON A. MORENO**                                        **TRUSTEE**
**Having an address of:
205 East River Park Circle, Suite 430
Fresno, CA  93720**

Deed of Trust
104 Partners, et.al.                                    1
Loan No. 198718
89923618.5 0053564-00282

**FOR THE BENEFIT OF:**

        **METLIFE INSURANCE COMPANY USA,**      **BENEFICIARY**
        **a Delaware corporation**
        **Having an address of:**
        **10801 Mastin Street, Suite 930**
        **Overland Park, KS 66210**
        **Attn: SSU Director**

**With a copy to:**

        **MetLife Insurance Company USA**
        **Agricultural Investments**
        **205 E. River Park Circle, Suite 430**
        **Fresno, CA 93720**
        **Attn: Director, WRO**

**With a copy to:**

        **MetLife Insurance Company USA**
        **Agricultural Investments**
        **10801 Mastin Street, Suite 930**
        **Overland Park, KS 66210**
        **Attn: Law Department**

This Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing (this "**Deed of Trust**") is made and entered into as of February *28*, 2017, by and among 104 PARTNERS, LLC, a California limited liability company ("**104 Partners**"), ACDF, LLC, a California limited liability company ("**ACDF**"), C & A FARMS, LLC, a California limited liability company ("**C & A Farms**"), MARICOPA ORCHARDS, LLC, a California limited liability company ("**Maricopa Orchards**"), and BETSY ELAINE GARCIA, a married woman, ("**Garcia**"), collectively as Trustor (collectively, "**Trustor**") to LEON A. MORENO, as Trustee ("**Trustee**"), for the benefit of METLIFE INSURANCE COMPANY USA, a Delaware corporation, as Beneficiary ("**Beneficiary**").

Each of the parties comprising Trustor is the fee or leasehold estate owner of a portion of the real property located in Fresno and Kern Counties, California described on attached Exhibit A and as designated thereon (the "**Land**"). Garcia is referred to herein as the "**Non-Borrower Trustor**". As used herein, "**Borrower**" refers to 104 Partners, ACDF, C & A Farms and Maricopa Orchards, collectively.

Beneficiary has agreed to make a loan (the "**Loan**") to Borrower, jointly and severally, in the original principal amount of up to Eleven Million Four Hundred Thousand and 00/100 Dollars ($11,400,000.00) on certain terms and conditions. The Loan will be disbursed and

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

2

shall be repayable with interest according to the terms of that certain Promissory Note dated as of even date herewith made by Borrower to the order of Beneficiary in the original principal amount of up to $11,400,000.00 (together with any renewals, extensions or modifications thereof, the "**Note**")

The proceeds of the Note may be advanced in multiple disbursements, a portion of which may be used to fund the development of improvements on the Land.

Certain additional terms and conditions regarding the Loan are set forth in a Loan Agreement dated of even date herewith executed by Borrower for the benefit of Beneficiary (as amended from time to time, the "**Loan Agreement**") and additional collateral is provided under the terms of the other "**Collateral Documents**" described in the Loan Agreement. This Deed of Trust, the Note, the Loan Agreement, the Collateral Documents and all assignments, guaranties, indemnities and any other related documents, as amended from time to time, are collectively herein referred to as the "**Loan Documents**."

The term "**Indebtedness**" as used in this Deed of Trust shall mean:

(a)     The principal, interest and other amounts payable under the Note or the Loan Agreement;

(b)     Any other amounts that Beneficiary may in its discretion loan to any Trustor, with interest thereon, under a written agreement stating that they are intended to be secured hereby;

(c)     Any amounts expended or advanced by Beneficiary to protect or preserve the Property or the lien created hereby on the Property or to discharge obligations of Trustor hereunder or under any of the other Loan Documents or expenses incurred by Beneficiary or Trustee to enforce obligations of Trustor, as permitted under the Loan Documents (but excluding the Unsecured Indemnity Agreement dated as of even date herewith);

(d)     Prepayment premiums as described in the Note; and

(e)     All other obligations owing to Beneficiary under the terms of this Deed of Trust and the Loan Agreement.

FOR VALUE RECEIVED, and in order to secure the Indebtedness and other obligations of Trustor hereafter set forth, Trustor irrevocably and jointly and severally grants, assigns, transfers and conveys to Trustee IN TRUST WITH THE POWER OF SALE for the benefit of Beneficiary, all of Trustor's right, title and interest, now held or hereafter acquired in and to the following:

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

3

A.     The Land, together with all estates, rights, title, interest and estate of Trustor in and to said property including without limitation all oil, gas and mineral rights with respect to the Land and all appurtenances and entitlements (the "**Real Property**").

B.     All buildings, structures and improvements of every nature whatsoever now or hereafter affixed, attached to or incorporated in the Real Property, including, without limitation, (i) all houses, barns, sheds, warehouses, pumphouses, bunkhouses, mobile homes, modular homes, hothouses and all other buildings, (ii) grain bins, silos, storage bins, metal sheds and buildings, water towers, utility and pipelines, and windmills, (iii) all towers, fences, gates and posts, (iv) all electric, water and gas lines, wiring, pipe and equipment together with meters, transformers, switch boxes, fuse panels, circuit breakers, timing devices, thermostats and control valves, (v) controlled atmosphere equipment, if any, and (vi) all additions, substitutions and replacements thereof now or hereafter owned by Trustor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Real Property, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Real Property as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by this Deed of Trust.

C.     All present and future income, rents, issues, profits and revenues of the Real Property and the Crops from time to time accruing (including, without limitation, all payments under leases or tenancies, unearned premiums on any insurance policy carried by Trustor for the benefit of Beneficiary and/or the Real Property, tenant security deposits, escrow funds and all awards or payments, including interest thereon and the right to receive same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of any part or all of the Real Property or payment for alteration of the grade of any road upon which said Real Property abuts, or any other injury to, taking of or decrease in the value of said Real Property to the extent of all amounts which may be owing on the indebtedness secured by this Deed of Trust at the date of receipt of any such award or payment by Trustor, and the reasonable attorneys' fees, costs and disbursements incurred by Beneficiary in connection with the collection of such award or payment), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law or in equity, of Trustor of, in and to the same (the "**Proceeds**"); reserving only the right to Trustor to collect the same as long as no default or Event of Default as defined in Section 13 below shall have occurred.

D.     All improvements, equipment and fixtures now owned or hereafter acquired by the Trustor that now or hereafter are located on, affixed or attached to, or incorporated in the Real Property or the improvements thereon, or used in connection therewith, wherever located, including (i) all wells, irrigation and drainage pumps, motors, pipes, sprinklers, drip line and emitters, filters, water measurement, meters and control structures and other irrigation equipment, (ii) appliances, pool equipment, and affixed furnishings, (iii) all trellises,

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

4

fences, wind machines and other frost protection equipment, (iv) all trees, vines and other permanent plantings, and (v) all additions, substitutions for, or replacements of, the foregoing (the "**Improvements**").

      E.      All rights of any Trustor or the Real Property to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter appurtenant or attributable to the Real Property, including: (a) all water allocations, water banking interests, carryover rights, supplemental water, water banking rights and interests, distribution rights, delivery rights, storage and exchange rights, drainage rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies, water banks, private parties or otherwise, together with all shares of stock or general intangibles evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (b) all water and water inventory in storage and any interest in the related storage facility or bank; (c) all easements, permits, licenses, contracts, leases, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water including without limitation any such agreements or easements referenced in Exhibit A or Exhibit A-1; (d) all rights under well, pump and filter sharing agreements, and other contracts and licenses relating to the use of water on the Real Property including without limitation those more particularly described on Exhibit A-1; and (e) all rights under water service and delivery contracts now or hereafter relating to the Real Property as described on Exhibit A-1 attached hereto and incorporated herein and all replacements, amendments and extensions thereof (the rights and interests described in this paragraph E will be referred to collectively as the "**Water Rights**"). Notwithstanding the foregoing, except to the extent (x) any of foregoing Water Rights are no longer in effect and Trustor acquires any of the assets described in clauses (i) – (iii) below for purposes of replacing or substituting any of such Water Rights no longer in effect, and (y) any of the assets described in clauses (i) – (iii) below constitute the products or proceeds of any of the foregoing Water Rights, the "Water Rights" shall not include, and Beneficiary shall have no security interest in the following:

      (i)      short term or long term contracts for the purchase of water by a Trustor from sources not, as of the date of this Deed of Trust, subject to contract for the delivery of water to any Trustor or any portion of the Real Property and the water subject to such contracts, so long as the Water Rights are not thereby reduced in either right, supply or priority; and

      (ii)      water made available to Trustor through the acquisition of either additional land (not subject to this Deed of Trust) or through the use of water allocations available to existing land owned by any Trustor but not subject to this Deed of Trust.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

5

F.     All minerals or rights to minerals owned by Trustor, whether solid, liquid or gaseous (or a mixture), whether valuable or not, and whether or not known to exist under the Real Property, together with full rights of ingress and egress and use of the surface to the extent reasonably necessary for the purpose of exploring, drilling, mining, developing, producing, storing, removing, treating and transporting said minerals ("**Minerals**").

G.     All estates, tenements, hereditaments, privileges, easements, franchises, licenses, permits and other rights appurtenant to the Real Property, including: (a) all rights, permits, licenses, and other entitlements authorizing Trustor to use the Property as it presently is being used or as Trustor intends to use it, or both, (b) all rights of way used in connection therewith or as a means of access thereto, (c) the U.S. Department of Agriculture, Farm Services Agency ("**FSA**") crop base and any similar governmental entitlements from time to time allocated to the Real Property, (d) all rights to drain the Real Property and to dispose of irrigation water from the Real Property, together with all drainage easements and rights in drainage districts, (e) all rights in cooperative associations for milling, ginning, grinding, storage, and marketing of crops and produce from the Real Property (the rights and interests described in this paragraph will be referred to as the "**Appurtenant Rights**").

H.     All rights and/or interest arising under all contracts, leases, permits, options, licenses, plans or intangible property now or hereafter related to or affecting the Real Property (the "**Intangibles**"), including, without limitation, the following leases and options (collectively, the "**Ground Leases**"): (i) that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company, as landlord, and ACDF, LLC, a California limited liability company, as tenant (Ludy), that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company, as landlord, and ACDF, LLC, a California limited liability company, as tenant (Laval - Cattani), and (ii) that certain Agricultural Lease dated as of August 5, 2016 between Betsy E. Garcia as landlord and Cantua Orchards, LLC, a California limited liability company as tenant (Mollring).   The lessors under the Ground Leases are collectively referred to herein as the "**Ground Lessors**", and the Ground Lessors and ACDF, LLC and Cantua Orchards, LLC are collectively referred to herein as the "**Lease Parties**".

I.     All crops now or hereafter grown, growing or to be grown on the Real Property, including, without limitation, harvested crops, farm products, seed and propagative portions of plants (the "**Crops**").

J.     All intellectual property rights now or hereafter held by Trustor with respect to trees or other permanent plantings now or hereafter growing on the Real Property, including, without limitation, all trademarks, patents or patent licenses.

K.     All accessions, parts, or additions to and all replacements of and substitution for any of the property described in the preceding clauses.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

6

L.      All products of any of the property described on the preceding subparagraphs and all proceeds (including insurance proceeds) from the sale or other disposition of any of the property described in the preceding clauses; provided, that by accepting a security interest in proceeds Beneficiary does not consent to sale or other disposition of any of the foregoing.

The personal property and the Real Property described in paragraphs A through L above are referred to collectively as the "**Property**."

Trustor grants to Beneficiary a security interest in the Crops, Proceeds, Minerals, Water Rights, Intangibles, Improvements, and all accounts, general intangibles, inventory, goods and instruments evidencing or constituting proceeds of the foregoing Property, together with all other of the foregoing constituting personal property.

This Deed of Trust, the assignment of the Proceeds and security interest are given to secure payment of the Indebtedness and performance of all obligations of Trustor under the Loan Documents (excepting the obligations under the Unsecured Indemnity Agreement dated as of even date herewith) and are given and accepted on the following terms and conditions which Trustor will promptly and faithfully observe and perform:

1.      **Payment and Performance**.  Trustor shall pay to Beneficiary promptly when due all amounts, payment of which is secured by this Deed of Trust, and shall strictly perform all obligations imposed upon Trustor by this Deed of Trust.

2.      **Possession and Maintenance of the Property**.

2.1      **Possession**.   Prior to an Event of Default, Trustor may remain in possession and control of and operate and manage the Property and collect the Proceeds from the Property.

2.2      **Duty to Maintain**.   Trustor shall maintain the Property in good condition and promptly perform all repairs and maintenance necessary to preserve its value. The agricultural portion of the Real Property shall be cultivated in accordance with good husbandry practices and all farming and property operations shall be conducted in such manner as to prevent deterioration of the Property, except for reasonable wear and tear from proper use.  Without limiting the foregoing, Trustor shall operate and maintain the trees, vines and fixtures on the Real Property in accordance with good agricultural and business practice prevailing in the respective counties in which the Real Property is located.

2.3      **Nuisance, Waste**.  Trustor shall not conduct or permit any nuisance and shall not commit or suffer any waste on the Real Property.

2.4      **Removal of Improvements**.   Trustor shall maintain and shall not demolish or remove any Improvements from the Real Property without the prior written

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

7

consent of Beneficiary, except for the replacement of permanent plantings and other Improvements in the ordinary course of business with permanent plantings or other improvements of at least comparable value and utility, and free of any liens (other than the lien of this Deed of Trust). Beneficiary shall consent if Trustor makes arrangements satisfactory to Beneficiary to replace any material improvement which Trustor proposes to remove with one of at least equal value and functionality. Trustor may sell or transfer *de minimis* portions of the equipment used as part of the Improvements in the ordinary cause of business so long as immediately replaced with like equipment of equivalent value and functionality, free of liens.

> **2.5** **Compliance with Governmental Requirements**. Trustor shall promptly comply with all laws, ordinances and regulations of all governmental authorities applicable to the use or occupancy of the Property. Trustor may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Beneficiary's interest in the Property is not jeopardized.

> **2.6** **Duty to Protect**. Trustor shall do all other acts, in addition to those set forth in this Deed of Trust, that from the character and use of the Real Property are reasonably necessary to protect and preserve the security.

> **2.7** **Water Rights**.

>> (a) All existing Water Rights shall be maintained in accordance with applicable law in full force and effect for the benefit of the Property by Trustor and applied to beneficial use so as to maintain the validity and priority of such rights.

>> (b) Trustor shall fully comply with, and not permit a default to occur under any water leases, licenses, permits or delivery contracts that form part of the Water Rights and are used to provide water to the Real Property, and shall timely exercise all renewal or extension rights in such leases, licenses, permits or contracts.

>> (c) Trustor shall not modify, amend or terminate any licenses, leases, permits or contracts that form part of the Water Rights, including without limitation those identified in Exhibit A-1 hereto absent Beneficiary's prior written consent. Trustor shall comply with the rules, regulations and ordinances of any water district, water agency or groundwater management agency in which the Property or any portion thereof is located and pay all related fees and assessments prior to delinquency.

>> (d) Trustor shall not cause or permit a reduction in the number of acres of Reclamation Property consisting of non-excess land eligible to obtain water from sources subject to Reclamation Law or the reduction of the number of acres of Reclamation Property presently eligible to receive Reclamation Water at a "non full cost rate" within the meaning of 43 C.F.R. Section 426.4(v) without Beneficiary's prior written consent. Trustor

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

8

shall comply and cause the Reclamation Property to comply with all reporting and certification requirements of Reclamation Law, including without limitation the provisions of 43 C.F.R. Section 426.10(b) through(g), inclusive.  As used in this Deed of Trust: (1) "**Reclamation Law**" means The Reclamation Act of 1902, the Omnibus Adjustment Act of 1926, the Reclamation Reform Act of 1982 and any act or law supplementary thereto and all rules and regulations promulgated thereunder; (2) "**Reclamation Property**" means any portion of the Real Property that is subject to Reclamation Law; and (3) "**Reclamation Water**" means irrigation water applied to Reclamation Property that is subject to Reclamation Law.

(e)    Trustor hereby further represents, warrants and covenants that all irrigation wells and related facilities used to deliver irrigation water to any portion of the Real Property are and shall remain physically located within the boundaries of such Real Property or the subject of valid, enforceable easements appurtenant to the Real Property and encumbered hereby and that the schedule of water service contracts included within <u>Exhibit A-1</u> accurately identifies all of the contracts for permanent water supply.  In the event the use of any irrigation facilities or water that form part of the Water Rights requires consent or the use of other property, Trustor has obtained and shall maintain in effect all requisite easements or other legally enforceable and assignable rights to use such facilities and/or water to service the Real Property.

(f)    Trustor shall maintain the Water Rights during the term of the Loan sufficient in all material respects to provide the continuing, enforceable right to receive irrigation water on the Real Property from such sources, in such quantities and at such times and locations as sufficient to provide adequate water and/or drainage to continue the current and proposed farming operations on the Real Property.

**2.8    Beneficiary's Right to Enter**.    Beneficiary and its agents and representatives may enter upon the Property at all reasonable times to attend to Beneficiary's interest and to inspect the Property and to inspect any and all financial and other records related to Trustor's operations on the Property.

**2.9    Patented and Trademarked Varieties**.  Trustor shall not plant on the Real Property, or graft to any trees or vines on the Real Property, patented or trademarked varieties of trees or vines unless (i) Trustor owns the patent or trademark for such trees, vines or rootstock or a license to plant or graft such trees, vines or rootstock which is transferable to a successor owner of the Real Property, and (ii) Trustor has, prior to such planting or grafting, provided to Beneficiary written evidence of such ownership or transferable license.

**2.10    Operations on Property**.  Trustor shall ensure that all operations of the Property conform to the standards of husbandry in the geographic area in which Land is located and shall, at all times, act so as to minimize erosion and depletion of the soil.  Trustor shall ensure that all wastewater or other discharges to the environment are conducted in

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

9

conformance with current industry practices and all current regulatory requirements.  Trustor shall use the Property solely for agricultural production and directly related purposes.

3.   **Taxes and Liens**.

    3.1   **Payment**.  Trustor shall pay when due all taxes and assessments and water charges levied against or on account of the Property, including without limitation all water and utility district liens and assessments, and shall pay when due all claims for work done on or for services rendered or materials furnished to the Property.  Trustor shall maintain the Real Property free of any liens, charges or encumbrances except for the lien of this Deed of Trust, the Permitted Encumbrances (defined below), and for taxes and assessments not due, and except as otherwise provided in Section 3.2.

    3.2   **Right to Contest**.   Trustor may withhold payment of any tax, assessment or claim in connection with a good faith dispute over the obligation to pay, so long as Beneficiary's interest in the Property is not jeopardized as determined by Beneficiary.  If the Property is subjected to a lien (except for liens for taxes and assessments that are not yet due) which is not discharged within fifteen (15) days. Trustor shall deposit with Beneficiary cash, a sufficient corporate surety bond or other security satisfactory to Beneficiary in an amount sufficient to discharge the lien, plus any interest, costs, attorneys' fees or other charges that could accrue as a result of a foreclosure or sale under the lien.  In any contest proceedings, Trustor will defend itself and Beneficiary and will name Beneficiary as an additional obligee under any surety bond, and Trustor shall satisfy any final adverse judgment before enforcement against the Property.

    3.3   **Evidence of Payment**.  Trustor shall promptly furnish evidence of payment of taxes and assessments to Beneficiary on its demand and shall authorize the appropriate county or other official to deliver to Beneficiary at any time a written statement of the taxes and assessments against the Property, and shall pay the expense of a tax reporting service for the Property if required by Beneficiary.

    3.4   **Notice of Construction**.  Trustor shall notify Beneficiary at least fifteen (15) days before any work is commenced, any services are furnished or any materials are supplied to the Real Property if a construction lien could be asserted on account of the work, services or materials and the cost exceeds Fifty Thousand and 00/100 Dollars ($50,000.00), which threshold shall be determined by aggregating any other works of improvement commenced or to be commenced within a one-year period.  On Beneficiary's request, Trustor will promptly furnish advance assurances satisfactory to Beneficiary that Trustor can and will pay the cost of such improvements.

    3.5   **Farm or Agricultural Classification**.  Trustor agrees to maintain the farm use or agricultural lands classification of the Property on the tax roll, and not to allow

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

10

any act or omission which would disqualify the Property for assessment or zoning as farm use or agricultural lands.

**4.     Ground Leases.**

      **4.1     Assignment.** Each Lease Party hereby assigns, grants and transfers to Beneficiary all of its right, title and interest in, to and under the Ground Leases, including without limitation the rights of occupancy and possession and the claims and rights to receive all payments and compensation payable thereunder.   The Beneficiary's advance written consent shall be required for the surrender of a leasehold estate created by the Ground Leases, for the termination or cancellation of the Ground Leases and for the modification, change, supplementation, alteration or amendment of the Ground Leases in any respect that would decrease the term, impair the Water Rights, result in an assignment or transfer of the leasehold estate or sublease of the Real Property.  Any such action taken without such consent shall be voidable by the Beneficiary.  For so long as there is no Event of Default, ACDF, LLC and Cantua Orchards, LLC shall have the right to use and occupy the premises leased pursuant to the Ground Leases, make all rental payments and secure all other benefits provided under the Ground Leases.

      **4.2     Representations and Warranties.**  Trustor represents and warrants that:

          (a)     Each Ground Lessor has good title to that Ground Lessor's respective interest in its Ground Lease and the full right, power and authority to assign the same;

          (b)     ACDF, LLC and Cantua Orchards, LLC have good title to the respective lessee's interest in the Ground Leases and the full right, power and authority to assign the same;

          (c)     No person, other than the Lease Parties, has any right, title or interest in, under or to the Leased Property, Ground Leases or the leasehold interest in the Real Property;

          (d)     Each Lease Party has respectively duly and punctually performed all the terms, covenants, conditions and warranties of the Ground Leases on each Lease Party's part to be performed and is not in default under the Ground Leases;

          (e)     Each Lease Party has delivered to Beneficiary true, correct and complete copies of the Ground Leases, and the Ground Leases shall remain valid, unmodified and in full force and effect;

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

11

(f)     Ground Lessors are not in default with respect to any of the terms of the Ground Leases, nor has any event occurred which, with the passage of time, the giving of notice or both, would constitute such a default, and ACDF, LLC and Cantua Orchards, LLC have no defenses or offsets as to any of its obligations under the Ground Leases;

(g)     No consent, license, approval or authorization is required to be obtained or given in connection with the execution, delivery, performance, recordation, validity or enforceability of this assignment of the Ground Leases that has not been obtained; and

(h)     That all rents (including additional rents and other charges) reserved in the Ground Leases have been paid to the extent they were payable prior to the date hereof.

5.     **Insurance**.

5.1    **Casualty Insurance**.

(a)     Trustor shall carry such casualty insurance as is customarily carried on improvements of the nature owned by Trustor.

(b)     Trustor shall promptly notify Beneficiary of any loss or damage to the Property exceeding $50,000.00 (as aggregated over a one-year period).  Beneficiary may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. Insurance proceeds shall be paid directly to the Beneficiary.  The proceeds of any insurance on the Property shall be used first to pay the cost of collecting such proceeds, if any, and then to prepay first accrued interest and then principal of the Indebtedness, or, at the election of the Beneficiary, such proceeds may be used to repair or replace the damaged or destroyed improvements in a manner satisfactory to Beneficiary.

(c)     Any unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the Property covered by this Deed of Trust at any foreclosure sale of the Property; and Trustor shall assist Beneficiary in obtaining the related assignment.

5.2    **Liability Insurance**. Trustor shall procure and maintain in force such policies of liability insurance as are currently carried by owners of similar properties in California and as Beneficiary may reasonably require including, but not limited to, comprehensive liability coverage with limits of not less than Two Million Dollars ($2,000,000) combined single limit per occurrence and a minimum aggregate limit of Four Million Dollars ($4,000,000) with an endorsement showing Beneficiary as an additional insured.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

12

     **5.3**     <u>**Insurance Carriers and Certificates**</u>.  All insurance policies required hereby shall be issued by companies reasonably satisfactory to Beneficiary on forms, terms and conditions and with deductibles reasonably satisfactory to Beneficiary, all such policies shall be continuously maintained and in full force and effect without material modification for reduction in scope or amount of coverage.  Certificates evidencing such insurance and providing thirty (30) days' prior notice to Beneficiary prior to any cancellation or material reduction in coverage shall be provided to Beneficiary at closing and maintained current at all times, and, to the extent Trustor has knowledge, shall give Beneficiary at least ten (10) days' advance written notice prior to any non-renewal, cancellation or material reduction in coverage, scope of amount or within two (2) business days of first having knowledge or after being notified thereof.

     **6.**     <u>**Warranties of Trustor**</u>.

     **6.1**     <u>**Title**</u>.  Each Trustor warrants that it holds indefeasible and marketable fee or leasehold title, as applicable, to the portion of the Real Property identified in its ownership in <u>Exhibit A</u> hereto, and merchantable fee title to all of the remainder of the Property, free of all encumbrances other than those set forth in the title insurance policy to be issued to Beneficiary at closing and the Permitted Encumbrances defined in the Loan Agreement (the "**Permitted Encumbrances**").

     **6.2**     <u>**Defense of Title**</u>.  Subject to the Permitted Encumbrances, Trustor warrants and will forever defend the title to the Property (including without limitation all Water Rights) against the lawful claims of all persons.  In the event any action or proceeding is commenced that questions Trustor's title or the interest of Beneficiary or Trustee under this Deed of Trust, Trustor shall defend the action at its expense.

     **6.3**     <u>**Business Purposes**</u>.  Trustor warrants that Trustor is engaging in this transaction exclusively for business, commercial or investment purposes.

     **6.4**     <u>**No Litigation**</u>.  Trustor represents and warrants that there is no litigation pending or, to the best knowledge of its members or officers, threatened against any Trustor which will substantially adversely affect the ability of any Trustor to perform its obligations hereunder, nor will the execution or performance of this Deed of Trust and the Note violate the terms of any order of any court.  If such litigation is filed, Trustor agrees to notify Beneficiary promptly by providing Beneficiary with a copy of the summons and complaint.

     **6.5**     <u>**Patented and Trademarked Varieties**</u>.  There are not currently growing on the Real Property any trees, vines or other permanent plantings which are covered by any trademark or patent or pending patent or trademark application, and Trustor has the right to sell or transfer trees, the vines or other permanent plantings now growing on the Real Property without the consent of, or paying a fee to, any third party.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

13

6.6    **Water**.  To the best of Trustors' knowledge, as of the date of this Deed of Trust, the Water Rights afford the continuing, enforceable right to receive irrigation water on the Real Property from such sources, in such quantities and at such times and locations as sufficient to provide adequate water and/or drainage to continue the current and proposed farming operations on the Real Property.

6.7    **Office of Foreign Asset Control**.  Each Trustor represents that, and agrees to furnish Beneficiary on request evidence confirming that neither Trustor nor any partner, member or stockholder of Trustor is, and no legal or beneficial interest in a partner, member or stockholder of Trustor is or will be held, directly or indirectly by persons or entities appearing on a US Treasury Office of Foreign Assets Control ("OFAC") list, with respect to which entering into transactions with such a person or entity would violate the laws and regulations administered by OFAC or any other law.  At all times throughout the term of the Loan, Trustor and all of its respective affiliates shall be in full compliance with all applicable orders, rules, regulations and recommendations of OFAC.

7.    **Condemnation**.

7.1    **Application of Net Proceeds**.  If all or any part of the Real Property is condemned, Beneficiary may elect to require that all or any portion of the net proceeds of the condemnation be applied on the Indebtedness.  The "net proceeds" shall mean the total amount available after payment of all reasonable costs, expenses and attorneys' fees necessarily paid or incurred by Trustor, Beneficiary and Trustee in connection with the taking by condemnation.  Sale of all or any part of the Real Property to a purchaser with the power of eminent domain in the face of a threat or the probability of the exercise of the power shall be treated as a taking by condemnation to which this Section 7 shall apply and shall not be considered a transfer for purpose of Section 10 hereof.

7.2    **Proceedings**.  If any proceedings in condemnation are filed, Trustor shall promptly take such steps as may be necessary to defend the action and obtain the award. In the event Beneficiary has reasonable grounds for insecurity with regard to Trustor's performance of its obligations under this Section 7, Beneficiary shall be entitled, at its option, to commence, appear in and prosecute in its own name any action or proceeding, or to make any reasonable compromise or settlement in connection with such taking or damage, and to obtain and distribute all compensation, awards or other relief therefor to which Trustor may be entitled in accordance with Section 7.1.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

14

8.      **Imposition of Tax By State**.

        **8.1**    **State Taxes Covered**.   The following shall constitute state taxes to which this Section 8 applies:

        (a)    A specific tax upon deeds of trust or mortgages or upon all or any part of the indebtedness secured by a deed of trust or mortgage.

        (b)    A specific tax on a grantor which the taxpayer is authorized or required to deduct from payments on the indebtedness secured by a deed of trust or mortgage.

        (c)    A tax on a deed of trust or mortgage chargeable against the beneficiary or the holder of the note secured.

        (d)    A specific tax on all or any portion of the indebtedness or on payments of principal and interest made by Trustor (other than Beneficiary's income or gross receipts taxes).

        **8.2**    **Remedies**.   If any state tax to which this Section 8 applies is enacted subsequent to the date of this Deed of Trust, this shall have the same effect as a default, and Beneficiary may exercise any or all of the remedies available to it in the event of a default unless the following conditions are met:

        (a)    Trustor lawfully pays the tax or charge imposed by the state tax; and

        (b)    Trustor pays the tax or charge within thirty (30) days after notice from Beneficiary that the tax law has been enacted or five (5) business days prior to the date the tax is payable, whichever is later.

9.      **Powers and Obligations of Trustee**.

        **9.1**    **Powers of Trustee**.   In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Real Property upon the request of Beneficiary and Trustor:

        (a)    Join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights in the public.

        (b)    Join in granting any easement or creating any restriction on the Real Property.

        (c)    Join in any subordination or other agreement affecting this Deed of Trust or the interest of Beneficiary under this Deed of Trust.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

15

(d)     Reconvey, without warranty, all or any part of the Real Property.

**9.2     Obligations to Notify**.  Trustee shall not be obligated to notify any other party of a pending sale under any other deed of trust or lien, or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**10.     Transfer By Trustor**.

**10.1     Prohibition of Transfer Without Consent**.  Trustor shall not sell, agree to sell, assign, convey, subcontract, mortgage or otherwise transfer or encumber any part or all of the Property or any interest in the Property, including without limitation any interest in the Water Rights, without the prior written consent of Beneficiary, which consent may be withheld in Beneficiary's sole discretion.  If Trustor or a prospective transferee applies to Beneficiary for consent to a transfer, Beneficiary may require such information as may be reasonably necessary for Beneficiary to assess the prospective transferee's prior business experience, reputation and financial ability to perform Trustor's obligations under this Deed of Trust.  Without limiting the generality of the foregoing, the occurrence at any time of any of the following events without Beneficiary's prior written consent or except as otherwise specifically allowed under the Loan Documents, shall be deemed a transfer of title to the Property:

(a)     Any sale, conveyance, assignment or other transfer of, or the grant of a security interest or mortgage or other lien in, all or any part of the legal or equitable title to the Property;

(b)     Any conveyance, grant or other transfer of the legal or equitable title to the Property which occurs by operation of law, by trustees in bankruptcy, executors or estate administrators or executors, or by or through a bankruptcy court;

(c)     Any lease of the Property with a term longer than one (1) year, other than as consented to by Beneficiary in writing;

(d)     Any of the above events occurs with respect to any portion of the Water Rights;

(e)     Any sale, transfer or assignment in any manner of partnership, membership or other equity interests in any Trustor which result in ten percent (10%) or more of the partnership, membership or other equity interests in such Trustor being held by individuals or entities which are not, on the date hereof, partners, members or equity holders in such Trustor, and

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

16

        (f)       any change in the trustee designation under any revocable trust.

The restrictions on transfer contained herein shall not apply to (i) the transfer by a member or shareholder in any Trustor of its partnership, membership, stock or beneficial interest under any will or testament or applicable law of descent, including a transfer to the heirs or descendants whether directly or indirectly, voluntarily, involuntarily or by operation of law, provided that the transferee assumes all obligations of its transferee under the Loan Documents in writing under documentation satisfactory to Beneficiary in form and substance; or (ii) the transfer of up to fifteen percent (15%) in the aggregate of the direct or indirect membership, stock or beneficial interests in any Trustor among the existing partners, members, shareholders or beneficiaries (determined as of the date of this Deed of Trust) of each Trustor so long as the interest of Farid Assemi, including trusts of which he is the acting trustee, is not thereby reduced and further provided that the applicable Trustor's governing documents are not otherwise amended and the management of each Trustor is not changed. Further provided, with respect to each such transfer, Trustor shall provide Beneficiary with advance written notice of such transfers, the transfer shall not be to a plan or in violation of ERISA, the transferee shall not be a prohibited person under the USA Patriot Act, the transfer shall not cause a breach of any of the covenants set forth in the Loan Documents and Trustor shall provide Beneficiary copies of all documents relating to or effectuating such transfer.

Notwithstanding the foregoing, Trustor may grant a security interest in Crops (but not trees, vines or permanent plantings) to secure Trustor's operating financing. Subject to satisfaction of conditions in the Loan Agreement, Beneficiary will subordinate its security interest in Crops to security interests in Crops securing Trustor's operating financing meeting conditions set forth in the Loan Agreement.

Notwithstanding the foregoing, Trustor may transfer water and water inventory to any Affiliate (as defined in the Loan Agreement) or any entity subject to a water supply agreement to which Trustor or an Affiliate is a party, provided that (i) following such transfer, Trustor shall continue to meet its obligations under Section 2.7 hereof, (ii) such water or water inventory shall be used on and solely for the benefit of real property in which Beneficiary or its Affiliates have a security interest, and (iii) any such transfer shall be for the current water year only, shall not impair or reduce the Water Rights and shall not be binding on the Property or any successor to Trustor's interest in the Property following a foreclosure or deed in lieu thereof. Trustor may transfer excess water and water inventory on a temporary basis.

The death of a "Guarantor," as defined in the Loan Agreement, shall not be an Event of Default if any remaining Guarantor(s) collectively meet the Net Worth Requirement (as defined in the Loan Agreement) and at least two of the original Guarantors remain Guarantors with legal control of the Property. If the remaining Guarantor(s) collectively fail to meet the Net Worth Requirement, then the death of any Guarantor shall not be an Event of Default so long as the Trustors or remaining Guarantor(s) within one hundred twenty (120) days of the

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

17

subject event, cause another person or persons to assume the obligations of the deceased Guarantor under the related guaranty and the Unsecured Environmental Indemnity, so that the Guarantors (including any new Guarantor(s)) collectively meet the Net Worth Requirement and have legal control over the Property.  For purposes hereof, "legal control" shall mean the power, either directly or indirectly, to exercise the authority of the Trustors as owner of the Property, either as the majority shareholder of the common stock of a corporation, trustee of a trust, the sole general partner of a limited partnership, the managing general partner of a general partnership, or the manager or managing member of a limited liability company.  In either case, the Beneficiary shall be promptly advised of the event of death and no replacement Guarantor shall violate Section 6.7 of this Deed of Trust.

**10.2  Condition to Consent**.  As a condition of its consent to any transfer of the Real Property where consent is required under Section 10.1 above and except as provided in Section 3 above or under the Loan Agreement, then in addition to such other conditions as Beneficiary may require, Beneficiary may in its discretion impose a reasonable service charge.  Trustor shall pay or reimburse Beneficiary for all costs and expenses incurred by Beneficiary in evaluating or processing a requested transfer, regardless of whether the transfer is consummated, including without limitation title and escrow charges and premiums and attorney's fees and costs.

**10.3  Effect of Consent**.  Consent by Beneficiary to one transfer shall not constitute a consent to other transfers or a waiver of this Section 10.  No transfer by any Trustor shall relieve any Trustor of liability for payment of the Indebtedness.  Following a transfer, Beneficiary may agree to any extension of time for payment or modification of the terms of this Deed of Trust or the Note or waive any right or remedy under this Deed of Trust or the Note without relieving Trustor from liability.  Trustor waives notice, presentment, and protest with respect to the Indebtedness.

**11.  Security Agreement; Security Interest**.

**11.1  Security Agreement**.  This instrument shall constitute a security agreement with respect to the Proceeds, Crops, Water Rights, Improvements, Intangibles, Proceeds and Minerals and any other personal property included in the description of the Property, and Trustor hereby grants to Beneficiary a security interest therein.

**11.2  Security Interest**.  Trustor authorizes Beneficiary to file in any relevant jurisdiction any initial financing statements (including fixture filings) and amendments thereto necessary to perfect and continue Beneficiary's security interest in the Property.  Upon request by Beneficiary, Trustor shall take whatever other action is reasonably requested by Beneficiary to perfect and continue Beneficiary's security interest in the Property.  Trustor hereby appoints Beneficiary as Trustor's attorney-in-fact for the purpose of executing or filing any documents necessary to perfect or continue the security interest

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

18

granted therein. Trustor will reimburse Beneficiary for all expenses incurred in perfecting or continuing this security interest.

**11.3    Fixture Filing**. This instrument constitutes a financing statement filed as a fixture filing in the Official Records of the County Recorder of the county in which the Property is located with respect to any and all fixtures included within the term "Property" as used herein and with respect to any goods or other personal property that may now be or hereafter become such fixtures.  The record owners of the Real Property are as follows:

| Exhibit A Tracts(s) | Owner |
|---|---|
| Tract One | Maricopa Orchards, LLC |
| Tract Two | 104 Partners, LLC |
| Tract Three | Maricopa Orchards, LLC, as to an undivided 25% interest, and C & A Farms, LLC, as to an undivided 75% interest |
| Tract Four | Betsy Elaine Garcia |

Trustor shall be deemed the "Debtor" for purposes of the Uniform Commercial Code with the address set forth for Trustor in Section 15.5 hereof.  Beneficiary shall be deemed to be the "Secured Party" with the address set forth for Beneficiary in Section 15.5 hereof and shall have all of the rights of a secured party under the Uniform Commercial Code. This Deed of Trust covers goods which are or are to become fixtures.

**11.4    Representations, Warranties and Covenants**.  Each Trustor hereby represents, warrants, and covenants as follows:

(a)    each Trustor warrants that (i) such Trustor's (that is, "**Debtor's**") name, identity, and principal place of residence/state of organization are as referred to in the first paragraph of this Deed of Trust, (ii) Trustor has not operated the Property under any other name; and (iii) the location of all tangible personal property collateral is upon the Land.  Trustor covenants and agrees that Trustor will furnish Beneficiary with notice of any change in the matters addressed by clauses (i) or (ii) of this Section 11.4 within thirty (30) days of the effective date of any such change, and Trustor authorizes the filing or recording of any financing statements or other instruments deemed necessary by Beneficiary to prevent any filed financing statement from becoming misleading

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

19

or losing its perfected status.  Trustor shall provide to Beneficiary upon request, certified copies of any searches of UCC records deemed necessary or appropriate by Beneficiary to confirm the first priority status of its security interest in the personal property, together with copies of all documents or records reflected therein.

(b)     The security interest held by Beneficiary shall cover cash and non-cash proceeds of the personal property, but nothing contained herein shall be construed as authorizing, either expressly or by implication, the sale or other disposition of any of the personal property by Trustor, which sale or other disposition is hereby expressly prohibited without the Beneficiary's prior written consent, other than sales of crops in the ordinary course of Trustor's farming operations.

(c)     All of the Property is and shall be owned by Trustor, and is not and shall not be the subject matter of any lease or other instrument, agreement or transaction whereby the ownership or beneficial interest thereof or therein shall be held by any person or entity other than Trustor, except to the extent Beneficiary consents in writing to any lease of any of such property, which consent may be withheld or delayed in Beneficiary's sole discretion or such Lease is otherwise permitted hereunder.  Trustor shall not create or cause to be created any security interest covering any of the personal property, other than (i) the security interest created herein in favor of Beneficiary, (ii) the rights of tenants lawfully occupying the Property pursuant to Leases approved by Beneficiary, (iii) the Permitted Encumbrances, or (iv) security interests otherwise permitted under the Loan Agreement.

## 11.5    <u>Assignment of Leases</u>.

(a)     As additional collateral and to further secure the Indebtedness and other obligations of Trustor, Trustor does hereby absolutely, presently and irrevocably assign, grant, transfer, and convey to Beneficiary, its successors and assigns, all of Trustor's right, title, and interest in, to, and under all leases, subleases, tenant contracts, rental agreements, franchise agreements, management contracts, water service, sharing and well agreements, storage contracts, construction contracts and other contracts, licenses and permits, map approvals and conditional use permits, whether written or oral, now or hereafter affecting all or any part of the Property, and any agreement for the use or occupancy of all or any part of said Property which may have been made heretofore or which may be made hereafter, including any and all extensions, renewals, and modifications of the foregoing and all extensions, renewals, and modifications of the foregoing and guaranties of the performance or obligations of any tenants thereunder, and all other arrangements of any sort resulting in the payment of money to Trustor or in Trustor becoming entitled to the payment of money for the use of the Property or any part thereof whether such user or occupier is tenant, invitee, or licensee (all of the foregoing hereafter referred to collectively as the "**Leases**" and individually as a "**Lease**", and said tenants, invitees, and licensees are hereafter referred to collectively as "**Tenants**" and individually as "**Tenant**" as the context requires),

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

20

which Leases cover all or portions of the Property; together with all of Trustor's right, title, and interest in and to all income, rents, issues, royalties, profits, rights and benefits and all Tenants' security and other similar deposits derived with respect to the Leases and with respect to the Property, including, without limitation, all base and minimum rents, percentage rents, additional rents, payments in lieu of rent, expense contributions, and other similar such payments and the right to collect the same as they become due, it being the intention of the parties hereto to establish an absolute transfer and assignment of all of the Leases and the Proceeds to Beneficiary, and not just to create a security interest.

(b)      Trustor hereby represents, warrants, and agrees as follows:

(i)      Trustor is the sole holder of the landlord's interest under the Leases, is entitled to receive the Proceeds under the Leases and from the Property, and has the full right to sell, assign, transfer, and set over the same and to grant to and confer upon Beneficiary the rights, interests, powers and authorities herein granted and conferred;

(ii)     Trustor has made no pledge or assignment of the Leases or Proceeds, other than to Beneficiary, and Trustor shall not, after the date hereof, make or permit any such pledge or assignment.

(c)      Trustor hereby covenants and agrees that Trustor shall authorize and direct, and does hereby authorize and direct, each and every present and future Tenant of the whole or any part of the Property to pay all rentals to Beneficiary from and after the date of receipt of written demand from Beneficiary to do so.

(d)      Although this Deed of Trust constitutes an absolute, present and current assignment of all Proceeds, as long as no Event of Default as described in Section 13 below on the part of the Trustor shall have occurred, Beneficiary shall not demand that such Proceeds be paid directly to Beneficiary, and Trustor shall have a license to collect, but not more than one (1) month prior to the due date thereof all such Proceeds from the Property (including, without limitation, all rental payments under the Leases).

**12.      Reconveyance on Full Performance**. If Trustor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Beneficiary shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file and any other lien, encumbrance or other cloud on title created as a result of this transaction. The reconveyance and filing fees shall be paid by Trustor.

**13.      Default**. The following shall constitute Events of Default under this Deed of Trust and other Loan Documents:

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

21

(a)     Failure of Trustor to pay any portion of the Indebtedness when due.

(b)     Failure of Trustor within the time required by this Deed of Trust, but in any event prior to delinquency, to make any payment for taxes, assessments, insurance or for reserves for such payment, or any other payment necessary to prevent filing of or discharge of any lien.

(c)     Transfer (either voluntarily or by operation of law), as defined in Section 10 hereof, of any part or interest in the Property without the prior written consent of Beneficiary except as expressly permitted herein.

(d)     Dissolution, termination of existence, insolvency on a balance sheet basis or business failure of any Trustor, except in connection with a transfer approved by Beneficiary pursuant to Section 10 hereof or unless cured within ten (10) days' notice to any Trustor; the commencement by any Trustor of a voluntary case under the federal bankruptcy laws or under any other federal or state law relating to insolvency or debtor's relief; the entry of a decree or order for relief against any Trustor in an involuntary case under the federal bankruptcy laws or under any other applicable federal or state law relating to insolvency or debtor's relief; the appointment or the consent by any Trustor to the appointment of a receiver, trustee, or custodian of any Trustor or of any of Trustor's property; an assignment for the benefit of creditors by any Trustor; the making or suffering by any Trustor of a fraudulent transfer under applicable federal or state law; concealment by any Trustor of any of its property in fraud of creditors; the making or suffering by any Trustor of a voidable preference within the meaning of the federal bankruptcy law; the imposition of a lien through legal proceedings or distraint upon any of the Property of any Trustor which is not discharged or bonded in the manner permitted by Section 3.2 above.

(e)     Default in the performance or observance of any other covenant, agreement or condition contained herein, in the Note or the other Loan Documents within thirty (30) days after receipt of written notice from Beneficiary specifying the nature of the default, provided however, if such default cannot be cured within the 30-day period, then so long as Trustors have commenced and diligently pursue the cure of the related default, within ninety (90) days following receipt of written notice, and further provided that no notice of default or opportunity for cure shall be required if during the prior twelve (12) months, Beneficiary has already sent a notice to Trustors identifying Trustors' default in performance of the same obligation.

(f)     Any representation or warranty made by Trustors in this Deed of Trust or in any other Loan Document or in any certificate or instrument furnished in connection therewith shall prove to have been false or misleading in any material respect as of the date made, provided that Trustors shall have ten (10) days following the written identification by Beneficiary of the related misrepresentation or breach of warranty to cure the

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

related misrepresentation if unintentional and if Beneficiary is thereby placed in the same risk position as if the misrepresentation had not been made.

(g)     The occurrence of an event of default under any deed of trust, security agreement, encumbrance, tax lien or assessment or other security instrument encumbering all or any portion of the Property and the expiration of any applicable cure period.

(h)     The occurrence of an Event of Default under the Loan Agreement or any of the other Loan Documents.

**14.    Rights and Remedies on Default**.

**14.1    Remedies**.  Upon the occurrence of any Event of Default and at any time thereafter, Trustee or Beneficiary may exercise any one or more of the following rights and remedies or any other remedies available under applicable law:

(a)     Beneficiary may declare the entire Indebtedness arising under the Loan immediately due and payable.  To the extent the Loan is not so accelerated it shall remain due and payable as stated in the instruments that evidence the same and may be accelerated hereafter if any Event of Default exists under this Deed of Trust.

(b)     The Trustee shall have the right to foreclose any of the property encumbered by this Deed of Trust by judicial foreclosure, in accordance with and to the extent allowed by applicable law.

(c)     Beneficiary may cause the Property to be sold by Trustee as permitted by applicable law.  Before any such trustee's sale, Beneficiary or Trustee shall give such notice of default and election to sell as may then be required by law.  When all time periods then legally mandated have expired, and after such notice of sale as may then be legally required has been given, Trustee shall sell the Property, either as a whole or in separate parcels, and in such order as Trustee may determine, at a public auction to be held at the time and place specified in the notice of sale.  Neither Trustee nor Beneficiary shall have any obligation to make demand on Trustor before any trustee's sale.  At any trustee's sale, Trustee shall sell to the highest bidder at public auction for cash in lawful money of the United States.  Any person, including Trustor, Trustee or Beneficiary, may purchase at the trustee's sale.  Trustee shall execute and deliver to the purchaser a deed or deeds conveying the property being sold without any covenant or warranty whatsoever, express or implied. The recitals in any such deed of any matters or facts, including any facts bearing upon the regularity or validity of any trustee's sale, shall be conclusive proof of their truthfulness.  Any such deed shall be conclusive against all persons as to the facts recited in it.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

23

(d)     If this Deed of Trust is foreclosed by judicial procedure, Beneficiary will be entitled to a judgment which will provide that if the foreclosure sale proceeds are insufficient to satisfy the judgment, execution may issue for any amount by which the unpaid balance of the obligations secured by this Deed of Trust exceeds the net sale proceeds payable to Beneficiary.

(e)     With respect to all or any part of the Property that constitutes personalty, Beneficiary shall have all the rights and remedies of a secured party under the Uniform Commercial Code. Beneficiary shall have the option of proceeding as to the Real Property and all or some of the personal property, separately or together, in accordance with the unified sale procedures set forth in the Uniform Commercial Code as adopted in California.

(f)     Beneficiary shall have the right, without notice to Trustor, to take possession of the Property and collect the Proceeds, including amounts past due and unpaid, and apply the net proceeds, over and above Beneficiary's costs, against the Indebtedness. In furtherance of this right, Beneficiary may require any tenant or other user to make payments of rent or use fees directly to Beneficiary. If the Proceeds are collected by Beneficiary, then Trustor irrevocably designates Beneficiary as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Beneficiary in response to Beneficiary's demand shall satisfy the obligation for which the payments are made, whether or not any proper grounds for the demand existed. Beneficiary may exercise its rights under this paragraph either in person, by agent or through a receiver.

(g)     Beneficiary shall have the right to have a receiver appointed to take possession of any or all of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, to collect the Proceeds from the Property and apply the Proceeds, over and above cost of the receivership, against the Indebtedness. Beneficiary may apply to any court of competent jurisdiction for the appointment of a receiver or receivers for the Property and of all the earnings, revenues, rents, issues, profits and income therefrom, ex parte, without notice, and without regard to the sufficiency or value of any security for the obligations secured hereby or the solvency of any party bound for its payment, the expenses of which shall be secured by this Deed of Trust. The receiver may serve without bond if permitted by law. Beneficiary's right to the appointment of a receiver shall exist whether or not apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Beneficiary shall not disqualify a person from serving as a receiver.

(h)     In the event Trustor remains in possession of the Property after the Property is sold as provided above or Beneficiary otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at will of

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

24

Beneficiary or the purchaser of the Property and shall pay a reasonable rental for use of the Property while in Trustor's possession.

(i)    Trustee and Beneficiary shall have any other right or remedy provided in this Deed of Trust, the Loan Documents or any other instrument delivered by Trustor in connection therewith, or available at law, in equity or otherwise whether or not specified herein.

**14.2    Rights of Receiver or Mortgagee-in-Possession**.    Upon taking possession of all or any part of the Property, the receiver or Beneficiary may:

(a)    Use, operate, manage, control and conduct business on the Property, including harvesting and selling Crops, and make reasonable expenditures for all maintenance and improvements as in its reasonable judgment are proper;

(b)    Collect the Proceeds from the Property and apply such sums to the expenses of use, operation and management; and

(c)    At Beneficiary's option, complete any construction or development operations in progress on the Property, and in that connection pay bills, borrow funds, employ contractors and make any changes in plans or specifications as Beneficiary deems appropriate.

If the revenues produced by the Property are insufficient to pay expenses, the receiver may borrow, from Beneficiary (if Beneficiary, in its sole discretion, agrees to lend) or otherwise, or Beneficiary may borrow or advance such sums as the receiver or Beneficiary may deem necessary for the purposes stated in this Section 14.2.  The amounts borrowed or advanced shall bear interest from the date of expenditure until repaid at the same interest rate as provided in Section 15.4 below.  Such sums shall become a part of the Indebtedness secured by this Deed of Trust and shall be payable by Trustor on demand.

**14.3    Sale of the Property**.  In exercising its rights and remedies, the Trustee or Beneficiary may cause all or any part of the Property to be sold as a whole or in parcels, and certain portions of the Property may be sold without selling other portions.  This Deed of Trust encumbers real property located in two counties in California and therefore the place of such sale may be held in the county in which the property described in Exhibit A attached hereto is situated or in any one or both of such other counties. Beneficiary may bid at any public sale on all or any portion of the Property.

**14.4    Waiver; Election of Remedies**.  A waiver by either party of a breach of a provision of this Deed of Trust shall not constitute a waiver of or prejudice the party's right otherwise to demand strict compliance with that provision or any other provision. Election by Beneficiary to pursue any remedy shall not exclude pursuit of any other remedy,

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

25

and all remedies of Beneficiary under this Deed of Trust are cumulative and not exclusive. An election to make expenditures or take action to perform an obligation of Trustor shall not affect Beneficiary's right to declare a default and exercise its remedies under this Deed of Trust.

**14.5    Attorneys' Fees; Expenses**.  In the event suit or action is instituted to enforce any of the terms of this Deed of Trust, the prevailing party shall be entitled to recover its reasonable attorneys' fees at trial, on any appeal and on any petition for review, in addition to all other sums provided by law.  Whether or not any court action is involved, all reasonable expenses incurred by Beneficiary that are necessary at any time in Beneficiary's opinion for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest from the date of expenditure until repaid at the same interest rate as provided in Section 15.4 below.  Expenses covered by this paragraph include (without limitation) the cost of searching records, obtaining title reports, surveyors' reports, consultants' fees, attorneys' opinions, title insurance, and fees for the Trustee.  Trustor shall and does hereby agree that, if all or a portion of the principal sum of the Note has, prior to the maturity date fixed in the obligation, become due or been declared due by reason of an Event of Default, the entire amount then due under the terms of this Deed of Trust and the Note shall include all attorneys' fees and costs and expenses which are actually incurred as stated above, notwithstanding the provisions of Section 2924c(d) and Section 2924d of the California Civil Code.

**14.6    Recourse**.  Each Trustor shall be fully and personally liable on a joint and several basis for the payment of the Indebtedness and performance of the Loan Documents.  However, in the event of foreclosure of this Deed of Trust or other enforcement of the collection of the Indebtedness, Beneficiary agrees, and any holder hereof shall be deemed by acceptance hereof to have agreed, not to pursue or obtain a deficiency against the Non-Borrower Trustors with respect to said Indebtedness.

**15.    Miscellaneous**.

**15.1    Time of Essence**.  Time is of the essence of this Deed of Trust.

**15.2    Binding Upon Successors and Assigns**.  Subject to the limitations stated in this Deed of Trust on transfer of Trustor's interest and subject to the provisions of applicable law with respect to successor trustees, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. All of the grants, covenants, terms, provisions and conditions herein contained shall run with the Real Property and shall apply to, bind and inure to the benefit of, the successors and assigns of Trustor and Beneficiary.

**15.3    Security Agreement**.  In construing this Deed of Trust, the term "Deed of Trust" shall encompass the term "security agreement" when the instrument is being construed with respect to any personal property.

**15.4**   <u>**Expenditure by Beneficiary**</u>.   If Trustor fails to comply with any provision of this Deed of Trust, Beneficiary may elect to take the required action on Trustor's behalf, and any amount that Beneficiary expends in so doing shall be added to the Indebtedness.  Amounts so added shall be payable on demand with interest from the date of expenditure at the Default Interest Rate provided in the Note, but in any event not at a rate higher than the maximum rate permitted by law.   Such action by Beneficiary shall not constitute a cure or waiver of the default or any other right or remedy which Beneficiary may have on account of Trustor's default.

**15.5**   <u>**Notices**</u>.   Any notice under this Deed of Trust shall be in writing and shall be effective when either delivered in person or, if mailed, shall be deemed effective on the second day after deposited as registered or certified mail, postage prepaid, addressed to the parties at the following addresses:

| | |
|---|---|
| If to Beneficiary: | MetLife Insurance Company USA<br>10801 Mastin Street., Suite 930<br>Overland Park, KS 66210<br>Attn: SSU Director |
| And a copy to: | MetLife Insurance Company USA<br>Agricultural Investments<br>10801 Mastin Street., Suite 930<br>Overland Park, KS 66210<br>Attn:  Law Department |
| And a copy to: | MetLife Insurance Company USA<br>Agricultural Investments<br>205 E. River Park Circle, Suite 430<br>Fresno, CA 93720<br>Attn:  Director, WRO |
| If to Trustor: | 104 Partners, LLC<br>ACDF, LLC<br>C & A Farms, LLC<br>Maricopa Orchards, LLC<br>1306 West Herndon Avenue, Suite 101<br>Fresno, CA 93711<br>Attn: Mr. Farid Assemi, Ms. Jennifer Reisz<br>Mr. Jon Reiter |

Any party may change its address for notices by written notice to the other.  Notices may be given by facsimile transmission if a hard copy is also delivered thereafter, with such notice to

Deed of Trust<br>104 Partners, et.al.<br>Loan No. 198718<br>89923618.5 0053564-00282

27

be effective when received during business hours or the next business day following facsimile receipt if received outside of business hours.

        15.6    **Homestead Rights**.  Trustor expressly waives any and all homestead and exception rights now or hereafter available under California or Federal law.

        15.7    **Invalid Provisions to Affect No Others**.  If any of the provisions contained in the Note or this Deed of Trust shall be invalid, illegal or unenforceable in any respect, the validity of the remaining provisions in this Deed of Trust and the Note shall not be affected.

        15.8    **Changes in Writing**.  This Deed of Trust and any of its terms may only be changed, waived, discharged or terminated by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought. Any agreement subsequently made by Trustor or Beneficiary relating to this Deed of Trust shall be superior to the rights of the holder of any intervening lien or encumbrance.

        15.9    **Applicable Law**.  The laws of the State of California shall be applicable for the purpose of construing and determining the validity of this Deed of Trust and for determining the rights and remedies of Beneficiary on default.

        15.10  **Joint and Several**.  Subject to limitation on recourse set forth in Section 14.6 hereof, the obligations of each person comprising Trustor hereunder shall be joint and several.

        15.11  **Waivers of Multiple Trustors and Non-Borrower Trustors**.  Each Trustor hereby waives: (a) any right it may have to require Beneficiary to proceed against any other Trustor, proceed against or exhaust any security held from any Trustor, or pursue any other remedy in Beneficiary's power to pursue, (b) any defense based on any legal disability of any Trustor, any discharge or limitation of the liability of any Trustor to Beneficiary, whether consensual or arising by operation of law or any bankruptcy reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Trustor's obligations exceed or are more burdensome than those of any other Trustor, (c) all presentments, demands for performance, notices of nonperformance, protests, notice of protest, notices of dishonor, notices of acceptance of this Deed of Trust and of the existence, creation or incurring of new or additional indebtedness of Borrower, and demands and notices of every kind, (d) any defense based on or arising out of any defense that any Trustor may have to the payment or performance of the Indebtedness or any part thereof, and (e) all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the U.S. Code) or any successor statute, all rights to enforce any remedy that the Beneficiary may have against any Trustor, and all rights to participate in any security now or later held by Beneficiary for the Indebtedness.  Each Trustor specifically waives all rights and

Deed of Trust                              28
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

defenses that Trustor may have because the Indebtedness is secured by real property. This means, among other things: (i) Beneficiary may exercise any rights or remedies which Beneficiary has or may have against the any portion of the Property without first foreclosing on any real or personal property collateral pledged by any particular Trustor; and (ii) if Beneficiary forecloses on any real property collateral pledged by any Trustor: (A) the amount of the Indebtedness may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (B) Beneficiary may exercise its rights and remedies against all or any portion of the Property even if Beneficiary, by foreclosing on any real property collateral pledged by a particular Trustor, has destroyed any right another Trustor may have to collect from that particular Trustor. This is an unconditional and irrevocable waiver of any rights and defenses each Trustor may have because the Indebtedness is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d or 726 of the California Code of Civil Procedure or similar laws in other states.

15.12  **Personal Liability of Non-Borrower Trustors**. The liability of each Non-Borrower Trustor under this Deed of Trust shall be limited to its respective interest in the Property. Non-Borrower Trustors shall not be entitled to acquire any greater interest in the Property than in existence as of the date of this Deed of Trust, and any transfer to Non-Borrower Trustors of a greater interest shall be a prohibited transfer under Section 10.1 above.

15.13  **Multiple Counterparts**. This Deed of Trust shall be executed in multiple counterparts to enable it to be recorded contemporaneously in the two counties in California in which the real property encumbered hereby is situated, and all of such counterparts shall constitute but one and the same instrument and lien that include and encumber all of such portions (and not as separate grants of or liens against such portions).

15.14  **Exhibits**. The following exhibits are attached to this Deed of Trust and incorporated herein by reference:

Exhibit A      -      Real Property Description
Exhibit A-1    -      Certain Agreements Related to Water Rights

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

29

IN WITNESS WHEREOF, each party comprising Trustor has executed this Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing for the benefit of Beneficiary as of the date first above written.

**In accordance with Section 2924b, Civil Code, the undersigned Trustor requests that a copy of any Notice of Default and a copy of any Notice of Sale under this Deed of Trust be mailed to Trustor at Trustor's address hereinbefore set forth.**

TRUSTOR:

104 PARTNERS, LLC,
a California limited liability company

By: _____
Farid Assemi, as trustee of the Amended and Restated Farid Assemi Revocable Trust dated March 2, 2010, Its General Manager

By: _____
Farshid Assemi, as trustee of the Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust dated March 2, 2010, Its General Manager

By: _____
Sonia Rosemary Assemi, as trustee of the Amended and Restated Farshid Assemi and Sonia Rosemary Assemi Revocable Trust dated March 2, 2010, Its General Manager

By: _____
Darius Assemi, as trustee of the Amended and Restated Darius Assemi Revocable Trust dated March 2, 2010, Its General Manager

*[Signatures continue on following page]*

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

C & A FARMS, LLC,
a California limited liability company

By: _____

Farid Assemi, General Manager

By: _____

Farshid Assemi, General Manager

By: _____

Darius Assemi, General Manager


ACDF, LLC,
a California limited liability company

By: _____

Farid Assemi, General Manager

By: _____

Farshid Assemi, General Manager

By: _____

Darius Assemi, General Manager


*[Signatures continue on following page]*

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

31

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
     Farid Assemi, General Manager

By: _____
     Farshid Assemi, General Manager

By: _____
     Darius Assemi, General Manager


_____
BETSY ELAINE GARCIA

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

32

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno_                     )

On _2-24_____, 2017, before me, _D. Filipponi_____, a Notary Public, personally appeared _Farid Assemi_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _D. Filipponi_____

Notary Public in and for said
County and State

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

33

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                           )ss.
COUNTY OF *Fresno*         )

On _____2-24_____, 2017, before me, D. Filipponi, a Notary Public, personally appeared Farshid Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: _D. Filipponi_____
                Notary Public in and for said
                County and State

A notary public or other officer completing this certificate verifies only the identity of the
individual who signed the document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )ss.
COUNTY OF _Fresno_           )

On _2 – 24_____, 2017, before me, _D Filipponi____, a Notary Public,
personally appeared Sonia Rosemary Assemi, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under
the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: _D Filipponi_____
                Notary Public in and for said
                County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

35

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )

)ss.

COUNTY OF Fresno )

On 2-24 , 2017, before me, D Filipponi , a Notary Public, personally appeared Darius Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Signature: D Filipponi

Notary Public in and for said County and State

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

36

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno_                     )

On _2-24_, 2017, before me, _D Filipponi_, a Notary Public, personally appeared <u>Betsy Elaine Garcia</u>, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _D Filipponi_

Notary Public in and for said
County and State

D. FILIPPONI
Commission # 2062551
Notary Public - California
Fresno County
My Comm. Expires Apr 24, 2018

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

37

**EXHIBIT A**
**TO**
**DEED OF TRUST, SECURITY AGREEMENT,**
**ASSIGNMENT OF RENTS AND LEASES, AND FIXTURE FILING**

The following land situated in Kern County, State of California:

**TRACT ONE:**

The Southeast quarter of the Northeast quarter of Section 29, Township 32 South, Range 26 East, M.D.B. & M.

EXCEPTING, however, from the above described Parcel all minerals of whatsoever nature (including but not limited to oil, gas, other hydrocarbons and associated substances) in, under of which may be produced therefrom, together with all rights and privileges of ingress, egress, use and occupancy of, upon and within the surface and subsurface thereof as the owner of the aforesaid minerals may from time to time deem necessary or convenient in connection with the exploration, development and operation of said Parcel for the aforesaid minerals and the storing, handling, treating and transportation thereof, all without liability whatsoever to Grantee, her heirs, legal representatives, successors, or assigns, and all as conveyed by Grantor to SoniCo, Inc., a Delaware corporation, by Mineral Deed dated February 28, 1967 and recorded in Book 4030, at Page 28, Official Records of said County.

APN: 295-230-03

**TRACT TWO:**

PARCEL ONE:

The Southwest quarter of Section 33, Township 25 South, Range 24 East, M.D.B.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.
Except that portion of Final Order of Condemnation recorded December 30, 1975 in Book 4931 Page 2128, described as the surface and upper 200 feet of the subsurface of the West 175 feet of the Southwest quarter of said Section 33;

Also except the surface and upper 200 feet of the subsurface of the West 295 feet of the South 290 feet of the Southwest quarter of said Section 33, except the Westerly 175 feet thereof;

Excepting and reserving therefrom all oil, gas, minerals and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without however, the right to enter in

Deed of Trust                                   Exhibit A - Page 1
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

and upon in any manner or in any manner explore, produce, or operate in or through the surface of the upper 200 feet of said fee simple Parcels, or do any other act in such manner as to interfere, directly or indirectly, with the primary purpose for which said Parcels were acquired or for which said Parcels are then being used;

Further excepting from Pond-Poso Canal right of way, as finally constructed and as shown upon the as-built drawings on file in the District, and reserving unto persons having an interest in the lands herein to be condemned, their successors in interest, a right appurtenant to the remainder of the land of which the part taken was a part, a right of way for purposes of ingress and egress over and along a strip of land approximately 20 feet in width lying within, parallel and adjacent to the right and left right of way line, of said Pond-Poso Canal, together with the privilege to cross said Pond-Poso Canal right of way at such crossings as are provided;

Further excepting from said Pond-Poso Canal right of way and reserving unto the persons having an interest in said Parcel, their successors in interest, a right appurtenant to the remainder of the lands of which that part taken was a part, the privilege of ingress and egress across those certain road crossings approximately 20 feet in width to be constructed and maintained by District; said road crossings to be located at approximately Pond-Poso Canal Stations 875+19 and 901+07 approximately 40 feet Northerly along said Canal centerline from the South boundary and at the intersection of said centerline of the North boundary, respectively, of the Southwest quarter of said Section 33, provided, however, that such privilege shall not be exercised by means other than the hereinabove described road crossings, and shall be exercised in such manner as to have due regard for the safety of said road crossing and so as not to interfere with the primary purpose for which said Parcel was acquired or for which said Parcel is then being used. Provided further, however, District, its successors and assigns, retain the right, at any time, and from time to time, to restrict access thereto for the purpose of preventing the creation of an easement or prescriptive right in the public for the use of said structure for ingress or egress or related purposes.

Further excepting therefrom that portion granted to the Semitropic Improvement District of Semitropic Water Storage District in deed recorded September 17, 2014 as Instrument No. 0214113265, being an area of land, described as the East 50 feet of the West 1,394.50 feet of the South 50 feet of the North 95 feet of the Southwest quarter of said Section 33;

Excepting and reserving therefrom all oil, gas minerals, and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without, however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in and through the surface of the upper 200 feet of said fee simple parcel.

APN: 047-340-36

Exhibit A - Page 2

PARCEL TWO:

The Southwest quarter of the Northwest quarter of Section 33, Township 25 South, Range 24 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Except therefrom the surface and upper 200 feet of the sub-surface of the West 175 feet of the Southwest quarter of the Northwest quarter of said Section 33, as acquired by Pond-Poso Improvement District of Semitropic Water Storage District, a California Water Storage District, in the Final Order of Condemnation arising from Superior Court Case No. 132129, recorded June 4, 1976 in Book 4960 Page 1549 of Official Records.

Also excepting all oil, gas, other hydrocarbon substances and minerals in and under said land reserved by Bank of America National Trust and Savings Association, as Trustee of Trust #10-10-021-5-003730 and #10-010-021-E-201210, by merger with Security Pacific National Bank, a National Banking Association, and Lionel A. Matthes, Jr., as successor Trustee of the Lionel A. Matthes Inter-Vivos, u/a dated July 6, 1981 and Ronald R. Stolteben and Lola Kimbrell Stolteben, as co-Trustees of the Stolteben Trust dated January 8, 1993, who acquired title as Lola Kimbrell Stolteben, as Trustee of the Stolteben Trust dated January 8, 1993.

APN: 047-340-13

PARCEL THREE:

Parcel 45, as shown on that certain map entitled "Parcel Map No. 9974", filed for record November 24, 1993, in Book 46, Page 4 of Parcel Maps, in the Office of the County Recorder of Kern County and certificates of correction thereto recorded January 7, 1994 as Instrument Nos. 1994003489; 1994003490 and 1994003491 and March 16, 1995 as Instrument No. 1995-32909 of Official Records of Kern County.

Except all minerals, and all gas, petroleum and other hydrocarbon substances in and under said property as reserved in the certain Grant Deed dated August 16, 1972, by and between Tejon Ranch Co., as Grantor, and Tejon Agricultural Partners, a limited partnership, as Grantee, recorded on August 16, 1972 in Book 4712, Page 24 of Official Records, County of Kern, State of California.

APN: 238-400-43-00

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A - Page 3

**TRACT THREE:**

PARCEL ONE:

The Southeast 1/4 of Section 25, Township 32 South, Range 26 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPT an undivided 1/2 interest in and to all oil, gas and other hydrocarbon substances and minerals within or underlying said land, as reserved in Deed from W.L. Scally, a single man, recorded January 2, 1958 in Book 2887, Page 454 of Official Records.

ALSO EXCEPT an undivided 1/8 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-050-17

PARCEL TWO:

The Fractional Southwest 1/4 of Section 30, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Records of Survey, in the Office of the County Recorder of said County.

EXCEPT an undivided 1/2 interest in and to all oil, gas, petroleum and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as reserved in deed from Amalie Durkin, dated September 25, 1952 recorded October 17, 1952 in Book 1995, Page 263 of Official Records.

ALSO EXCEPT an undivided $^1/_4$ interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted in Deed from R.L. Sanders, and Ruth Sanders, his wife, to Calflax Company, a California corporation dated November 9, 1959, recorded December 3, 1959 in Book 3217, Page 331 of Official Records.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A - Page 4

ALSO EXCEPT an undivided 1/8th interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted by South Lake Farms, a corporation, in deed recorded April 4, 1973 in Book 4778, Page 1355 of Official Records.

ALSO EXCEPT an undivided 1/32 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/16th interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-130-02

PARCEL THREE:

Easements for vehicular and pedestrian ingress and egress and also for underground electrical, power, telecommunications and water utilities as more particularly described in Grants of Easements Agreement dated October 17, 2014, executed by and between TBS Properties, LLC, a California limited liability company, Security F.S.E. Two-Hundred and Twenty- One, Inc., a California corporation and Security F.S.E. Two-Hundred and Twenty- Two, Inc., a California corporation recorded October 21, 2014 as Document No. 000214130740 of Official Records.

The following land situated in Fresno County, State of California:

**TRACT FOUR:**

The Northwest 1/4 of Section 35, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom 12.5 percent of all oil, gas, mineral, and other hydro-carbon substances as reserved by Richard Z. Lamberson and Jean H. Lamberson in Deed recorded January 20, 1982 in Book 7847 Page 529, Document Number 5481, Fresno County Records.

APN: 038-210-25-S

**EXHIBIT A-1**
**TO**
**DEED OF TRUST, SECURITY AGREEMENT,**
**ASSIGNMENT OF RENTS AND LEASES, AND FIXTURE FILING**

<u>**Certain Agreements Related to Water Rights**</u>

1. Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as successor in interest to Ingrid Shattuck, dated January 12, 1970, and recorded on January 20, 1970 in Book 4358, Page 610 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

2. Contract between Wheeler Ridge-Maricopa Water Storage District and 104 Partners, LLC, as successor in interest to Tejon Ranch Co., recorded on January 20, 1970 in Book 4358, Page 858 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

3. Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as successor in interest to Thomas F. Walsh and Judith C. Walsh, husband and wife, as to a 75% interest, and C & A Farms, LLC, as successor in interest to Thomas F. Walsh and Judith C. Walsh, husband and wife, as to a 25% interest, recorded on August 9, 1973 in Book 4798, Page 1581 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

4. Contract between Wheeler Ridge-Maricopa Water Storage District and Maricopa Orchards, LLC, as to an undivided 25% interest, and C & A Farms, LLC, as to an undivided 75% interest, as successor in interest to J. Stanley and Kathleen E. Antongiovanni, husband and wife as joint tenants, recorded on May 4, 2006, under Recorder's Serial No. 0206110225, in the Official Records of Kern County, California, as amended, assigned and modified from time to time.

5. Contract with Pond-Poso Improvement District of Semitropic Water Storage District recorded December 30, 1974 in Book 4874, Page 1978 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

6. Contract with Pond-Poso Improvement District of Semitropic Water Storage District recorded February 6, 1976 in Book 4880, Page 1327 of the Official Records of Kern County, California, as amended, assigned and modified from time to time.

7.    Well Sharing Agreement with Semitropic Improvement District of Semitropic Water Storage District dated May 9, 1974, and memorialized in that certain Memorandum of Agreement recorded September 16, 2014 under Recorder's Serial No. 0214112636, in the Official Records of Kern County, California, as amended, assigned and modified from time to time.

8.    Contract with Westlands Water District recorded December 15, 1975 in Book 6523, Page 802 of the Official Records of Fresno County, California, as amended, assigned and modified from time to time.

Deed of Trust
104 Partners, et.al.
Loan No. 198718
89923618.5 0053564-00282

Exhibit A-1 – Page 2