# EXHIBIT 5

**Consent to Transfer and Assumption Agreement**
Fresno

**Fresno County Recorder**
Paul Dictos, CPA

# 2021-0133772

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.: 1421000650-DB
APN: See legal attached

Recorded at the request of:
ERECORDING PARTNERS NETWORK

08/17/2021 01:39 16
Titles: 1       Pages: 16
Fees: $56.00
CA SB2 Fees:$0.00
Taxes:  $0.00
Total:  $56.00

WHEN RECORDED MAIL TO

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101



*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Consent to Transfer and Assumption Agreement

1  ☒  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2  ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4  ☐  Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached

------------------------------------------------ For Use in Select Counties ------------------------------------------------

5  ☐  Exempt from fee per GC27388.1a(2); document is subject to the imposition of documentary transfer tax

6  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____

7  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____

8  ☐  Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document                                                                      number(s)
_____

9  ☐  Exempt from fee under GC27388.1 for the following reasons:
_____

10  ☐  Exempt from fee per GC 27388.1(a)(1); not related to real property

11  ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12  ☐  Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure).

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.: 1421 0000650-DB
APN: See legal attached

WHEN RECORDED MAIL TO

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Consent to Transfer and Assumption Agreement

| | | |
|---|---|---|
| 1 | ☒ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax |
| 2 | ☐ | Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier |
| 3 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier |
| 4 | ☐ | Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached |

----------------------------------------------- For Use in Select Counties -------------------------------------------

| | | |
|---|---|---|
| 5 | ☐ | Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax |
| 6 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____ |
| 7 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____ |
| 8 | ☐ | Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document                                                                                                   number(s) _____ |
| 9 | ☐ | Exempt from fee under GC27388.1 for the following reasons: _____ |
| 10 | ☐ | Exempt from fee per GC 27388.1(a)(1); not related to real property |
| 11 | ☐ | Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state |
| 12 | ☐ | Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure). |

Recorded at Request of
Old Republic Title Company

1421000650-DB

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198718

Exempt from fee per GC27388.1;
document is subject to the imposition
of documentary transfer tax

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Fresno County and Kern County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of August _18_, 2021 (the "**Effective Date**"), by and among BETSY ELAINE GARCIA, a married woman as her sole and separate property (the "**Non-Borrower Trustor**"); 104 PARTNERS LLC, a California limited liability company, ACDF, LLC, a California limited liability company, MARICOPA ORCHARDS, LLC, a California limited liability company, and C & A FARMS, LLC a California limited liability company (collectively "**Borrowers**"); CANTUA ORCHARDS LLC, a California limited liability company (the "**Transferee Borrower**"); and BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware corporation, previously known as MetLife Insurance Company USA (the "**Beneficiary**").

## RECITALS

A.      The Non-Borrower Trustor is a trustor under that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing executed for the benefit of the Beneficiary dated as of February 28, 2017, and recorded on February 28, 2017 in the Official Records of Kern County, California as Document No. 0217026054 and in the Official Records of Fresno County as Document No. 2017-0026655-00 (the "**Deed of Trust**") encumbering certain real property (the "**Real Property**") located in said counties and state, including without limitation certain Real Property situated in Fresno County, California as more particularly described on Exhibit A attached hereto, and certain personal property as more particularly described therein (collectively, the "**Option Property**"). The Deed of Trust secures that certain Promissory Note dated February 28, 2017 made by Borrowers in the original principal amount of $11,400,000 (the "**Note**") and the other Indebtedness defined therein. Capitalized terms used but not defined herein shall have the meanings given in the Deed of Trust.

111959849.1 0053564-00529

B.    The Borrowers and Non-Borrower Trustor have requested that the Beneficiary consent to (i) the transfer of the ownership interests of the Non-Borrower Trustor in the Option Property (including any interest held, if any, in the water infrastructure, fixtures, water rights, growing crops, equipment and related personal property located on or used in connection with the Option Property) to the Transferee Borrower (the "**Transfer**"), (ii) the assumption of the Note and all other obligations under the Loan by the Transferee Borrower, and (iii) the assumption of all obligations under the Deed of Trust with respect to the Option Property by the Transferee Borrower (the "**Assumption**").    The Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

## AGREEMENTS

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by the Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1.    <u>Confirmation of Loan</u>.    The Deed of Trust and the Loan Documents secured thereby are hereby confirmed by the Borrowers, the Non-Borrower Trustor and the Transferee Borrower (collectively herein the "**Trustor Parties**") as being valid, in full force and effect and the Trustor Parties each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, and (b) the Beneficiary has performed all of its obligations, if any, to this date.

2.    <u>Consent to Transfer and Assumption</u>.    Subject to the conditions contained herein, the Beneficiary hereby consents to the Transfer and the Assumption.

3.    <u>Assumption of the Deed of Trust</u>.    The Transferee Borrower hereby assumes and agrees to perform, jointly and severally with all other trustors under the Deed of Trust, all of the obligations under the Deed of Trust and this Agreement arising from and after the Effective Date as and when due.    The Transferee Borrower agrees with the Beneficiary that this assumption specifically includes, without limitation, all of the Non-Borrower Trustor's covenants and indemnities regarding the Option Property, including, without limitation, all claims and demands asserted by the Beneficiary that relate to any condition of the Option Property, regardless of when such condition first failed to comply with the Deed of Trust, as well as the obligation to repay the balance of the Loan.

4.    <u>Assumption of Loan</u>.    Transferee Borrower hereby assumes and agrees to perform, jointly and severally with all other Borrowers, all of the obligations under the Note and the other Loan Documents to which the Borrowers are a party arising from and after the Effective Date as and when due.    As of the Effective Date, all references in the Deed of Trust, the Note and the other Loan Documents to the "Borrowers" or a "Borrower" are hereby amended to include the Transferee Borrower.    Transferee Borrower assumes and joins as a

2

party to that certain Contribution and Indemnity Agreement executed among the Borrowers in connection with the obligations arising under the Loan.

5.     Release of Non-Borrower Trustors.  The liability of the Non-Borrower Trustor under the Deed of Trust and the Loan shall be released and terminated as of the Effective Date.  On and after the Effective Date, all references in the Deed of Trust to "Trustor" or "Borrower" shall be modified to exclude the Non-Borrower Trustor.

6.     Release of Beneficiary.  As part of the consideration for this Agreement, the Trustor Parties hereby each acknowledge that they have no claims against the Beneficiary in connection with the Loan or the Transfer and the Assumption and release the Beneficiary from, and covenant not to bring any suit against the Beneficiary for, any such claim based on any facts existing on and prior to the closing date.  Said releasing parties acknowledge that this release extends to known and unknown claims.  Such parties acknowledge and agree that they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

"A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

7.     Representations and Warranties.  As of the Effective Date, the Transferee Borrower hereby represents and warrants to Beneficiary that

(a)     Transferee Borrower is not insolvent as of the date of this Agreement. Transferee Borrower will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein. Transferee Borrower is not, or is not about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption.  Transferee Borrower has not incurred, nor contemplates incurring, debts beyond Transferee Borrower's ability to pay as such debts become due.

3

(b) <u>Authority</u>. The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by the Transferee Borrower.

(c) <u>No Default</u>. No default or event of default under the Deed of Trust has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Deed of Trust.

(d) <u>Representations and Warranties</u>. All of the warranties and representations contained in the Deed of Trust are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

8. <u>Obligations Secured</u>. The Deed of Trust shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deed of Trust as so secured. Transferee Borrower acknowledges that it is acquiring the interest in the Property subject to the Deed of Trust and hereby grants to the Beneficiary as additional security for the Loans a security interest in any Personal Property, as such term is defined in the Deed of Trust, and the proceeds thereof, which are or hereafter become located upon, derived from or used in connection with the Option Property and all replacements, accessions and additions thereto as described in the Deed of Trust. Said security interest and the Beneficiary's rights with respect thereto shall be governed by the terms of the Deed of Trust, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by the Beneficiary of an amendment to the existing Financing Statement, or at Beneficiary's election, a new financing statement in which the Transferee Borrowers are identified as a debtor.

9. <u>Expense Reimbursements</u>. The Transferee Borrower shall reimburse the Beneficiary, or shall cause the Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by the Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated. If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrower within ten (10) days of Beneficiary's billing of such charges to Transferee Borrower.

10. <u>No Implied Modifications</u>. Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deed of Trust, the original priority of the Deed of Trust, or the rights, benefits, duties or obligations of the parties thereto.

4

11. <u>Integration</u>. All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Deed of Trust, the terms and provisions of which are incorporated herein by this reference and made a part hereof. If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Deed of Trust, the term or provision of this Agreement shall prevail.

12. <u>Entire Agreement; Amendments</u>. This Agreement and the Deed of Trust contain the entire agreement between the Non-Borrower Trustor, the Borrowers, the Transferee Borrower and the Beneficiary with respect to the Deed of Trust, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Deed of Trust. No amendment, modification, supplement, extension, termination or waiver of any provision of this Agreement, the Deed of Trust, or any other agreement executed in connection with any of the foregoing shall be effective unless in writing and signed by Beneficiary.

13. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

14. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument. The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document. Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

15. <u>Consent Limited; No Waiver</u>. The Beneficiary's consent in this Agreement is limited to this transaction only, and this Agreement shall not constitute a waiver or modification of any terms, provisions or requirements of the Deed of Trust in any respect except as herein specifically set forth or as otherwise expressly agreed to by the Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in the Trustors.

5

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**NON-BORROWER TRUSTOR:**

BETSY ELAINE GARCIA, a married woman as her sole and separate property Betsy Elaine Garcia

**BORROWERS:**

MARICOPA ORCHARDS, LLC,
a California limited liability company

By: _____
    Farid Assemi
    Its General Manager

By: _____
    Farshid Assemi.
    Its General Manager

By: _____
    Darius Assemi,
    Its General Manager

C & A FARMS, LLC,
a California limited liability company

By: _____
    Farid Assemi
    Its General Manager

By: _____
    Farshid Assemi
    Its General Manager

6

By: _____
    Darius Assemi,
    Its General Manager

ACDF, LLC,
a California limited liability company

By: _____
    Farid Assemi
    Its General Manager

By: _____
    Farshid Assemi
    Its General Manager

By: _____
    Darius Assemi,
    Its General Manager

104 PARTNERS, LLC,
a California limited liability company

By: _____
    Farid Assemi
    Its General Manager

By: _____
    Farshid Assemi
    Its General Manager

By: _____
    Darius Assemi,
    Its General Manager

7

**TRANSFEREE BORROWER:**

Cantua Orchards, LLC

CANTUA ORCHARDS, LLC,
a California limited liability company

By: _____
    Farid Assemi
    Its General Manager

By: _____
    Farshid Assemi
    Its General Manager

By: _____
    Darius Assemi
    Its General Manager

8

**BENEFICIARY:**

BRIGHTHOUSE LIFE INSURANCE COMPANY,
a Delaware corporation, previously known as
MetLife Insurance Company USA

By:   MetLife Investment Management, LLC,
      its investment manager


      By: _____
      Name: _Leonides A Moreno_
      Its: Authorized Signatory and Director

9

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA　　　　　)
　　　　　　　　　　　　　　　　)ss.
COUNTY OF _FRESNO_　　　　　)

On _August 16_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Fariद Assemi_ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC · CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

Notary Public in and for said
County and State

10

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             )ss.
COUNTY OF _Fresno_           )

On _August 16_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Fershid Assoni_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp April 20, 2022

Notary Public in and for said
County and State

11

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                        )
                                           )ss.
COUNTY OF _Fresno_                         )

On _August 16_____, 2021, before me, ____L. Diaz_____, a Notary Public in and for said State, personally appeared _Darius Assence_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC · CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

12

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                                        )ss.
COUNTY OF _FRESNO_            )

On _August 16_____, 2021, before me, _L. Diaz_____, a Notary Public in and for said State, personally appeared _Betsy Elaine Gomez_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.                    *t Gracia*

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC . CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

Notary Public in and for said
County and State

13

A notary public or other officer completing
this certificate verifies only the identity of
the individual who signed the document to
which this certificate is attached, and not
the truthfulness, accuracy, or validity of
that document.

STATE OF CALIFORNIA                           )
                                              )ss.
COUNTY OF  Fresno                             )

On  August  17  , 2021, before me,  Erin E. Thorpe  , a Notary Public
in and for said State, personally appeared Leonides A Moreno, who proved to me on the basis of
satisfactory evidence to be the person whose name is subscribed to the within instrument and
acknowledged to me that he/she executed the same in his/her authorized capacity, and that by
his/her signature on the instrument the person, or the entity upon behalf of which the person
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**ERIN E. THORPE**
**COMM. #2311628**
Notary Public · California
Fresno County
My Comm. Expires Dec. 4, 2023

Notary Public in and for said
County and State

13

111959849.1 0053564-00529

## EXHIBIT A

### (Legal Description)

That certain real property situated in Fresno County, California and more particularly described as follows:

APN: 038-210-25s

The Northwest ¼ of Section 35, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom 12.5 percent of all oil, gas, mineral and other hydrocarbon substances as reserved by Richard Z. Lamberson and Jean H. Lamberson in Deed recorded January 20, 1982 in Book 7847 Page 529, Document Number 5481, Fresno County Records.

111959849.1 0053564-00529

**Consent to Transfer and Assumption Agreement**
Kern

ЄⱣₙ Recorded at Request of
Old Republic Title Company

1421000650

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198718

Jon Lifquist, Assessor-Recorder

Kern County Official Records

SR
8/17/2021
02:42 PM

Recorded Electronically by:
451  Old Republic Title Company

DOC #: 221155378



221155378

| Stat Types: 1 | Pages: 19 |
|---|---|
| FEES | 67.00 |
| TAXES | .00 |
| OTHER | 225.00 |
| PAID | 292.00 |



---

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Fresno County and Kern County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of August *18*, 2021 (the "**Effective Date**"), by and among BETSY ELAINE GARCIA, a married woman as her sole and separate property (the "**Non-Borrower Trustor**"); 104 PARTNERS LLC, a California limited liability company, ACDF, LLC, a California limited liability company, MARICOPA ORCHARDS, LLC, a California limited liability company, and C & A FARMS, LLC a California limited liability company (collectively "**Borrowers**"); CANTUA ORCHARDS LLC, a California limited liability company (the "**Transferee Borrower**"); and BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware corporation, previously known as MetLife Insurance Company USA (the "**Beneficiary**").

## RECITALS

A.     The Non-Borrower Trustor is a trustor under that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing executed for the benefit of the Beneficiary dated as of February 28, 2017, and recorded on February 28, 2017 in the Official Records of Kern County, California as Document No. 0217026054 and in the Official Records of Fresno County as Document No. 2017-0026655-00 (the "**Deed of Trust**") encumbering certain real property (the "**Real Property**") located in said counties and state, including without limitation the Real Property situated in Fresno County, California as more particularly described on Exhibit A attached hereto, and certain personal property as more particularly described therein (collectively, the "**Option Property**"). The Deed of Trust secures that certain Promissory Note dated February 28, 2017 made by Borrowers in the original principal amount of $11,400,000 (the "**Note**") and the other Indebtedness defined therein. Capitalized terms used but not defined herein shall have the meanings given in the Deed of Trust.

111959849.1 0053564-00529

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington 98101

Loan No. 198718

---

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(This Agreement is executed in duplicate original counterparts for concurrent recording in Fresno County and Kern County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of August **18**, 2021 (the "**Effective Date**"), by and among BETSY ELAINE GARCIA, a married woman as her sole and separate property (the "**Non-Borrower Trustor**"); 104 PARTNERS LLC, a California limited liability company, ACDF, LLC, a California limited liability company, MARICOPA ORCHARDS, LLC, a California limited liability company, and C & A FARMS, LLC a California limited liability company (collectively "**Borrowers**"); CANTUA ORCHARDS LLC, a California limited liability company (the "**Transferee Borrower**"); and BRIGHTHOUSE LIFE INSURANCE COMPANY, a Delaware corporation, previously known as MetLife Insurance Company USA (the "**Beneficiary**").

## RECITALS

A.     The Non-Borrower Trustor is a trustor under that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing executed for the benefit of the Beneficiary dated as of February 28, 2017, and recorded on February 28, 2017 in the Official Records of Kern County, California as Document No. 0217026054 and in the Official Records of Fresno County as Document No. 2017-0026655-00 (the "**Deed of Trust**") encumbering certain real property (the "**Real Property**") located in said counties and state, including without limitation certain Real Property situated in Fresno County, California as more particularly described on Exhibit A attached hereto, and certain personal property as more particularly described therein (collectively, the "**Option Property**"). The Deed of Trust secures that certain Promissory Note dated February 28, 2017 made by Borrowers in the original principal amount of $11,400,000 (the "**Note**") and the other Indebtedness defined therein. Capitalized terms used but not defined herein shall have the meanings given in the Deed of Trust.

111959849.1 0053564-00529

B.     The Borrowers and Non-Borrower Trustor have requested that the Beneficiary consent to (i) the transfer of the ownership interests of the Non-Borrower Trustor in the Option Property (including any interest held, if any, in the water infrastructure, fixtures, water rights, growing crops, equipment and related personal property located on or used in connection with the Option Property) to the Transferee Borrower (the **"Transfer"**), (ii) the assumption of the Note and all other obligations under the Loan by the Transferee Borrower, and (iii) the assumption of all obligations under the Deed of Trust with respect to the Option Property by the Transferee Borrower (the **"Assumption"**).   The Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

## AGREEMENTS

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by the Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1.     Confirmation of Loan.   The Deed of Trust and the Loan Documents secured thereby are hereby confirmed by the Borrowers, the Non-Borrower Trustor and the Transferee Borrower (collectively herein the **"Trustor Parties"**) as being valid, in full force and effect and the Trustor Parties each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, and (b) the Beneficiary has performed all of its obligations, if any, to this date.

2.     Consent to Transfer and Assumption.   Subject to the conditions contained herein, the Beneficiary hereby consents to the Transfer and the Assumption.

3.     Assumption of the Deed of Trust.   The Transferee Borrower hereby assumes and agrees to perform, jointly and severally with all other trustors under the Deed of Trust, all of the obligations under the Deed of Trust and this Agreement arising from and after the Effective Date as and when due.   The Transferee Borrower agrees with the Beneficiary that this assumption specifically includes, without limitation, all of the Non-Borrower Trustor's covenants and indemnities regarding the Option Property, including, without limitation, all claims and demands asserted by the Beneficiary that relate to any condition of the Option Property, regardless of when such condition first failed to comply with the Deed of Trust, as well as the obligation to repay the balance of the Loan.

4.     Assumption of Loan.   Transferee Borrower hereby assumes and agrees to perform, jointly and severally with all other Borrowers, all of the obligations under the Note and the other Loan Documents to which the Borrowers are a party arising from and after the Effective Date as and when due.   As of the Effective Date, all references in the Deed of Trust, the Note and the other Loan Documents to the "Borrowers" or a "Borrower" are hereby amended to include the Transferee Borrower.   Transferee Borrower assumes and joins as a

111959849.1 0053564-00529

party to that certain Contribution and Indemnity Agreement executed among the Borrowers in connection with the obligations arising under the Loan.

5.    Release of Non-Borrower Trustors.  The liability of the Non-Borrower Trustor under the Deed of Trust and the Loan shall be released and terminated as of the Effective Date.  On and after the Effective Date, all references in the Deed of Trust to "Trustor" or "Borrower" shall be modified to exclude the Non-Borrower Trustor.

6.    Release of Beneficiary.  As part of the consideration for this Agreement, the Trustor Parties hereby each acknowledge that they have no claims against the Beneficiary in connection with the Loan or the Transfer and the Assumption and release the Beneficiary from, and covenant not to bring any suit against the Beneficiary for, any such claim based on any facts existing on and prior to the closing date.  Said releasing parties acknowledge that this release extends to known and unknown claims.  Such parties acknowledge and agree that they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

"A general release does not extend to the claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

7.    Representations and Warranties.  As of the Effective Date, the Transferee Borrower hereby represents and warrants to Beneficiary that

(a)    Transferee Borrower is not insolvent as of the date of this Agreement. Transferee Borrower will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein. Transferee Borrower is not, or is not about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption.  Transferee Borrower has not incurred, nor contemplates incurring, debts beyond Transferee Borrower's ability to pay as such debts become due.

3

(b)   <u>Authority</u>.   The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by the Transferee Borrower.

(c)   <u>No Default</u>.   No default or event of default under the Deed of Trust has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Deed of Trust.

(d)   <u>Representations and Warranties</u>.   All of the warranties and representations contained in the Deed of Trust are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

8.   <u>Obligations Secured</u>.   The Deed of Trust shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deed of Trust as so secured.   Transferee Borrower acknowledges that it is acquiring the interest in the Property subject to the Deed of Trust and hereby grants to the Beneficiary as additional security for the Loans a security interest in any Personal Property, as such term is defined in the Deed of Trust, and the proceeds thereof, which are or hereafter become located upon, derived from or used in connection with the Option Property and all replacements, accessions and additions thereto as described in the Deed of Trust.   Said security interest and the Beneficiary's rights with respect thereto shall be governed by the terms of the Deed of Trust, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by the Beneficiary of an amendment to the existing Financing Statement, or at Beneficiary's election, a new financing statement in which the Transferee Borrowers are identified as a debtor.

9.   <u>Expense Reimbursements</u>.   The Transferee Borrower shall reimburse the Beneficiary, or shall cause the Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by the Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated.   If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrower within ten (10) days of Beneficiary's billing of such charges to Transferee Borrower.

10.   <u>No Implied Modifications</u>.   Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deed of Trust, the original priority of the Deed of Trust, or the rights, benefits, duties or obligations of the parties thereto.

4

11.     <u>Integration</u>.  All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Deed of Trust, the terms and provisions of which are incorporated herein by this reference and made a part hereof.  If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Deed of Trust, the term or provision of this Agreement shall prevail.

12.     <u>Entire Agreement; Amendments</u>.   This  Agreement  and  the  Deed  of  Trust contain  the  entire  agreement  between  the  Non-Borrower  Trustor,  the  Borrowers,  the Transferee Borrower and the Beneficiary with respect to the Deed of Trust, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Deed of Trust.  No amendment, modification, supplement, extension, termination or waiver  of  any  provision  of  this  Agreement,  the  Deed  of  Trust,  or  any  other  agreement executed  in  connection  with  any  of  the  foregoing  shall  be  effective  unless  in  writing  and signed by Beneficiary.

13.     <u>Governing Law</u>.   This  Agreement  shall  be  governed  by  and  construed  in accordance with the laws of the State of California.

14.     <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument.  The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document.  Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

15.     <u>Consent Limited; No Waiver</u>.  The Beneficiary's consent in this Agreement is limited  to  this  transaction  only,  and  this  Agreement  shall  not  constitute  a  waiver  or modification of any terms, provisions or requirements of the Deed of Trust in any respect except as herein specifically set forth or as otherwise expressly agreed to by the Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in the Trustors.

5

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**NON-BORROWER TRUSTOR:**

BETSY ELAINE GARCIA, a married woman as her sole and separate property

**BORROWERS:**

MARICOPA ORCHARDS, LLC.,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi.
Its General Manager

By: _____
Darius Assemi,
Its General Manager

C & A FARMS, LLC,
a California limited liability company

By: _____
Farid Assemi
Its General Manager

By: _____
Farshid Assemi
Its General Manager

6

By: _____
       Darius Assemi,
       Its General Manager

ACDF, LLC,
a California limited liability company

By: _____
       Farid Assemi
       Its General Manager

By: _____
       Farshid Assemi
       Its General Manager

By: _____
       Darius Assemi,
       Its General Manager

104 PARTNERS, LLC,
a California limited liability company

By: _____
       Farid Assemi
       Its General Manager

By: _____
       Farshid Assemi
       Its General Manager

By: _____
       Darius Assemi,
       Its General Manager

111959849.1 0053564-00529

**TRANSFEREE BORROWER:**

CANTUA ORCHARDS, LLC,
a California limited liability company

By: _____
     Farid Assemi
     Its General Manager

By: _____
     Farshid Assemi
     Its General Manager

By: _____
     Darius Assemi
     Its General Manager

8

**BENEFICIARY:**

BRIGHTHOUSE LIFE INSURANCE COMPANY,
a Delaware corporation, previously known as
MetLife Insurance Company USA

By:    MetLife Investment Management, LLC,
       its investment manager

       By: _____
       Name: Leonides A. Moreno
       Its: Authorized Signatory and Director

9

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA               )
                                  )ss.
COUNTY OF _FRESNO_                )

On _August 17_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Betsy Elaine Garcia_ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC . CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

10

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA         )

                                   )ss.

COUNTY OF _Fresno_       )

On _August 16_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Farid Assemi_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
L. DIAZ
NOTARY PUBLIC . CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022
```

Notary Public in and for said
County and State

11

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA               )
                                  )ss.
COUNTY OF _FRESNO_                )

On _August 17_, 2021, before me, _L. Diaz_, a Notary Public in and for said State, personally appeared _Farshid Assemi_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

L. DIAZ
NOTARY PUBLIC . CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

_____
Notary Public in and for said
County and State

12

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                   )ss.
COUNTY OF  _FRESNO_                )

On _August 16_ , 2021, before me, _L. Diaz_ , a Notary Public in and for said State, personally appeared _Darius Assemi_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said
County and State

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

L. DIAZ
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2235602
FRESNO COUNTY
My Comm. Exp. April 20, 2022

13

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)ss.
COUNTY OF _Fresno_ )

On __August 17__, 2021, before me, __Erin E Thorpe__, a Notary Public in and for said State, personally appeared _Leonides A. Moreno_ who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ERIN E. THORPE
COMM. #2311628
Notary Public · California
Fresno County
My Comm. Expires Dec. 4, 2023

Notary Public in and for said
County and State

14

## EXHIBIT A

The following land situated in Kern County, State of California:

**TRACT ONE:**

The Southeast quarter of the Northeast quarter of Section 29, Township 32 South, Range 26 East, M.D.B. & M.

EXCEPTING, however, from the above described Parcel all minerals of whatsoever nature (including but not limited to oil, gas, other hydrocarbons and associated substances) in, under or which may be produced therefrom, together with all rights and privileges of ingress, egress, use and occupancy of, upon and within the surface and subsurface thereof as the owner of the aforesaid minerals may from time to time deem necessary or convenient in connection with the exploration, development and operation of said Parcel for the aforesaid minerals and the storing, handling, treating and transportation thereof, all without liability whatsoever to Grantee, her heirs, legal representatives, successors, or assigns, and all as conveyed by Grantor to SoniCo, Inc., a Delaware corporation, by Mineral Deed dated February 28, 1967 and recorded in Book 4030, at Page 28, Official Records of said County.

APN: 295-230-03

**TRACT TWO:**

**PARCEL ONE:**

The Southwest quarter of Section 33, Township 25 South, Range 24 East, M.D.B.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

Except that portion of Final Order of Condemnation recorded December 30, 1975 in Book 4931 Page 2128, described as the surface and upper 200 feet of the subsurface of the West 175 feet of the Southwest quarter of said Section 33;

Also except the surface and upper 200 feet of the subsurface of the West 295 feet of the South 290 feet of the Southwest quarter of said Section 33, except the Westerly 175 feet thereof;

Excepting and reserving therefrom all oil, gas, minerals and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without however, the right to enter in

and upon in any manner or in any manner explore, produce, or operate in or through the surface of the upper 200 feet of said fee simple Parcels, or do any other act in such manner as to interfere, directly or indirectly, with the primary purpose for which said Parcels were acquired or for which said Parcels are then being used;

Further excepting from Pond-Poso Canal right of way, as finally constructed and as shown upon the as-built drawings on file in the District, and reserving unto persons having an interest in the lands herein to be condemned, their successors in interest, a right appurtenant to the remainder of the land of which the part taken was a part, a right of way for purposes of ingress and egress over and along a strip of land approximately 20 feet in width lying within, parallel and adjacent to the right and left right of way line, of said Pond-Poso Canal, together with the privilege to cross said Pond-Poso Canal right of way at such crossings as are provided;

Further excepting from said Pond-Poso Canal right of way and reserving unto the persons having an interest in said Parcel, their successors in interest, a right appurtenant to the remainder of the lands of which that part taken was a part, the privilege of ingress and egress across those certain road crossings approximately 20 feet in width to be constructed and maintained by District; said road crossings to be located at approximately Pond-Poso Canal Stations 875+19 and 901+07 approximately 40 feet Northerly along said Canal centerline from the South boundary and at the intersection of said centerline of the North boundary, respectively, of the Southwest quarter of said Section 33, provided, however, that such privilege shall not be exercised by means other than the hereinabove described road crossings, and shall be exercised in such manner as to have due regard for the safety of said road crossing and so as not to interfere with the primary purpose for which said Parcel was acquired or for which said Parcel is then being used. Provided further, however, District, its successors and assigns, retain the right, at any time, and from time to time, to restrict access thereto for the purpose of preventing the creation of an easement or prescriptive right in the public for the use of said structure for ingress or egress or related purposes.

Further excepting therefrom that portion granted to the Semitropic Improvement District of Semitropic Water Storage District in deed recorded September 17, 2014 as Instrument No. 0214113265, being an area of land, described as the East 50 feet of the West 1,394.50 feet of the South 50 feet of the North 95 feet of the Southwest quarter of said Section 33;

Excepting and reserving therefrom all oil, gas minerals, and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without, however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in and through the surface of the upper 200 feet of said fee simple parcel.

APN: 047-340-36

Exhibit A - Page 2

PARCEL TWO:

The Southwest quarter of the Northwest quarter of Section 33, Township 25 South, Range 24 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Except therefrom the surface and upper 200 feet of the sub-surface of the West 175 feet of the Southwest quarter of the Northwest quarter of said Section 33, as acquired by Pond-Poso Improvement District of Semitropic Water Storage District, a California Water Storage District, in the Final Order of Condemnation arising from Superior Court Case No. 132129, recorded June 4, 1976 in Book 4960 Page 1549 of Official Records.

Also excepting all oil, gas, other hydrocarbon substances and minerals in and under said land reserved by Bank of America National Trust and Savings Association, as Trustee of Trust #10-10-021-5-003730 and #10-010-021-E-201210, by merger with Security Pacific National Bank, a National Banking Association, and Lionel A. Matthes, Jr., as successor Trustee of the Lionel A. Matthes Inter-Vivos, u/a dated July 6, 1981 and Ronald R. Stolteben and Lola Kimbrell Stolteben, as co-Trustees of the Stolteben Trust dated January 8, 1993, who acquired title as Lola Kimbrell Stolteben, as Trustee of the Stolteben Trust dated January 8, 1993.

APN: 047-340-13

PARCEL THREE:

Parcel 45, as shown on that certain map entitled "Parcel Map No. 9974", filed for record November 24, 1993, in Book 46, Page 4 of Parcel Maps, in the Office of the County Recorder of Kern County and certificates of correction thereto recorded January 7, 1994 as Instrument Nos. 1994003489; 1994003490 and 1994003491 and March 16, 1995 as Instrument No. 1995-32909 of Official Records of Kern County.

Except all minerals, and all gas, petroleum and other hydrocarbon substances in and under said property as reserved in the certain Grant Deed dated August 16, 1972, by and between Tejon Ranch Co., as Grantor, and Tejon Agricultural Partners, a limited partnership, as Grantee, recorded on August 16, 1972 in Book 4712, Page 24 of Official Records, County of Kern, State of California.

APN: 238-400-43-00

Exhibit A - Page 3

**TRACT THREE:**

PARCEL ONE:

The Southeast 1/4 of Section 25, Township 32 South, Range 26 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPT an undivided 1/2 interest in and to all oil, gas and other hydrocarbon substances and minerals within or underlying said land, as reserved in Deed from W.L. Scally, a single man, recorded January 2, 1958 in Book 2887, Page 454 of Official Records.

ALSO EXCEPT an undivided 1/8 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-050-17

PARCEL TWO:

The Fractional Southwest 1/4 of Section 30, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Records of Survey, in the Office of the County Recorder of said County.

EXCEPT an undivided 1/2 interest in and to all oil, gas, petroleum and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as reserved in deed from Amalie Durkin, dated September 25, 1952 recorded October 17, 1952 in Book 1995, Page 263 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted in Deed from R.L. Sanders, and Ruth Sanders, his wife, to Calflax Company, a California corporation dated November 9, 1959, recorded December 3, 1959 in Book 3217, Page 331 of Official Records.

Exhibit A - Page 4

ALSO EXCEPT an undivided 1/8th interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted by South Lake Farms, a corporation, in deed recorded April 4, 1973 in Book 4778, Page 1355 of Official Records.

ALSO EXCEPT an undivided 1/32 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/16th interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-130-02

PARCEL THREE:

Easements for vehicular and pedestrian ingress and egress and also for underground electrical, power, telecommunications and water utilities as more particularly described in Grants of Easements Agreement dated October 17, 2014, executed by and between TBS Properties, LLC, a California limited liability company, Security F.S.E. Two-Hundred and Twenty- One, Inc., a California corporation and Security F.S.E. Two-Hundred and Twenty- Two, Inc., a California corporation recorded October 21, 2014 as Document No. 000214130740 of Official Records.