# EXHIBIT 7

**DARIUS ASSEMI**
Loan Guaranty Agreement

## LOAN GUARANTY AGREEMENT

This LOAN GUARANTY AGREEMENT (this "**Guaranty**"), dated as of February 28, 2017, is made and entered into by DARIUS ASSEMI (a/k/a Dariush Assemi), a single man (the "**Guarantor**"), to and for the benefit of METLIFE INSURANCE COMPANY USA, a Delaware corporation ("**Lender**").

### RECITALS

A.      104 PARTNERS, LLC, a California limited liability company, ACDF, LLC, a California limited liability company, C & A FARMS, LLC, a California limited liability company, and MARICOPA ORCHARDS, LLC, a California limited liability company (collectively, "**Borrower**" or "**Borrowers**") are obtaining a loan (the "**Loan**") from Lender in the aggregate principal amount of up to Eleven Million Four Hundred Thousand and 00/100 Dollars ($11,400,000.00). The Loan will be evidenced by (i) a Promissory Note made by Borrower to the order of Lender dated as of even date herewith in the original principal amount of up to $11,400,000.00 (the "**Note**"), (ii) a Loan Agreement dated as of even date herewith executed by Borrower and Guarantor, among others (the "**Loan Agreement**"), and (iii) an Unsecured Indemnity Agreement dated as of even date herewith executed by Borrower and Guarantor, among others, for the benefit of Lender (the "**Indemnity**"). The Loan is secured by a Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing encumbering certain real and personal property situated in Fresno and Kern Counties, California (the "**Property**"), dated as of even date herewith and executed by Borrower, as trustor, for the benefit of Lender and is further evidenced and secured by such additional documents and instruments evidencing, securing or otherwise relating to the Loan, including, without limitation, such other documents and instruments described in the Loan Agreement or as Lender shall reasonably request (collectively with the Note, the Loan Agreement and the Indemnity, the "**Loan Documents**") to further evidence or perfect its security interest in the Collateral, as such term is defined in the Loan Agreement. A portion of the Loan evidenced by the Note will be advanced in multiple disbursements in accordance with the terms of the Loan Documents.

B.      As a condition to granting the Loan, Lender has required Guarantor to personally guarantee the Loan.

C.      Guarantor is a principal in one or more of the entities composing Borrower and will be benefited by the Loan to Borrower.

NOW THEREFORE FOR VALUE RECEIVED and to enable Borrower to obtain the Loan from Lender, GUARANTOR HEREBY UNCONDITIONALLY AND IRREVOCABLY GUARANTEES the Loan, on the terms set forth below:

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

1

1.     Liability. Guarantor hereby unconditionally and irrevocably guarantees and promises to pay the Loan pursuant to the terms of the Loan Documents, including all interest, attorneys' fees, expenses, collection costs and charges thereunder (collectively the "**Indebtedness**") to Lender, or order, whether at maturity, by acceleration, or otherwise, and to pay and perform the obligations of Borrower under the Loan Documents as and when due thereunder. The foregoing guaranty is not a guaranty of collection, but rather is an irrevocable, absolute and unconditional, continuing guaranty of payment and performance. In this regard, the Guarantor hereby waives any rights afforded by California Civil Code Section 2815 and acknowledges that the guaranty set forth in this Guaranty may not be revoked as to any present or future advances to or existing or additional liability incurred by the Borrower under the terms of the Loan Documents.

2.     Nature of Guaranty. The obligations hereunder are independent of the obligations of Borrower, or of any other person whomsoever, and a separate action or actions may from time to time be brought and prosecuted against Guarantor or any other guarantor of the Loan, whether action is or has been brought against Borrower or any other person, or whether Borrower or such other person is joined in any such action or actions. Guarantor agrees that its liability hereunder shall not be affected or impaired nor shall any guarantor be discharged in whole or in part, by any of the following-described occurrences, or any combination thereof with respect to Borrower or any other guarantor, or any partner or affiliate of Borrower, Guarantor or any other guarantor: death, incompetency, dissolution, insolvency, bankruptcy (whether or not Borrower or such other guarantor was granted a discharge with respect to the Loan or this Guaranty), litigation, or withdrawal; nor shall any action or inaction by Lender with respect to any such event affect Guarantor's liability in any manner. In the event of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to any Guarantor or to the property of any Guarantor, Lender shall be entitled and empowered, by intervention in such proceedings or otherwise: (a) to file and prove a claim for the whole amount of the indebtedness guaranteed hereby and to file such other papers or documents as may be necessary or advisable in order to have the claims of Lender (including any claims for the reasonable compensation, expenses, disbursements and advances of Lender and Lender's agents and counsel) allowed in such judicial proceedings; and (b) to collect and receive any monies or other property payable or deliverable on any such claims.

3.     Waivers of Notice. Lender shall be under no obligation whatsoever to make or to give to Borrower or to Guarantor, and Guarantor hereby waives, any demand, protest, or notice of any other kind, including presentment for payment, notice of nonpayment or dishonor, protest, notice of acceptance of this Guaranty, notice of existence, creation of incurring of new or additional indebtedness or of any action or nonaction on the part of Borrower or any other person whomsoever in connection with any obligation or evidence of indebtedness held by Lender, notice of any adverse change in the financial condition of Borrower or any Guarantor, and notice of any other fact that might materially increase the risk of Guarantor hereunder.

4.    <u>Waiver of Subrogation and Subordination of Rights against Borrower</u>. Guarantor hereby waives any right it may have against Borrower now or in the future for subrogation, indemnity, reimbursement, or contribution (collectively "**Subrogation Rights**") in any way related to or arising from the obligations hereby guaranteed until 367 days following Guarantor's payment hereunder. Guarantor agrees that the payment of any amount or amounts by Guarantor pursuant to this Guaranty shall not in any way entitle Guarantor, whether at law, in equity, or otherwise, to any right to (i) participate in any security held by Lender for the payment of the obligations guaranteed hereunder, or (ii) direct the application or disposition of any such security, or (iii) direct the enforcement of any such security. Guarantor further agrees that all other indebtedness and liabilities now or at any time hereafter owing by Borrower to Guarantor are hereby subordinated to the obligations guaranteed hereunder, and that, upon request of Lender during a continuance of a default under the Loan Documents, any payment of indebtedness owed by Borrower to Guarantor shall be received by Guarantor as trustee for Lender on account of the obligations guaranteed hereunder.

5.    <u>Application of Payments</u>. Lender is hereby authorized to apply, with or without notice to Guarantor, any and all payments from Borrower or Guarantor and any proceeds from any security for the Indebtedness to any obligation or obligations owed to Lender by Borrower, in such manner and order of priority as Lender sees fit, whether or not such obligation is due at the time of such application. Lender may, at any time appropriate during the continuance of a default under the Loan Documents, apply toward payment of Guarantor's obligations hereunder any moneys, credits or other property belonging to Guarantor in the possession or control of Lender (including all balances, credits, deposits and moneys), and Lender is hereby granted a first priority lien and security interest thereon.

6.    <u>Waivers of Surety Rights and Defenses</u>.

a.    <u>General Waiver</u>. Guarantor hereby waives any benefit of and any right to participate in any security for the Loan. Lender, at its sole discretion and without any notice to Guarantor whatsoever, may exercise any right or remedy which Lender may have, and Guarantor agrees to pay the Indebtedness despite the loss of any rights that Guarantor may suffer or the accrual of any defenses that Guarantor may acquire as a result of any action, inaction, or election on the part of Lender or its agents, all of which rights and defenses are hereby waived by Guarantor. Guarantor acknowledges that Lender's elections in the manner and timing of pursuing collection of the indebtedness and in foreclosing upon some or all of the security for the Loan may limit or destroy Guarantor's rights and remedies (including Subrogation Rights) against Borrower, and Guarantor waives any rights Guarantor may have to require Lender to protect or preserve any of Guarantor's rights and remedies as against Borrower and waive any defenses that Guarantor may have, whether based on estoppel or otherwise or on the loss of any right or remedy against Borrower (including Subrogation Rights). Without limiting the foregoing, Guarantor waives any rights and defenses arising out of any of the following:

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

3

(1)    the operation of Civil Code Sections 2845 and 2849, and Guarantor agrees to pay the Indebtedness despite Lender's failure to proceed against Borrower or any other person, firm or corporation and despite Lender's failure to exercise any right or remedy not otherwise available to Guarantor;

(2)    the failure of Lender to exercise diligence in collection or enforcement of the Loan;

(3)    the operation of any doctrine of laches or any statute of limitations affecting enforcement of the indebtedness against Borrower or affecting Guarantor's liability hereunder, and Guarantor agrees to pay the Indebtedness without regard to the running of time; to the extent that such defenses are deemed not fully waivable, Guarantor agrees that payment of any portion of the Indebtedness or other act which tolls or defeats any defense of laches or defense under any statute of limitations applicable to Borrower shall similarly operate to toll and defeat such defenses applicable to the liability of Guarantor;

(4)    the unenforceability of any document or instrument executed by Lender or by Borrower; and

(5)    all rights of subrogation, reimbursement, indemnification and contribution and any other rights and defenses that are or may become available to the Guarantor or other surety by reason of California Civil Code Sections 2787 to 2855, inclusive.

   b.    <u>Modifications of Indebtedness</u>. Lender is authorized to modify or waive any terms of the Loan Documents, to refinance the Loan, to accept partial payments, to modify, accelerate, extend, renew or change the time or manner for the payment of the Indebtedness or any installments payable thereon, to increase or decrease the rate of interest thereon, to release, substitute or add any one or more makers or endorsers on the Loan. Lender is hereby authorized to do any of the foregoing without notice to or additional consent by Guarantor, and Guarantor agrees that any such action by Lender shall not affect Guarantor's liability in any manner, and Guarantor waives the provisions of California Civil Code §2819.

   c.    <u>Waivers with Respect to Security</u>. Lender may subordinate the priority of any of its security interests securing the Indebtedness or this Guaranty and may release, surrender, sell, exchange, or substitute any rights or property interests now or hereafter held to secure the Loan or this Guaranty or accept any additional security to secure the Loan or this Guaranty, without notice to or additional consent by Guarantor. Lender may proceed against Guarantor for any amount hereby guaranteed without proceeding against or applying any security it now or hereafter holds, and the obligations of Guarantor hereunder shall be without regard to the

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

4

value of any security for the Loan. Guarantor specifically agrees that in the event of any deficiency resulting after the foreclosure of the Deed of Trust, Guarantor shall be and hereby is expressly made liable to Lender for the full amount of such deficiency, notwithstanding any provision of California law which may prevent Lender from enforcing such deficiency against Borrower or Borrower's successors and assigns. Without limiting the foregoing, Guarantor waives:

(1)     the operation of California Code of Civil Procedure Section 580d, and Guarantor agrees to pay any deficiency arising by reason of the Lender's exercise of a power of sale of collateral or security rather than pursuing judicial foreclosure, and Guarantor waives any defense under the rule of the case of <u>Union Bank v Gradsky</u> (1968) (265 C.A.2d 40);

(2)     the operation of California Code of Civil Procedure Section 580b, and Guarantor agrees to pay any deficiency arising by reason of Lender's private or judicial sale of any security given to Lender to secure the indebtedness, whether or not such credit was extended for the purchase price of said collateral;

(3)     the operation of California Code of Civil Procedure Sections 580a and 726 and Civil Code Sections 2849 and 2850, and Guarantor agrees to pay the Indebtedness without Lender first being required to pursue any or all of the security for the Indebtedness and agree to pay any deficiency arising by reason of a foreclosure (whether judicial or nonjudicial) without regard to the fair value of the security sold; and

(4)     the failure of Lender to perfect or maintain the perfection of any security interest in the collateral for the Loan or to record or register any lien or encumbrance thereon.

Also without limiting the generality of the foregoing, and pursuant to Section 2856 of the California Civil Code, Guarantor waives all rights and defenses that the Guarantor may have because the Loan is secured by real property. This means, among other things:

(i)     Lender may collect from the Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower;

(ii)     if Lender forecloses on any real property collateral pledged by the Borrower:

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

5

(A)   the amount of the debt may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and

(B)   Lender may collect from the Guarantor even if Lender, by foreclosing on the real property collateral has destroyed any right the Guarantor may have to collect from the Borrower.

This is an unconditional and irrevocable waiver of any rights and defenses the Guarantor may have because the Borrower's debt is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

7.    <u>Preferences</u>.  If any payment by Guarantor to Lender under this Guaranty is held to constitute a preference under any applicable bankruptcy laws, or if under applicable bankruptcy, insolvency, reorganization, fraudulent transfer, moratorium or other similar laws of general application with respect to creditors, Lender is required to refund part or all of any payment by Guarantor or pay the amount thereof to any other party, such payment to Lender shall not constitute a release from any liability hereunder, and Guarantor's liability hereunder shall be reinstated to such extent. This Guaranty shall continue to be effective, or reinstated, as the case may be, if at any time payment, or any part hereof due under the Loan, is rescinded or must otherwise be restored or returned by Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Borrower, or upon or as a result of the appointment of a received, intervener or conservator of, or trustee or similar officer for, Borrower or any substantial part of its property, or otherwise, all as though such payments had not been made.

8.    <u>Rights Cumulative</u>.  All rights, powers and remedies of Lender hereunder and under any other agreement now or at any time hereafter in force between Lender and Guarantor, or some of them, shall be cumulative and not alternative and shall be in addition to all rights, powers and remedies given to Lender by law. This Guaranty is in addition to such other security as Lender now or hereafter may have.

9.    <u>Death of Guarantor</u>.  The death of Guarantor will not be an Event of Default under this Guaranty or the Loan Agreement if any remaining Guarantor(s) collectively meet the Net Worth Requirement (as defined in the Loan Agreement) and at least two of the original Guarantors remain Guarantors with legal control of the Property. If the remaining Guarantor(s) collectively fail to meet the Net Worth Requirement, then the death of any Guarantor shall not be an Event of Default so long as the Borrowers or remaining Guarantor(s), within one hundred twenty (120) days of the subject event, cause another person or persons to assume the obligations of the deceased Guarantor under this Guaranty and the Environmental Agreement, so that the Guarantors (including any new Guarantor(s)) collectively meet the Net Worth Requirement and Guarantors have legal control over the Property. For purposes hereof, "legal control" shall mean

the power, either directly or indirectly, to exercise the authority of the Borrowers as owner of the Property, either as the majority shareholder of the common stock of a corporation, trustee of a trust, the sole general partner of a limited partnership, the managing general partner of a general partnership, or the manager or managing member of a limited liability company.  In either case, the Lender shall be promptly advised of the event of death.

10. <u>Miscellaneous</u>.

a. <u>Construction</u>. This Guaranty shall be construed in light of its reasonable meaning, without regard to California Civil Code §1654, and it shall not be strictly construed against or in favor of either party. The headings of Sections and Subsections are for the convenience of the reader only and shall not be used to construe the meaning of any provision of this Guaranty. Except as the context otherwise requires, the term "including" (and all variations of that word) will be construed as though immediately followed by the words "without limitation." Except as the context otherwise requires, any masculine or neutral pronoun shall be interpreted to include the other, both shall include the female, and the singular shall include the plural, and vice versa.

b. <u>Severability</u>. In the event that any provision of this Guaranty is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provision of this Guaranty.

c. <u>Governing Law</u>. This Guaranty shall be interpreted and enforced under the laws of the State of California applicable with respect to contracts made and to be performed in said State.

d. <u>Attorneys' Fees and Costs</u>. Guarantor agrees without demand to pay to and reimburse Lender for all costs, attorneys' fees and other expenses which it expends or incurs in the collection or enforcement of any obligation hereby guaranteed or in the enforcement of this Guaranty against Guarantor, including those incurred in any proceedings or actions in bankruptcy and those incurred in enforcement of any judgment.

e. <u>Binding Upon Successors</u>. This Guaranty shall inure to the benefit of the Lender, its successors and assigns, including the assignees of any obligations guaranteed hereby, and shall bind the successors and personal representatives of Guarantor.

f. <u>Entire Agreement</u>. This Guaranty contains the sole and entire understanding and agreement of the parties hereto with respect to its subject matter, notwithstanding any prior negotiations, discussions, commitments, representations, agreements or understandings. This Guaranty cannot be terminated or otherwise amended, changed or modified except by written instrument signed by the parties to be bound.

g.    <u>Unsecured Obligations</u>.  This Guaranty is not secured by the lien of the Deed of Trust or any of the other Collateral defined in the Loan Agreement.

h.    <u>Multiple Disbursements</u>.   Guarantor acknowledges that the proceeds of the Loan evidenced by the Note will be advanced in multiple disbursements under the terms of the Loan Documents.  No consent or approval of any Guarantor shall be required or necessary as a condition of any such disbursement.

**THE UNDERSIGNED REPRESENTS THAT HE HAS READ AND UNDERSTANDS ALL OF THE PROVISIONS OF THIS GUARANTY AND IS PREPARED TO PAY AND PERFORM ALL OF THE INDEBTEDNESS TO LENDER.**

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

8

IN WITNESS WHEREOF, this Guaranty is executed by Guarantor as of the date first set forth above.

GUARANTOR:

DARIUS ASSEMI (a/k/a Dariush Assemi)

Loan Guaranty Agreement - Darius Assemi
104 Partners, et. al.
Loan No. 198718
89936338.3 0053564-00282

9

**FARID ASSEMI**
Loan Guaranty Agreement

## LOAN GUARANTY AGREEMENT

This LOAN GUARANTY AGREEMENT (this "**Guaranty**"), dated as of February 28, 2017, is made and entered into by FARID ASSEMI, a married man ("**Guarantor**"), to and for the benefit of METLIFE INSURANCE COMPANY USA, a Delaware corporation ("**Lender**").

### RECITALS

A.     104 PARTNERS, LLC, a California limited liability company, ACDF, LLC, a California limited liability company, C & A FARMS, LLC, a California limited liability company, and MARICOPA ORCHARDS, LLC, a California limited liability company (collectively, "**Borrower**" or "**Borrowers**") are obtaining a loan (the "**Loan**") from Lender in the aggregate principal amount of up to Eleven Million Four Hundred Thousand and 00/100 Dollars ($11,400,000.00). The Loan will be evidenced by (i) a Promissory Note made by Borrower to the order of Lender dated as of even date herewith in the original principal amount of up to $11,400,000.00 (the "**Note**"), (ii) a Loan Agreement dated as of even date herewith executed by Borrower and Guarantor, among others (the "**Loan Agreement**"), and (iii) an Unsecured Indemnity Agreement dated as of even date herewith executed by Borrower and Guarantor, among others for the benefit of Lender (the "**Indemnity**"). The Loan is secured by a Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing encumbering certain real and personal property situated in Fresno and Kern Counties, California (the "**Property**"), dated as of even date herewith and executed by Borrower, as trustor, for the benefit of Lender and is further evidenced and secured by such additional documents and instruments evidencing, securing or otherwise relating to the Loan, including, without limitation, such other documents and instruments described in the Loan Agreement or as Lender shall reasonably request (collectively with the Note, the Loan Agreement and the Indemnity, the "**Loan Documents**") to further evidence or perfect its security interest in the Collateral, as such term is defined in the Loan Agreement. A portion of the Loan evidenced by the Note will be advanced in multiple disbursements in accordance with the terms of the Loan Documents.

B.     As a condition to granting the Loan, Lender has required Guarantor to personally guarantee the Loan.

C.     Guarantor is a principal in one or more of the entities composing Borrower and will be benefited by the Loan to Borrower.

NOW THEREFORE FOR VALUE RECEIVED and to enable Borrower to obtain the Loan from Lender, GUARANTOR HEREBY UNCONDITIONALLY AND IRREVOCABLY GUARANTEES the Loan, on the terms set forth below:

1.     <u>Liability</u>. Guarantor hereby unconditionally and irrevocably guarantees and promises to pay the Loan pursuant to the terms of the Loan Documents, including all interest,

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

1

attorneys' fees, expenses, collection costs and charges thereunder (collectively the "**Indebtedness**") to Lender, or order, whether at maturity, by acceleration, or otherwise, and to pay and perform the obligations of Borrower under the Loan Documents as and when due thereunder. The foregoing guaranty is not a guaranty of collection, but rather is an irrevocable, absolute and unconditional, continuing guaranty of payment and performance. In this regard, the Guarantor hereby waives any rights afforded by California Civil Code Section 2815 and acknowledges that the guaranty set forth in this Guaranty may not be revoked as to any present or future advances to or existing or additional liability incurred by the Borrower under the terms of the Loan Documents.

        2.    <u>Nature of Guaranty</u>. The obligations hereunder are independent of the obligations of Borrower, or of any other person whomsoever, and a separate action or actions may from time to time be brought and prosecuted against Guarantor or any other guarantor of the Loan, whether action is or has been brought against Borrower or any other person, or whether Borrower or such other person is joined in any such action or actions. Guarantor agrees that its liability hereunder shall not be affected or impaired nor shall any guarantor be discharged in whole or in part, by any of the following-described occurrences, or any combination thereof with respect to Borrower or any other guarantor, or any partner or affiliate of Borrower, Guarantor or any other guarantor: death, incompetency, dissolution, insolvency, bankruptcy (whether or not Borrower or such other guarantor was granted a discharge with respect to the Loan or this Guaranty), litigation, or withdrawal; nor shall any action or inaction by Lender with respect to any such event affect Guarantor's liability in any manner. In the event of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to any Guarantor or to the property of any Guarantor, Lender shall be entitled and empowered, by intervention in such proceedings or otherwise: (a) to file and prove a claim for the whole amount of the indebtedness guaranteed hereby and to file such other papers or documents as may be necessary or advisable in order to have the claims of Lender (including any claims for the reasonable compensation, expenses, disbursements and advances of Lender and Lender's agents and counsel) allowed in such judicial proceedings; and (b) to collect and receive any monies or other property payable or deliverable on any such claims.

        3.    <u>Waivers of Notice</u>. Lender shall be under no obligation whatsoever to make or to give to Borrower or to Guarantor, and Guarantor hereby waives, any demand, protest, or notice of any other kind, including presentment for payment, notice of nonpayment or dishonor, protest, notice of acceptance of this Guaranty, notice of existence, creation of incurring of new or additional indebtedness or of any action or nonaction on the part of Borrower or any other person whomsoever in connection with any obligation or evidence of indebtedness held by Lender, notice of any adverse change in the financial condition of Borrower or any Guarantor, and notice of any other fact that might materially increase the risk of Guarantor hereunder.

        4.    <u>Waiver of Subrogation and Subordination of Rights against Borrower</u>. Guarantor hereby waives any right it may have against Borrower now or in the future for

Loan Guaranty Agreement - Farid Assemi                2
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

subrogation, indemnity, reimbursement, or contribution (collectively "**Subrogation Rights**") in any way related to or arising from the obligations hereby guaranteed until 367 days following Guarantor's payment hereunder. Guarantor agrees that the payment of any amount or amounts by Guarantor pursuant to this Guaranty shall not in any way entitle Guarantor, whether at law, in equity, or otherwise, to any right to (i) participate in any security held by Lender for the payment of the obligations guaranteed hereunder, or (ii) direct the application or disposition of any such security, or (iii) direct the enforcement of any such security. Guarantor further agrees that all other indebtedness and liabilities now or at any time hereafter owing by Borrower to Guarantor are hereby subordinated to the obligations guaranteed hereunder, and that, upon request of Lender during a continuance of a default under the Loan Documents, any payment of indebtedness owed by Borrower to Guarantor shall be received by Guarantor as trustee for Lender on account of the obligations guaranteed hereunder.

5.    Application of Payments. Lender is hereby authorized to apply, with or without notice to Guarantor, any and all payments from Borrower or Guarantor and any proceeds from any security for the Indebtedness to any obligation or obligations owed to Lender by Borrower, in such manner and order of priority as Lender sees fit, whether or not such obligation is due at the time of such application. Lender may, at any time appropriate during the continuance of a default under the Loan Documents, apply toward payment of Guarantor's obligations hereunder any moneys, credits or other property belonging to Guarantor in the possession or control of Lender (including all balances, credits, deposits and moneys), and Lender is hereby granted a first priority lien and security interest thereon.

6.    Waivers of Surety Rights and Defenses.

a.    General Waiver. Guarantor hereby waives any benefit of and any right to participate in any security for the Loan. Lender, at its sole discretion and without any notice to Guarantor whatsoever, may exercise any right or remedy which Lender may have, and Guarantor agrees to pay the Indebtedness despite the loss of any rights that Guarantor may suffer or the accrual of any defenses that Guarantor may acquire as a result of any action, inaction, or election on the part of Lender or its agents, all of which rights and defenses are hereby waived by Guarantor. Guarantor acknowledges that Lender's elections in the manner and timing of pursuing collection of the indebtedness and in foreclosing upon some or all of the security for the Loan may limit or destroy Guarantor's rights and remedies (including Subrogation Rights) against Borrower, and Guarantor waives any rights Guarantor may have to require Lender to protect or preserve any of Guarantor's rights and remedies as against Borrower and waive any defenses that Guarantor may have, whether based on estoppel or otherwise or on the loss of any right or remedy against Borrower (including Subrogation Rights). Without limiting the foregoing, Guarantor waives any rights and defenses arising out of any of the following:

(1)    the operation of Civil Code Sections 2845 and 2849, and Guarantor agrees to pay the Indebtedness despite Lender's failure to proceed

against Borrower or any other person, firm or corporation and despite Lender's failure to exercise any right or remedy not otherwise available to Guarantor;

(2)    the failure of Lender to exercise diligence in collection or enforcement of the Loan;

(3)    the operation of any doctrine of laches or any statute of limitations affecting enforcement of the indebtedness against Borrower or affecting Guarantor's liability hereunder, and Guarantor agrees to pay the Indebtedness without regard to the running of time; to the extent that such defenses are deemed not fully waivable, Guarantor agrees that payment of any portion of the Indebtedness or other act which tolls or defeats any defense of laches or defense under any statute of limitations applicable to Borrower shall similarly operate to toll and defeat such defenses applicable to the liability of Guarantor;

(4)    the unenforceability of any document or instrument executed by Lender or by Borrower; and

(5)    all rights of subrogation, reimbursement, indemnification and contribution and any other rights and defenses that are or may become available to the Guarantor or other surety by reason of California Civil Code Sections 2787 to 2855, inclusive.

b.    <u>Modifications of Indebtedness</u>. Lender is authorized to modify or waive any terms of the Loan Documents, to refinance the Loan, to accept partial payments, to modify, accelerate, extend, renew or change the time or manner for the payment of the Indebtedness or any installments payable thereon, to increase or decrease the rate of interest thereon, to release, substitute or add any one or more makers or endorsers on the Loan. Lender is hereby authorized to do any of the foregoing without notice to or additional consent by Guarantor, and Guarantor agrees that any such action by Lender shall not affect Guarantor's liability in any manner, and Guarantor waives the provisions of California Civil Code §2819.

c.    <u>Waivers with Respect to Security</u>. Lender may subordinate the priority of any of its security interests securing the Indebtedness or this Guaranty and may release, surrender, sell, exchange, or substitute any rights or property interests now or hereafter held to secure the Loan or this Guaranty or accept any additional security to secure the Loan or this Guaranty, without notice to or additional consent by Guarantor. Lender may proceed against Guarantor for any amount hereby guaranteed without proceeding against or applying any security it now or hereafter holds, and the obligations of Guarantor hereunder shall be without regard to the value of any security for the Loan. Guarantor specifically agrees that in the event of any deficiency resulting after the foreclosure of the Deed of Trust, Guarantor shall be and hereby is expressly

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

4

made liable to Lender for the full amount of such deficiency, notwithstanding any provision of California law which may prevent Lender from enforcing such deficiency against Borrower or Borrower's successors and assigns. Without limiting the foregoing, Guarantor waives:

(1)    the operation of California Code of Civil Procedure Section 580d, and Guarantor agrees to pay any deficiency arising by reason of the Lender's exercise of a power of sale of collateral or security rather than pursuing judicial foreclosure, and Guarantor waives any defense under the rule of the case of Union Bank v Gradsky (1968) (265 C.A.2d 40);

(2)    the operation of California Code of Civil Procedure Section 580b, and Guarantor agrees to pay any deficiency arising by reason of Lender's private or judicial sale of any security given to Lender to secure the indebtedness, whether or not such credit was extended for the purchase price of said collateral;

(3)    the operation of California Code of Civil Procedure Sections 580a and 726 and Civil Code Sections 2849 and 2850, and Guarantor agrees to pay the Indebtedness without Lender first being required to pursue any or all of the security for the Indebtedness and agree to pay any deficiency arising by reason of a foreclosure (whether judicial or nonjudicial) without regard to the fair value of the security sold; and

(4)    the failure of Lender to perfect or maintain the perfection of any security interest in the collateral for the Loan or to record or register any lien or encumbrance thereon.

Also without limiting the generality of the foregoing, and pursuant to Section 2856 of the California Civil Code, Guarantor waives all rights and defenses that the Guarantor may have because the Loan is secured by real property. This means, among other things:

(i)    Lender may collect from the Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower;

(ii)    if Lender forecloses on any real property collateral pledged by the Borrower:

(A)    the amount of the debt may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

5

(B)   Lender may collect from the Guarantor even if Lender, by foreclosing on the real property collateral has destroyed any right the Guarantor may have to collect from the Borrower.

This is an unconditional and irrevocable waiver of any rights and defenses the Guarantor may have because the Borrower's debt is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

7.   Preferences.  If any payment by Guarantor to Lender under this Guaranty is held to constitute a preference under any applicable bankruptcy laws, or if under applicable bankruptcy, insolvency, reorganization, fraudulent transfer, moratorium or other similar laws of general application with respect to creditors, Lender is required to refund part or all of any payment by Guarantor or pay the amount thereof to any other party, such payment to Lender shall not constitute a release from any liability hereunder, and Guarantor's liability hereunder shall be reinstated to such extent. This Guaranty shall continue to be effective, or reinstated, as the case may be, if at any time payment, or any part hereof due under the Loan, is rescinded or must otherwise be restored or returned by Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Borrower, or upon or as a result of the appointment of a received, intervener or conservator of, or trustee or similar officer for, Borrower or any substantial part of its property, or otherwise, all as though such payments had not been made.

8.   Rights Cumulative.  All rights, powers and remedies of Lender hereunder and under any other agreement now or at any time hereafter in force between Lender and Guarantor, or some of them, shall be cumulative and not alternative and shall be in addition to all rights, powers and remedies given to Lender by law. This Guaranty is in addition to such other security as Lender now or hereafter may have.

9.   Death of Guarantor.  The death of Guarantor will not be an Event of Default under this Guaranty or the Loan Agreement if any remaining Guarantor(s) collectively meet the Net Worth Requirement (as defined in the Loan Agreement) and at least two of the original Guarantors remain Guarantors with legal control of the Property.  If the remaining Guarantor(s) collectively fail to meet the Net Worth Requirement, then the death of any Guarantor shall not be an Event of Default so long as the Borrowers or remaining Guarantor(s), within one hundred twenty (120) days of the subject event, cause another person or persons to assume the obligations of the deceased Guarantor under this Guaranty and the Environmental Agreement, so that the Guarantors (including any new Guarantor(s)) collectively meet the Net Worth Requirement and Guarantors have legal control over the Property.  For purposes hereof, "legal control" shall mean the power, either directly or indirectly, to exercise the authority of the Borrowers as owner of the Property, either as the majority shareholder of the common stock of a corporation, trustee of a trust, the sole general partner of a limited partnership, the managing general partner of a general

partnership, or the manager or managing member of a limited liability company. In either case, the Lender shall be promptly advised of the event of death.

10. <u>Miscellaneous</u>.

a. <u>Construction</u>. This Guaranty shall be construed in light of its reasonable meaning, without regard to California Civil Code §1654, and it shall not be strictly construed against or in favor of either party. The headings of Sections and Subsections are for the convenience of the reader only and shall not be used to construe the meaning of any provision of this Guaranty. Except as the context otherwise requires, the term "including" (and all variations of that word) will be construed as though immediately followed by the words "without limitation." Except as the context otherwise requires, any masculine or neutral pronoun shall be interpreted to include the other, both shall include the female, and the singular shall include the plural, and vice versa.

b. <u>Severability</u>. In the event that any provision of this Guaranty is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provision of this Guaranty.

c. <u>Governing Law</u>. This Guaranty shall be interpreted and enforced under the laws of the State of California applicable with respect to contracts made and to be performed in said State.

d. <u>Attorneys' Fees and Costs</u>. Guarantor agrees without demand to pay to and reimburse Lender for all costs, attorneys' fees and other expenses which it expends or incurs in the collection or enforcement of any obligation hereby guaranteed or in the enforcement of this Guaranty against Guarantor, including those incurred in any proceedings or actions in bankruptcy and those incurred in enforcement of any judgment.

e. <u>Binding Upon Successors</u>. This Guaranty shall inure to the benefit of the Lender, its successors and assigns, including the assignees of any obligations guaranteed hereby, and shall bind the successors and personal representatives of Guarantor.

f. <u>Entire Agreement</u>. This Guaranty contains the sole and entire understanding and agreement of the parties hereto with respect to its subject matter, notwithstanding any prior negotiations, discussions, commitments, representations, agreements or understandings. This Guaranty cannot be terminated or otherwise amended, changed or modified except by written instrument signed by the parties to be bound.

g. <u>Unsecured Obligations</u>. This Guaranty is not secured by the lien of the Deed of Trust or any of the other Collateral defined in the Loan Agreement.

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

7

h.   <u>Multiple Disbursements</u>.   Guarantor acknowledges that the proceeds of the Loan evidenced by the Note will be advanced in multiple disbursements under the terms of the Loan Documents.  No consent or approval of any Guarantor shall be required or necessary as a condition of any such disbursement.

**THE UNDERSIGNED REPRESENTS THAT HE HAS READ AND UNDERSTANDS ALL OF THE PROVISIONS OF THIS GUARANTY AND IS PREPARED TO PAY AND PERFORM ALL OF THE INDEBTEDNESS TO LENDER.**

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

8

IN WITNESS WHEREOF, this Guaranty is executed by Guarantor as of the date first set forth above.

GUARANTOR:

FARID ASSEMI

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

9

## SPOUSAL CONSENT

The undersigned, as the spouse of FARID ASSEMI, hereby signs and consents to this "Guaranty" for the purpose of binding and consenting to the commitment of the marital community property of FARID ASSEMI and the undersigned as assets available for satisfaction of obligations under the Guaranty, and for the purpose of acknowledging and agreeing that (i) no consent of the undersigned shall be required for any future modification of the Guaranty or the obligations undertaken thereunder, and (ii) any community property of FARID ASSEMI and the undersigned which shall hereafter be transmuted into separate property of the undersigned shall be available for satisfaction of obligations under the Guaranty.

By: _____
　　　Cheryl Assemi

Loan Guaranty Agreement - Farid Assemi
104 Partners, et. al.
Loan No. 198718
89936171.3 0053564-00282

10

**FARSHID ASSEMI**
Loan Guaranty Agreement

## LOAN GUARANTY AGREEMENT

This LOAN GUARANTY AGREEMENT (this "**Guaranty**"), dated as of February 28, 2017, is made and entered into by FARSHID ASSEMI, a married man ("**Guarantor**"), to and for the benefit of METLIFE INSURANCE COMPANY USA, a Delaware corporation ("**Lender**").

## RECITALS

A.      104 PARTNERS, LLC, a California limited liability company, ACDF, LLC, a California limited liability company, C & A FARMS, LLC, a California limited liability company, and MARICOPA ORCHARDS, LLC, a California limited liability company (collectively, "**Borrower**" or "**Borrowers**") are obtaining a loan (the "**Loan**") from Lender in the aggregate principal amount of up to Eleven Million Four Hundred Thousand and 00/100 Dollars ($11,400,000.00).  The Loan will be evidenced by (i) a Promissory Note made by Borrower to the order of Lender dated as of even date herewith in the original principal amount of up to $11,400,000.00 (the "**Note**"), (ii) a Loan Agreement dated as of even date herewith executed by Borrower and Guarantor, among others (the "**Loan Agreement**"), and (iii) an Unsecured Indemnity Agreement dated as of even date herewith executed by Borrower and Guarantor, among others for the benefit of Lender (the "**Indemnity**").  The Loan is secured by a Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing encumbering certain real and personal property situated in Fresno and Kern Counties, California (the "**Property**"), dated as of even date herewith and executed by Borrower, as trustor, for the benefit of Lender and is further evidenced and secured by such additional documents and instruments evidencing, securing or otherwise relating to the Loan, including, without limitation, such other documents and instruments described in the Loan Agreement or as Lender shall reasonably request (collectively with the Note, the Loan Agreement and the Indemnity, the "**Loan Documents**") to further evidence or perfect its security interest in the Collateral, as such term is defined in the Loan Agreement.  A portion of the Loan evidenced by the Note will be advanced in multiple disbursements in accordance with the terms of the Loan Documents.

B.      As a condition to granting the Loan, Lender has required Guarantor to personally guarantee the Loan.

C.      Guarantor is a principal in one or more of the entities composing Borrower and will be benefited by the Loan to Borrower.

NOW THEREFORE FOR VALUE RECEIVED and to enable Borrower to obtain the Loan from Lender, GUARANTOR HEREBY UNCONDITIONALLY AND IRREVOCABLY GUARANTEES the Loan, on the terms set forth below:

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

1

1.    Liability. Guarantor hereby unconditionally and irrevocably guarantees and promises to pay the Loan pursuant to the terms of the Loan Documents, including all interest, attorneys' fees, expenses, collection costs and charges thereunder (collectively the "**Indebtedness**") to Lender, or order, whether at maturity, by acceleration, or otherwise, and to pay and perform the obligations of Borrower under the Loan Documents as and when due thereunder. The foregoing guaranty is not a guaranty of collection, but rather is an irrevocable, absolute and unconditional, continuing guaranty of payment and performance. In this regard, the Guarantor hereby waives any rights afforded by California Civil Code Section 2815 and acknowledges that the guaranty set forth in this Guaranty may not be revoked as to any present or future advances to or existing or additional liability incurred by the Borrower under the terms of the Loan Documents.

2.    Nature of Guaranty. The obligations hereunder are independent of the obligations of Borrower, or of any other person whomsoever, and a separate action or actions may from time to time be brought and prosecuted against Guarantor or any other guarantor of the Loan, whether action is or has been brought against Borrower or any other person, or whether Borrower or such other person is joined in any such action or actions. Guarantor agrees that its liability hereunder shall not be affected or impaired nor shall any guarantor be discharged in whole or in part, by any of the following-described occurrences, or any combination thereof with respect to Borrower or any other guarantor, or any partner or affiliate of Borrower, Guarantor or any other guarantor: death, incompetency, dissolution, insolvency, bankruptcy (whether or not Borrower or such other guarantor was granted a discharge with respect to the Loan or this Guaranty), litigation, or withdrawal; nor shall any action or inaction by Lender with respect to any such event affect Guarantor's liability in any manner. In the event of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to any Guarantor or to the property of any Guarantor, Lender shall be entitled and empowered, by intervention in such proceedings or otherwise: (a) to file and prove a claim for the whole amount of the indebtedness guaranteed hereby and to file such other papers or documents as may be necessary or advisable in order to have the claims of Lender (including any claims for the reasonable compensation, expenses, disbursements and advances of Lender and Lender's agents and counsel) allowed in such judicial proceedings; and (b) to collect and receive any monies or other property payable or deliverable on any such claims.

3.    Waivers of Notice. Lender shall be under no obligation whatsoever to make or to give to Borrower or to Guarantor, and Guarantor hereby waives, any demand, protest, or notice of any other kind, including presentment for payment, notice of nonpayment or dishonor, protest, notice of acceptance of this Guaranty, notice of existence, creation of incurring of new or additional indebtedness or of any action or nonaction on the part of Borrower or any other person whomsoever in connection with any obligation or evidence of indebtedness held by Lender, notice of any adverse change in the financial condition of Borrower or any Guarantor, and notice of any other fact that might materially increase the risk of Guarantor hereunder.

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

2

      4.     <u>Waiver of Subrogation and Subordination of Rights against Borrower</u>. Guarantor hereby waives any right it may have against Borrower now or in the future for subrogation, indemnity, reimbursement, or contribution (collectively "**Subrogation Rights**") in any way related to or arising from the obligations hereby guaranteed until 367 days following Guarantor's payment hereunder. Guarantor agrees that the payment of any amount or amounts by Guarantor pursuant to this Guaranty shall not in any way entitle Guarantor, whether at law, in equity, or otherwise, to any right to (i) participate in any security held by Lender for the payment of the obligations guaranteed hereunder, or (ii) direct the application or disposition of any such security, or (iii) direct the enforcement of any such security. Guarantor further agrees that all other indebtedness and liabilities now or at any time hereafter owing by Borrower to Guarantor are hereby subordinated to the obligations guaranteed hereunder, and that, upon request of Lender during a continuance of a default under the Loan Documents, any payment of indebtedness owed by Borrower to Guarantor shall be received by Guarantor as trustee for Lender on account of the obligations guaranteed hereunder.

      5.     <u>Application of Payments</u>. Lender is hereby authorized to apply, with or without notice to Guarantor, any and all payments from Borrower or Guarantor and any proceeds from any security for the Indebtedness to any obligation or obligations owed to Lender by Borrower, in such manner and order of priority as Lender sees fit, whether or not such obligation is due at the time of such application. Lender may, at any time appropriate during the continuance of a default under the Loan Documents, apply toward payment of Guarantor's obligations hereunder any moneys, credits or other property belonging to Guarantor in the possession or control of Lender (including all balances, credits, deposits and moneys), and Lender is hereby granted a first priority lien and security interest thereon.

      6.     <u>Waivers of Surety Rights and Defenses</u>.

      a.     <u>General Waiver</u>. Guarantor hereby waives any benefit of and any right to participate in any security for the Loan. Lender, at its sole discretion and without any notice to Guarantor whatsoever, may exercise any right or remedy which Lender may have, and Guarantor agrees to pay the Indebtedness despite the loss of any rights that Guarantor may suffer or the accrual of any defenses that Guarantor may acquire as a result of any action, inaction, or election on the part of Lender or its agents, all of which rights and defenses are hereby waived by Guarantor. Guarantor acknowledges that Lender's elections in the manner and timing of pursuing collection of the indebtedness and in foreclosing upon some or all of the security for the Loan may limit or destroy Guarantor's rights and remedies (including Subrogation Rights) against Borrower, and Guarantor waives any rights Guarantor may have to require Lender to protect or preserve any of Guarantor's rights and remedies as against Borrower and waive any defenses that Guarantor may have, whether based on estoppel or otherwise or on the loss of any right or remedy against Borrower (including Subrogation Rights). Without limiting the foregoing, Guarantor waives any rights and defenses arising out of any of the following:

Loan Guaranty Agreement - Farshid Assemi        3
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

(1)     the operation of Civil Code Sections 2845 and 2849, and Guarantor agrees to pay the Indebtedness despite Lender's failure to proceed against Borrower or any other person, firm or corporation and despite Lender's failure to exercise any right or remedy not otherwise available to Guarantor;

(2)     the failure of Lender to exercise diligence in collection or enforcement of the Loan;

(3)     the operation of any doctrine of laches or any statute of limitations affecting enforcement of the indebtedness against Borrower or affecting Guarantor's liability hereunder, and Guarantor agrees to pay the Indebtedness without regard to the running of time; to the extent that such defenses are deemed not fully waivable, Guarantor agrees that payment of any portion of the Indebtedness or other act which tolls or defeats any defense of laches or defense under any statute of limitations applicable to Borrower shall similarly operate to toll and defeat such defenses applicable to the liability of Guarantor;

(4)     the unenforceability of any document or instrument executed by Lender or by Borrower; and

(5)     all rights of subrogation, reimbursement, indemnification and contribution and any other rights and defenses that are or may become available to the Guarantor or other surety by reason of California Civil Code Sections 2787 to 2855, inclusive.

        b.      Modifications of Indebtedness. Lender is authorized to modify or waive any terms of the Loan Documents, to refinance the Loan, to accept partial payments, to modify, accelerate, extend, renew or change the time or manner for the payment of the Indebtedness or any installments payable thereon, to increase or decrease the rate of interest thereon, to release, substitute or add any one or more makers or endorsers on the Loan. Lender is hereby authorized to do any of the foregoing without notice to or additional consent by Guarantor, and Guarantor agrees that any such action by Lender shall not affect Guarantor's liability in any manner, and Guarantor waives the provisions of California Civil Code §2819.

        c.      Waivers with Respect to Security. Lender may subordinate the priority of any of its security interests securing the Indebtedness or this Guaranty and may release, surrender, sell, exchange, or substitute any rights or property interests now or hereafter held to secure the Loan or this Guaranty or accept any additional security to secure the Loan or this Guaranty, without notice to or additional consent by Guarantor. Lender may proceed against Guarantor for any amount hereby guaranteed without proceeding against or applying any security it now or hereafter holds, and the obligations of Guarantor hereunder shall be without regard to the

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

4

value of any security for the Loan. Guarantor specifically agrees that in the event of any deficiency resulting after the foreclosure of the Deed of Trust, Guarantor shall be and hereby is expressly made liable to Lender for the full amount of such deficiency, notwithstanding any provision of California law which may prevent Lender from enforcing such deficiency against Borrower or Borrower's successors and assigns. Without limiting the foregoing, Guarantor waives:

(1)     the operation of California Code of Civil Procedure Section 580d, and Guarantor agrees to pay any deficiency arising by reason of the Lender's exercise of a power of sale of collateral or security rather than pursuing judicial foreclosure, and Guarantor waives any defense under the rule of the case of <u>Union Bank v Gradsky</u> (1968) (265 C.A.2d 40);

(2)     the operation of California Code of Civil Procedure Section 580b, and Guarantor agrees to pay any deficiency arising by reason of Lender's private or judicial sale of any security given to Lender to secure the indebtedness, whether or not such credit was extended for the purchase price of said collateral;

(3)     the operation of California Code of Civil Procedure Sections 580a and 726 and Civil Code Sections 2849 and 2850, and Guarantor agrees to pay the Indebtedness without Lender first being required to pursue any or all of the security for the Indebtedness and agree to pay any deficiency arising by reason of a foreclosure (whether judicial or nonjudicial) without regard to the fair value of the security sold; and

(4)     the failure of Lender to perfect or maintain the perfection of any security interest in the collateral for the Loan or to record or register any lien or encumbrance thereon.

Also without limiting the generality of the foregoing, and pursuant to Section 2856 of the California Civil Code, Guarantor waives all rights and defenses that the Guarantor may have because the Loan is secured by real property. This means, among other things:

(i)     Lender may collect from the Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower;

(ii)     if Lender forecloses on any real property collateral pledged by the Borrower:

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

5

(A)    the amount of the debt may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and

(B)    Lender may collect from the Guarantor even if Lender, by foreclosing on the real property collateral has destroyed any right the Guarantor may have to collect from the Borrower.

This is an unconditional and irrevocable waiver of any rights and defenses the Guarantor may have because the Borrower's debt is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

7.    <u>Preferences</u>.  If any payment by Guarantor to Lender under this Guaranty is held to constitute a preference under any applicable bankruptcy laws, or if under applicable bankruptcy, insolvency, reorganization, fraudulent transfer, moratorium or other similar laws of general application with respect to creditors, Lender is required to refund part or all of any payment by Guarantor or pay the amount thereof to any other party, such payment to Lender shall not constitute a release from any liability hereunder, and Guarantor's liability hereunder shall be reinstated to such extent. This Guaranty shall continue to be effective, or reinstated, as the case may be, if at any time payment, or any part hereof due under the Loan, is rescinded or must otherwise be restored or returned by Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of Borrower, or upon or as a result of the appointment of a received, intervener or conservator of, or trustee or similar officer for, Borrower or any substantial part of its property, or otherwise, all as though such payments had not been made.

8.    <u>Rights Cumulative</u>.  All rights, powers and remedies of Lender hereunder and under any other agreement now or at any time hereafter in force between Lender and Guarantor, or some of them, shall be cumulative and not alternative and shall be in addition to all rights, powers and remedies given to Lender by law. This Guaranty is in addition to such other security as Lender now or hereafter may have.

9.    <u>Death of Guarantor</u>.  The death of Guarantor will not be an Event of Default under this Guaranty or the Loan Agreement if any remaining Guarantor(s) collectively meet the Net Worth Requirement (as defined in the Loan Agreement) and at least two of the original Guarantors remain Guarantors with legal control of the Property.  If the remaining Guarantor(s) collectively fail to meet the Net Worth Requirement, then the death of any Guarantor shall not be an Event of Default so long as the Borrowers or remaining Guarantor(s), within one hundred twenty (120) days of the subject event, cause another person or persons to assume the obligations of the deceased Guarantor under this Guaranty and the Environmental Agreement, so that the Guarantors (including any new Guarantor(s)) collectively meet the Net Worth Requirement and Guarantors have legal control over the Property.  For purposes hereof, "legal control" shall mean

the power, either directly or indirectly, to exercise the authority of the Borrowers as owner of the Property, either as the majority shareholder of the common stock of a corporation, trustee of a trust, the sole general partner of a limited partnership, the managing general partner of a general partnership, or the manager or managing member of a limited liability company. In either case, the Lender shall be promptly advised of the event of death.

10. <u>Miscellaneous</u>.

a. <u>Construction</u>. This Guaranty shall be construed in light of its reasonable meaning, without regard to California Civil Code §1654, and it shall not be strictly construed against or in favor of either party. The headings of Sections and Subsections are for the convenience of the reader only and shall not be used to construe the meaning of any provision of this Guaranty. Except as the context otherwise requires, the term "including" (and all variations of that word) will be construed as though immediately followed by the words "without limitation." Except as the context otherwise requires, any masculine or neutral pronoun shall be interpreted to include the other, both shall include the female, and the singular shall include the plural, and vice versa.

b. <u>Severability</u>. In the event that any provision of this Guaranty is determined to be invalid or unenforceable, such determination shall not affect the validity or enforceability of any other provision of this Guaranty.

c. <u>Governing Law</u>. This Guaranty shall be interpreted and enforced under the laws of the State of California applicable with respect to contracts made and to be performed in said State.

d. <u>Attorneys' Fees and Costs</u>. Guarantor agrees without demand to pay to and reimburse Lender for all costs, attorneys' fees and other expenses which it expends or incurs in the collection or enforcement of any obligation hereby guaranteed or in the enforcement of this Guaranty against Guarantor, including those incurred in any proceedings or actions in bankruptcy and those incurred in enforcement of any judgment.

e. <u>Binding Upon Successors</u>. This Guaranty shall inure to the benefit of the Lender, its successors and assigns, including the assignees of any obligations guaranteed hereby, and shall bind the successors and personal representatives of Guarantor.

f. <u>Entire Agreement</u>. This Guaranty contains the sole and entire understanding and agreement of the parties hereto with respect to its subject matter, notwithstanding any prior negotiations, discussions, commitments, representations, agreements or understandings. This Guaranty cannot be terminated or otherwise amended, changed or modified except by written instrument signed by the parties to be bound.

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

7

g.      <u>Unsecured Obligations</u>.  This Guaranty is not secured by the lien of the Deed of Trust or any of the other Collateral defined in the Loan Agreement.

h.      <u>Multiple Disbursements</u>.    Guarantor acknowledges that the proceeds of the Loan evidenced by the Note will be advanced in multiple disbursements under the terms of the Loan Documents.  No consent or approval of any Guarantor shall be required or necessary as a condition of any such disbursement.

**THE UNDERSIGNED REPRESENTS THAT HE HAS READ AND UNDERSTANDS ALL OF THE PROVISIONS OF THIS GUARANTY AND IS PREPARED TO PAY AND PERFORM ALL OF THE INDEBTEDNESS TO LENDER.**

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

8

IN WITNESS WHEREOF, this Guaranty is executed by Guarantor as of the date first set forth above.

GUARANTOR:

_____
FARSHID ASSEMI

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

9

## SPOUSAL CONSENT

The undersigned, as the spouse of FARSHID ASSEMI, hereby signs and consents to this "Guaranty" for the purpose of binding and consenting to the commitment of the marital community property of FARSHID ASSEMI and the undersigned as assets available for satisfaction of obligations under the Guaranty, and for the purpose of acknowledging and agreeing that (i) no consent of the undersigned shall be required for any future modification of the Guaranty or the obligations undertaken thereunder, and (ii) any community property of FARSHID ASSEMI and the undersigned which shall hereafter be transmuted into separate property of the undersigned shall be available for satisfaction of obligations under the Guaranty.

By: _____
Sonia Rosemary Assemi

Loan Guaranty Agreement - Farshid Assemi
104 Partners, et. al.
Loan No. 198718
89936308.3 0053564-00282

10