# EXHIBIT 9

**UCC-1 Filing Confirmation**

2017-03-02

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company   1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

1279 98112

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: California
(S.O.S.)

**17-7574094610**
**03/02/2017 17:00**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

60018890002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:**  Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME 104 PARTNERS, LLC | | | |
|---|---|---|---|
| OR | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 1c. MAILING ADDRESS 1306 West Herndon, Suite 101 | CITY Fresno | STATE CA | POSTAL CODE 93711 | COUNTRY USA |
|---|---|---|---|---|

**2. DEBTOR'S NAME:**  Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME ACDF, LLC | | | |
|---|---|---|---|
| OR | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS 1306 West Herndon, Suite 101 | CITY Fresno | STATE CA | POSTAL CODE 93711 | COUNTRY USA |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME METROPOLITAN LIFE INSURANCE COMPANY | | | |
|---|---|---|---|
| OR | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS 10801 Mastin Boulevard, Suite 930 | CITY Overland Park | STATE KS | POSTAL CODE 66210 | COUNTRY USA |
|---|---|---|---|---|

**4. COLLATERAL:**  This financing statement covers the following collateral:
For collateral description see Schedule I attached hereto and incorporated herein by this reference.

**5. Check only if applicable and check only one box:** Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a. Check only if applicable and check only one box:**
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b. Check only if applicable and check only one box:**
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:** Loan No. 198718

1279 98112

Corporation Service Company
2711 Centerville Rd., Ste. 400
Wilmington, DE 19808

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

60018890002

## UCC FINANCING STATEMENT ADDITIONAL PARTY
FOLLOW INSTRUCTIONS

18. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 18a. ORGANIZATION'S NAME |
| --- |
| 104 PARTNERS, LLC |

OR

| 18b. INDIVIDUAL'S SURNAME |
| --- |

| FIRST PERSONAL NAME |
| --- |

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

19. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (19a or 19b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 19a. ORGANIZATION'S NAME  MARICOPA ORCHARDS, LLC | | | | |
| --- | --- | --- | --- | --- |
| 19b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 19c. MAILING ADDRESS  1306 West Herndon, Suite 101 | CITY  Fresno | STATE  CA | POSTAL CODE  93711 | COUNTRY  USA |

20. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (20a or 20b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 20a. ORGANIZATION'S NAME  C & A FARMS, LLC | | | | |
| --- | --- | --- | --- | --- |
| 20b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 20c. MAILING ADDRESS  1306 West Herndon, Suite 101 | CITY  Fresno | STATE  CA | POSTAL CODE  93711 | COUNTRY  USA |

21. ADDITIONAL DEBTOR'S NAME: Provide only one Debtor name (21a or 21b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 21a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 21b. INDIVIDUAL'S SURNAME  GARCIA | FIRST PERSONAL NAME  BETSY | ADDITIONAL NAME(S)/INITIAL(S)  ELAINE | | SUFFIX |
| 21c. MAILING ADDRESS  1306 West Herndon, Suite 101 | CITY  Fresno | STATE  CA | POSTAL CODE  93711 | COUNTRY  USA |

22. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (22a or 22b)

| 22a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 22b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 22c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

23. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (23a or 23b)

| 23a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 23b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 23c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

24. MISCELLANEOUS:

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

60018890002

## SCHEDULE I

Financing Statement (continued)

Name of Debtor:     104 PARTNERS, LLC, a California limited liability company;
ACDF, LLC, a California limited liability company;
C & A FARMS, LLC, a California limited liability company; and
MARICOPA ORCHARDS, LLC, a California limited liability
company.

Name of Secured Party:     METLIFE INSURANCE COMPANY USA, a New York corporation

A.     The Real Property described in Exhibit A hereto, together with all estates, rights, title, interest and estate of Debtor in and to said property including without limitation all oil, gas and mineral rights with respect to the Real Property and all appurtenances and entitlements (the "**Real Property**").

B.     All buildings, structures and improvements of every nature whatsoever now or hereafter affixed, attached to or incorporated in the Real Property, including, without limitation, (i) all houses, barns, sheds, warehouses, pumphouses, bunkhouses, mobile homes, modular homes, hothouses and all other buildings, (ii) grain bins, silos, storage bins, metal sheds and buildings, water towers, utility and pipelines, and windmills, (iii) all towers, fences, gates and posts, (iv) all electric, water and gas lines, wiring, pipe and equipment together with meters, transformers, switch boxes, fuse panels, circuit breakers, timing devices, thermostats and control valves, (v) controlled atmosphere equipment, if any, and (vi) all additions, substitutions and replacements thereof now or hereafter owned by Debtor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Real Property, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Real Property as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing of even date and recorded concurrently in Fresno and Kern Counties, California ("**Deed of Trust**").

C.     All present and future income, rents, issues, profits and revenues of the Real Property and the Crops from time to time accruing (including, without limitation, all payments under leases or tenancies, unearned premiums on any insurance policy carried by Debtor for the benefit of Secured Party and/or the Real Property, tenant security deposits, escrow funds and all awards or payments, including interest thereon and the right to receive same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of any part or all of the Real Property or payment for alteration of the grade of any road upon which said Real Property abuts, or any other injury to, taking of or decrease in the value of said Real Property to the extent of all amounts which may be owing on the indebtedness secured by the Deed of Trust at the date of receipt of any such award or payment by Debtor, and the reasonable attorneys' fees, costs and disbursements incurred by Secured Party in connection with the collection of such award or payment), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law or in equity, of Debtor of, in and to the same (the "**Proceeds**");

Schedule I – Page 1

89949931.1 0053564-00282

60018890002

reserving only the right to Debtor to collect the same as long as no default or Event of Default as defined in the Deed shall have occurred.

D.    All improvements, equipment and fixtures now owned or hereafter acquired by the Debtor that now or hereafter are located on, affixed or attached to, or incorporated in the Real Property or the improvements thereon, or used in connection therewith, wherever located, including (i) all wells, irrigation and drainage pumps, motors, pipes, sprinklers, drip line and emitters, filters, water measurement, meters and control structures and other irrigation equipment, including, without limitation, the specific items described in Exhibit B attached to the Deed of Trust and incorporated herein, (ii) appliances, pool equipment, and affixed furnishings, (iii) all trellises, fences, wind machines and other frost protection equipment, (iv) all trees, vines and other permanent plantings, and (v) all additions, substitutions for, or replacements of, the foregoing (the "**Improvements**").

E.    All rights of any Debtor or the Real Property to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter appurtenant or attributable to the Real Property, including: (a) all water allocations, water banking interests, carryover rights, supplemental water, water banking rights and interests, distribution rights, delivery rights, storage and exchange rights, drainage rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies, water banks, private parties or otherwise, together with all shares of stock or general intangibles evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (b) all water and water inventory in storage and any interest in the related storage facility or bank; (c) all easements, permits, licenses, contracts, leases, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water including without limitation any such agreements or easements referenced in Exhibit A or Exhibit A-1 to the Deed of Trust; (d) all rights under well, pump and filter sharing agreements, and other contracts and licenses relating to the use of water on the Real Property including without limitation those more particularly described on Exhibit A-1 to the Deed of Trust; and (e) all rights under water service and delivery contracts now or hereafter relating to the Real Property as described on Exhibit A-1 to the Deed of Trust and incorporated herein and all replacements, amendments and extensions thereof (the rights and interests described in the paragraph E will be referred to collectively as the "**Water Rights**"). Notwithstanding the foregoing, except to the extent (x) any of foregoing Water Rights are no longer in effect and Debtor acquires any of the assets described in clauses (i) – (iii) below for purposes of replacing or substituting any of such Water Rights no longer in effect, and (y) any of the assets described in clauses (i) – (iii) below constitute the products or proceeds of any of the foregoing Water Rights, the "Water Rights" shall not include, and Secured Party shall have no security interest in the following:

(i)    short term or long term contracts for the purchase of water by a Debtor from sources not, as of the date of the Deed of Trust, subject to contract for the delivery of water

60018890002

to any Debtor or any portion of the Real Property and the water subject to such contracts, so long as the Water Rights are not thereby reduced in either right, supply or priority; and

        (ii)    water made available to Debtor through the acquisition of either additional land (not subject to the Deed of Trust) or through the use of water allocations available to existing land owned by any Debtor but not subject to the Deed of Trust.

F.    All minerals or rights to minerals owned by Debtor, whether solid, liquid or gaseous (or a mixture), whether valuable or not, and whether or not known to exist under the Real Property, together with full rights of ingress and egress and use of the surface to the extent reasonably necessary for the purpose of exploring, drilling, mining, developing, producing, storing, removing, treating and transporting said minerals ("**Minerals**").

G.    All estates, tenements, hereditaments, privileges, easements, franchises, licenses, permits and other rights appurtenant to the Real Property, including: (a) all rights, permits, licenses, and other entitlements authorizing Debtor to use the Property as it presently is being used or as Debtor intends to use it, or both, (b) all rights of way used in connection therewith or as a means of access thereto, (c) the U.S. Department of Agriculture, Farm Services Agency ("**FSA**") crop base and any similar governmental entitlements from time to time allocated to the Real Property, (d) all rights to drain the Real Property and to dispose of irrigation water from the Real Property, together with all drainage easements and rights in drainage districts, (e) all rights in cooperative associations for milling, ginning, grinding, storage, and marketing of crops and produce from the Real Property.

H.    All rights and/or interest arising under all contracts, leases, permits, options, licenses, plans or intangible property now or hereafter related to or affecting the Real Property (the "**Intangibles**"), including, without limitation, the following leases and options (collectively, the "**Ground Leases**"): (i) that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company as landlord and ACDF, LLC, a California limited liability company as tenant, that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company as landlord and ACDF, LLC, a California limited liability company, as tenant (Laval - Cattani), and (ii) that certain Agricultural Lease dated as of August 5, 2016 between Betsy E. Garcia as landlord and Cantua Orchards, LLC, a California limited liability company as tenant (Ludy). The lessors under the Ground Leases are collectively referred to herein as the "**Ground Lessors**," and the Ground Lessors and ACDF, LLC and Cantua Orchards, LLC.

I.    All crops now or hereafter grown, growing or to be grown on the Real Property, including, without limitation, harvested crops, farm products, seed and propagative portions of plants (the "**Crops**").

J.    All intellectual property rights now or hereafter held by Debtor with respect to trees or other permanent plantings now or hereafter growing on the Real Property, including, without limitation, all trademarks, patents or patent licenses.

K.    All accessions, parts, or additions to and all replacements of and substitution for any of the property described in the preceding clauses.

89949931.1 0053564-00282

60018890002

L.     All products of any of the property described on the preceding subparagraphs and all proceeds (including insurance proceeds) from the sale or other disposition of any of the property described in the preceding clauses; provided, that by accepting a security interest in proceeds Secured Party does not consent to sale or other disposition of any of the foregoing.

The personal property and the Real Property described in paragraphs A through L above are referred to collectively as the "**Property**."

Debtor grants to Secured Party a security interest in the Crops, Proceeds, Minerals, Water Rights, Intangibles, Improvements, and all accounts, general intangibles, inventory, goods and instruments evidencing or constituting proceeds of the foregoing Property, together with all other of the foregoing constituting personal property.

60018890002

## EXHIBIT "A"

Real property is situated in Kern County, State of California, described as follows:

**TRACT ONE:**

The Southeast quarter of the Northeast quarter of Section 29, Township 32 South, Range 26 East, M.D.B. & M.

EXCEPTING, however, from the above described Parcel all minerals of whatsoever nature (including but not limited to oil, gas, other hydrocarbons and associated substances) in, under of which may be produced therefrom, together with all rights and privileges of ingress, egress, use and occupancy of, upon and within the surface and subsurface thereof as the owner of the aforesaid minerals may from time to time deem necessary or convenient in connection with the exploration, development and operation of said Parcel for the aforesaid minerals and the storing, handling, treating and transportation thereof, all without liability whatsoever to Grantee, her heirs, legal representatives, successors, or assigns, and all as conveyed by Grantor to SoniCo, Inc., a Delaware corporation, by Mineral Deed dated February 28, 1967 and recorded in Book 4030, at Page 28, Official Records of said County.

APN: 295-230-03

**TRACT TWO:**

PARCEL ONE:

The Southwest quarter of Section 33, Township 25 South, Range 24 East, M.D.B.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

Except that portion of Final Order of Condemnation recorded December 30, 1975 in Book 4931 Page 2128, described as the surface and upper 200 feet of the subsurface of the West 175 feet of the Southwest quarter of said Section 33;

Also except the surface and upper 200 feet of the subsurface of the West 295 feet of the South 290 feet of the Southwest quarter of said Section 33, except the Westerly 175 feet thereof;

Excepting and reserving therefrom all oil, gas, minerals and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in or through the surface of the upper 200 feet of said fee simple Parcels, or do any other act in such manner as to interfere, directly or indirectly, with the primary purpose for which said Parcels were acquired or for which said Parcels are then being used;

Further excepting from Pond-Poso Canal right of way, as finally constructed and as shown upon the as-built drawings on file in the District, and reserving unto persons having an interest in the lands herein to be condemned, their successors in interest, a right appurtenant to the remainder of

60018890002

the land of which the part taken was a part, a right of way for purposes of ingress and egress over and along a strip of land approximately 20 feet in width lying within, parallel and adjacent to the right and left right of way line, of said Pond-Poso Canal, together with the privilege to cross said Pond-Poso Canal right of way at such crossings as are provided;

Further excepting from said Pond-Poso Canal right of way and reserving unto the persons having an interest in said Parcel, their successors in interest, a right appurtenant to the remainder of the lands of which that part taken was a part, the privilege of ingress and egress across those certain road crossings approximately 20 feet in width to be constructed and maintained by District; said road crossings to be located at approximately Pond-Poso Canal Stations 875+19 and 901+07 approximately 40 feet Northerly along said Canal centerline from the South boundary and at the intersection of said centerline of the North boundary, respectively, of the Southwest quarter of said Section 33, provided, however, that such privilege shall not be exercised by means other than the hereinabove described road crossings, and shall be exercised in such manner as to have due regard for the safety of said road crossing and so as not to interfere with the primary purpose for which said Parcel was acquired or for which said Parcel is then being used. Provided further, however, District, its successors and assigns, retain the right, at any time, and from time to time, to restrict access thereto for the purpose of preventing the creation of an easement or prescriptive right in the public for the use of said structure for ingress or egress or related purposes.

Further excepting therefrom that portion granted to the Semitropic Improvement District of Semitropic Water Storage District in deed recorded September 17, 2014 as Instrument No. 0214113265, being an area of land, described as the East 50 feet of the West 1,394.50 feet of the South 50 feet of the North 95 feet of the Southwest quarter of said Section 33;

Excepting and reserving therefrom all oil, gas minerals, and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without, however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in and through the surface of the upper 200 feet of said fee simple parcel.

APN: 047-340-36

PARCEL TWO:

The Southwest quarter of the Northwest quarter of Section 33, Township 25 South, Range 24 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Except therefrom the surface and upper 200 feet of the sub-surface of the West 175 feet of the Southwest quarter of the Northwest quarter of said Section 33, as acquired by Pond-Poso Improvement District of Semitropic Water Storage District, a California Water Storage District, in the Final Order of Condemnation arising from Superior Court Case No. 132129, recorded June 4, 1976 in Book 4960 Page 1549 of Official Records.

Also excepting all oil, gas, other hydrocarbon substances and minerals in and under said land reserved by Bank of America National Trust and Savings Association, as Trustee of Trust #10-10-021-5-003730 and #10-010-021-E-201210, by merger with Security Pacific National Bank, a National Banking Association, and Lionel A. Matthes, Jr., as successor Trustee of the Lionel

89949931.1 0053564-00282

60018890002

A. Matthes Inter-Vivos, u/a dated July 6, 1981 and Ronald R. Stolteben and Lola Kimbrell Stolteben, as co-Trustees of the Stolteben Trust dated January 8, 1993, who acquired title as Lola Kimbrell Stolteben, as Trustee of the Stolteben Trust dated January 8, 1993.

APN: 047-340-13

PARCEL THREE:

Parcel 45, as shown on that certain map entitled "Parcel Map No. 9974", filed for record November 24, 1993, in Book 46, Page 4 of Parcel Maps, in the Office of the County Recorder of Kern County and certificates of correction thereto recorded January 7, 1994 as Instrument Nos. 1994003489; 1994003490 and 1994003491 and March 16, 1995 as Instrument No. 1995-32909 of Official Records of Kern County.

Except all minerals, and all gas, petroleum and other hydrocarbon substances in and under said property as reserved in the certain Grant Deed dated August 16, 1972, by and between Tejon Ranch Co., as Grantor, and Tejon Agricultural Partners, a limited partnership, as Grantee, recorded on August 16, 1972 in Book 4712, Page 24 of Official Records, County of Kern, State of California.

APN: 238-400-43-00

**TRACT THREE:**

PARCEL ONE:

The Southeast 1/4 of Section 25, Township 32 South, Range 26 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPT an undivided 1/2 interest in and to all oil, gas and other hydrocarbon substances and minerals within or underlying said land, as reserved in Deed from W.L. Scally, a single man, recorded January 2, 1958 in Book 2887, Page 454 of Official Records.

ALSO EXCEPT an undivided 1/8 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-050-17

89949931.1 0053564-00282

60018890002

PARCEL TWO:

The Fractional Southwest 1/4 of Section 30, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Records of Survey, in the Office of the County Recorder of said County.

EXCEPT an undivided 1/2 interest in and to all oil, gas, petroleum and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as reserved in deed from Amalie Durkin, dated September 25, 1952 recorded October 17, 1952 in Book 1995, Page 263 of Official Records.

ALSO EXCEPT an undivided $1/4$ interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted in Deed from R.L. Sanders, and Ruth Sanders, his wife, to Calflax Company, a California corporation dated November 9, 1959, recorded December 3, 1959 in Book 3217, Page 331 of Official Records.

ALSO EXCEPT an undivided 1/8th interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted by South Lake Farms, a corporation, in deed recorded April 4, 1973 in Book 4778, Page 1355 of Official Records.

ALSO EXCEPT an undivided 1/32 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/16th interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-130-02

PARCEL THREE:

Easements for vehicular and pedestrian ingress and egress and also for underground electrical, power, telecommunications and water utilities as more particularly described in Grants of Easements Agreement dated October 17, 2014, executed by and between TBS Properties, LLC, a California limited liability company, Security F.S.E. Two-Hundred and Twenty- One, Inc., a California corporation and Security F.S.E. Two-Hundred and Twenty- Two, Inc., a California corporation recorded October 21, 2014 as Document No. 000214130740 of Official Records.

60018890002

The following land situated in Fresno County, State of California:

**TRACT FOUR:**

The Northwest 1/4 of Section 35, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom 12.5 percent of all oil, gas, mineral, and other hydro-carbon substances as reserved by Richard Z. Lamberson and Jean H. Lamberson in Deed recorded January 20, 1982 in Book 7847 Page 529, Document Number 5481, Fresno County Records.

APN: 038-210-25-S

60018890002

## SCHEDULE I

Financing Statement (continued)

Name of Debtor: 104 PARTNERS, LLC, a California limited liability company;
ACDF, LLC, a California limited liability company;
C & A FARMS, LLC, a California limited liability company; and
MARICOPA ORCHARDS, LLC, a California limited liability
company.

Name of Secured Party: METLIFE INSURANCE COMPANY USA, a New York corporation

A. The Real Property described in Exhibit A hereto, together with all estates, rights, title, interest and estate of Debtor in and to said property including without limitation all oil, gas and mineral rights with respect to the Real Property and all appurtenances and entitlements (the "**Real Property**").

B. All buildings, structures and improvements of every nature whatsoever now or hereafter affixed, attached to or incorporated in the Real Property, including, without limitation, (i) all houses, barns, sheds, warehouses, pumphouses, bunkhouses, mobile homes, modular homes, hothouses and all other buildings, (ii) grain bins, silos, storage bins, metal sheds and buildings, water towers, utility and pipelines, and windmills, (iii) all towers, fences, gates and posts, (iv) all electric, water and gas lines, wiring, pipe and equipment together with meters, transformers, switch boxes, fuse panels, circuit breakers, timing devices, thermostats and control valves, (v) controlled atmosphere equipment, if any, and (vi) all additions, substitutions and replacements thereof now or hereafter owned by Debtor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Real Property, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Real Property as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing of even date and recorded concurrently in Fresno and Kern Counties, California ("**Deed of Trust**").

C. All present and future income, rents, issues, profits and revenues of the Real Property and the Crops from time to time accruing (including, without limitation, all payments under leases or tenancies, unearned premiums on any insurance policy carried by Debtor for the benefit of Secured Party and/or the Real Property, tenant security deposits, escrow funds and all awards or payments, including interest thereon and the right to receive same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of any part or all of the Real Property or payment for alteration of the grade of any road upon which said Real Property abuts, or any other injury to, taking of or decrease in the value of said Real Property to the extent of all amounts which may be owing on the indebtedness secured by the Deed of Trust at the date of receipt of any such award or payment by Debtor, and the reasonable attorneys' fees, costs and disbursements incurred by Secured Party in connection with the collection of such award or payment), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law or in equity, of Debtor of, in and to the same (the "**Proceeds**");

Schedule I – Page 1

60018890002

reserving only the right to Debtor to collect the same as long as no default or Event of Default as defined in the Deed shall have occurred.

D.      All improvements, equipment and fixtures now owned or hereafter acquired by the Debtor that now or hereafter are located on, affixed or attached to, or incorporated in the Real Property or the improvements thereon, or used in connection therewith, wherever located, including (i) all wells, irrigation and drainage pumps, motors, pipes, sprinklers, drip line and emitters, filters, water measurement, meters and control structures and other irrigation equipment, including, without limitation, the specific items described in Exhibit B attached to the Deed of Trust and incorporated herein, (ii) appliances, pool equipment, and affixed furnishings, (iii) all trellises, fences, wind machines and other frost protection equipment, (iv) all trees, vines and other permanent plantings, and (v) all additions, substitutions for, or replacements of, the foregoing (the "**Improvements**").

E.      All rights of any Debtor or the Real Property to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter appurtenant or attributable to the Real Property, including: (a) all water allocations, water banking interests, carryover rights, supplemental water, water banking rights and interests, distribution rights, delivery rights, storage and exchange rights, drainage rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies, water banks, private parties or otherwise, together with all shares of stock or general intangibles evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (b) all water and water inventory in storage and any interest in the related storage facility or bank; (c) all easements, permits, licenses, contracts, leases, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water including without limitation any such agreements or easements referenced in Exhibit A or Exhibit A-1 to the Deed of Trust; (d) all rights under well, pump and filter sharing agreements, and other contracts and licenses relating to the use of water on the Real Property including without limitation those more particularly described on Exhibit A-1 to the Deed of Trust; and (e) all rights under water service and delivery contracts now or hereafter relating to the Real Property as described on Exhibit A-1 to the Deed of Trust and incorporated herein and all replacements, amendments and extensions thereof (the rights and interests described in the paragraph E will be referred to collectively as the "**Water Rights**"). Notwithstanding the foregoing, except to the extent (x) any of foregoing Water Rights are no longer in effect and Debtor acquires any of the assets described in clauses (i) – (iii) below for purposes of replacing or substituting any of such Water Rights no longer in effect, and (y) any of the assets described in clauses (i) – (iii) below constitute the products or proceeds of any of the foregoing Water Rights, the "Water Rights" shall not include, and Secured Party shall have no security interest in the following:

(i)      short term or long term contracts for the purchase of water by a Debtor from sources not, as of the date of the Deed of Trust, subject to contract for the delivery of water

89949931.1 0053564-00282

60018890002

to any Debtor or any portion of the Real Property and the water subject to such contracts, so long as the Water Rights are not thereby reduced in either right, supply or priority; and

      (ii)    water made available to Debtor through the acquisition of either additional land (not subject to the Deed of Trust) or through the use of water allocations available to existing land owned by any Debtor but not subject to the Deed of Trust.

      F.    All minerals or rights to minerals owned by Debtor, whether solid, liquid or gaseous (or a mixture), whether valuable or not, and whether or not known to exist under the Real Property, together with full rights of ingress and egress and use of the surface to the extent reasonably necessary for the purpose of exploring, drilling, mining, developing, producing, storing, removing, treating and transporting said minerals ("**Minerals**").

      G.    All estates, tenements, hereditaments, privileges, easements, franchises, licenses, permits and other rights appurtenant to the Real Property, including: (a) all rights, permits, licenses, and other entitlements authorizing Debtor to use the Property as it presently is being used or as Debtor intends to use it, or both, (b) all rights of way used in connection therewith or as a means of access thereto, (c) the U.S. Department of Agriculture, Farm Services Agency ("**FSA**") crop base and any similar governmental entitlements from time to time allocated to the Real Property, (d) all rights to drain the Real Property and to dispose of irrigation water from the Real Property, together with all drainage easements and rights in drainage districts, (e) all rights in cooperative associations for milling, ginning, grinding, storage, and marketing of crops and produce from the Real Property.

      H.    All rights and/or interest arising under all contracts, leases, permits, options, licenses, plans or intangible property now or hereafter related to or affecting the Real Property (the "**Intangibles**"), including, without limitation, the following leases and options (collectively, the "**Ground Leases**"): (i) that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company as landlord and ACDF, LLC, a California limited liability company as tenant, that certain Agricultural Lease dated as of October 30, 2015 between 104 Partners, LLC, a California limited liability company as landlord and ACDF, LLC, a California limited liability company, as tenant (Laval - Cattani), and (ii) that certain Agricultural Lease dated as of August 5, 2016 between Betsy E. Garcia as landlord and Cantua Orchards, LLC, a California limited liability company as tenant (Ludy). The lessors under the Ground Leases are collectively referred to herein as the "**Ground Lessors**," and the Ground Lessors and ACDF, LLC and Cantua Orchards, LLC.

      I.    All crops now or hereafter grown, growing or to be grown on the Real Property, including, without limitation, harvested crops, farm products, seed and propagative portions of plants (the "**Crops**").

      J.    All intellectual property rights now or hereafter held by Debtor with respect to trees or other permanent plantings now or hereafter growing on the Real Property, including, without limitation, all trademarks, patents or patent licenses.

      K.    All accessions, parts, or additions to and all replacements of and substitution for any of the property described in the preceding clauses.

89949931.1 0053564-00282

60018890002

L.      All products of any of the property described on the preceding subparagraphs and all proceeds (including insurance proceeds) from the sale or other disposition of any of the property described in the preceding clauses; provided, that by accepting a security interest in proceeds Secured Party does not consent to sale or other disposition of any of the foregoing.

The personal property and the Real Property described in paragraphs A through L above are referred to collectively as the "**Property**."

Debtor grants to Secured Party a security interest in the Crops, Proceeds, Minerals, Water Rights, Intangibles, Improvements, and all accounts, general intangibles, inventory, goods and instruments evidencing or constituting proceeds of the foregoing Property, together with all other of the foregoing constituting personal property.

60018890002

## EXHIBIT "A"

Real property is situated in Kern County, State of California, described as follows:

**TRACT ONE:**

The Southeast quarter of the Northeast quarter of Section 29, Township 32 South, Range 26 East, M.D.B. & M.

EXCEPTING, however, from the above described Parcel all minerals of whatsoever nature (including but not limited to oil, gas, other hydrocarbons and associated substances) in, under of which may be produced therefrom, together with all rights and privileges of ingress, egress, use and occupancy of, upon and within the surface and subsurface thereof as the owner of the aforesaid minerals may from time to time deem necessary or convenient in connection with the exploration, development and operation of said Parcel for the aforesaid minerals and the storing, handling, treating and transportation thereof, all without liability whatsoever to Grantee, her heirs, legal representatives, successors, or assigns, and all as conveyed by Grantor to SoniCo, Inc., a Delaware corporation, by Mineral Deed dated February 28, 1967 and recorded in Book 4030, at Page 28, Official Records of said County.

APN: 295-230-03

**TRACT TWO:**

PARCEL ONE:

The Southwest quarter of Section 33, Township 25 South, Range 24 East, M.D.B.M., in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

Except that portion of Final Order of Condemnation recorded December 30, 1975 in Book 4931 Page 2128, described as the surface and upper 200 feet of the subsurface of the West 175 feet of the Southwest quarter of said Section 33;

Also except the surface and upper 200 feet of the subsurface of the West 295 feet of the South 290 feet of the Southwest quarter of said Section 33, except the Westerly 175 feet thereof;

Excepting and reserving therefrom all oil, gas, minerals and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in or through the surface of the upper 200 feet of said fee simple Parcels, or do any other act in such manner as to interfere, directly or indirectly, with the primary purpose for which said Parcels were acquired or for which said Parcels are then being used;

Further excepting from Pond-Poso Canal right of way, as finally constructed and as shown upon the as-built drawings on file in the District, and reserving unto persons having an interest in the lands herein to be condemned, their successors in interest, a right appurtenant to the remainder of

the land of which the part taken was a part, a right of way for purposes of ingress and egress over and along a strip of land approximately 20 feet in width lying within, parallel and adjacent to the right and left right of way line, of said Pond-Poso Canal, together with the privilege to cross said Pond-Poso Canal right of way at such crossings as are provided;

Further excepting from said Pond-Poso Canal right of way and reserving unto the persons having an interest in said Parcel, their successors in interest, a right appurtenant to the remainder of the lands of which that part taken was a part, the privilege of ingress and egress across those certain road crossings approximately 20 feet in width to be constructed and maintained by District; said road crossings to be located at approximately Pond-Poso Canal Stations 875+19 and 901+07 approximately 40 feet Northerly along said Canal centerline from the South boundary and at the intersection of said centerline of the North boundary, respectively, of the Southwest quarter of said Section 33, provided, however, that such privilege shall not be exercised by means other than the hereinabove described road crossings, and shall be exercised in such manner as to have due regard for the safety of said road crossing and so as not to interfere with the primary purpose for which said Parcel was acquired or for which said Parcel is then being used. Provided further, however, District, its successors and assigns, retain the right, at any time, and from time to time, to restrict access thereto for the purpose of preventing the creation of an easement or prescriptive right in the public for the use of said structure for ingress or egress or related purposes.

Further excepting therefrom that portion granted to the Semitropic Improvement District of Semitropic Water Storage District in deed recorded September 17, 2014 as Instrument No. 0214113265, being an area of land, described as the East 50 feet of the West 1,394.50 feet of the South 50 feet of the North 95 feet of the Southwest quarter of said Section 33;

Excepting and reserving therefrom all oil, gas minerals, and other hydrocarbon substances, by whatever name known, that may lie beneath said Parcel, without, however, the right to enter in and upon in any manner or in any manner explore, produce, or operate in and through the surface of the upper 200 feet of said fee simple parcel.

APN: 047-340-36

PARCEL TWO:

The Southwest quarter of the Northwest quarter of Section 33, Township 25 South, Range 24 East, Mount Diablo Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Except therefrom the surface and upper 200 feet of the sub-surface of the West 175 feet of the Southwest quarter of the Northwest quarter of said Section 33, as acquired by Pond-Poso Improvement District of Semitropic Water Storage District, a California Water Storage District, in the Final Order of Condemnation arising from Superior Court Case No. 132129, recorded June 4, 1976 in Book 4960 Page 1549 of Official Records.

Also excepting all oil, gas, other hydrocarbon substances and minerals in and under said land reserved by Bank of America National Trust and Savings Association, as Trustee of Trust #10-10-021-5-003730 and #10-010-021-E-201210, by merger with Security Pacific National Bank, a National Banking Association, and Lionel A. Matthes, Jr., as successor Trustee of the Lionel

60018890002

A. Matthes Inter-Vivos, u/a dated July 6, 1981 and Ronald R. Stolteben and Lola Kimbrell Stolteben, as co-Trustees of the Stolteben Trust dated January 8, 1993, who acquired title as Lola Kimbrell Stolteben, as Trustee of the Stolteben Trust dated January 8, 1993.

APN: 047-340-13

PARCEL THREE:

Parcel 45, as shown on that certain map entitled "Parcel Map No. 9974", filed for record November 24, 1993, in Book 46, Page 4 of Parcel Maps, in the Office of the County Recorder of Kern County and certificates of correction thereto recorded January 7, 1994 as Instrument Nos. 1994003489; 1994003490 and 1994003491 and March 16, 1995 as Instrument No. 1995-32909 of Official Records of Kern County.

Except all minerals, and all gas, petroleum and other hydrocarbon substances in and under said property as reserved in the certain Grant Deed dated August 16, 1972, by and between Tejon Ranch Co., as Grantor, and Tejon Agricultural Partners, a limited partnership, as Grantee, recorded on August 16, 1972 in Book 4712, Page 24 of Official Records, County of Kern, State of California.

APN: 238-400-43-00

**TRACT THREE:**

PARCEL ONE:

The Southeast 1/4 of Section 25, Township 32 South, Range 26 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPT an undivided 1/2 interest in and to all oil, gas and other hydrocarbon substances and minerals within or underlying said land, as reserved in Deed from W.L. Scally, a single man, recorded January 2, 1958 in Book 2887, Page 454 of Official Records.

ALSO EXCEPT an undivided 1/8 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/4 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-050-17

60018890002

PARCEL TWO:

The Fractional Southwest 1/4 of Section 30, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Records of Survey, in the Office of the County Recorder of said County.

EXCEPT an undivided 1/2 interest in and to all oil, gas, petroleum and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as reserved in deed from Amalie Durkin, dated September 25, 1952 recorded October 17, 1952 in Book 1995, Page 263 of Official Records.

ALSO EXCEPT an undivided $^1/_4$ interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted in Deed from R.L. Sanders, and Ruth Sanders, his wife, to Calflax Company, a California corporation dated November 9, 1959, recorded December 3, 1959 in Book 3217, Page 331 of Official Records.

ALSO EXCEPT an undivided 1/8th interest in and to all oil, gas, petroleum, and other hydrocarbon substances within or underlying said land or that may be produced therefrom, as excepted by South Lake Farms, a corporation, in deed recorded April 4, 1973 in Book 4778, Page 1355 of Official Records.

ALSO EXCEPT an undivided 1/32 interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by John M. Antongiovanni and Yole J. Antongiovanni, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2013 of Official Records.

ALSO EXCEPT an undivided 1/16th interest in and to all oil, gas, hydrocarbon substances and minerals in and under said land, as excepted by Frank J. Mc Kenna and Linda R. Mc Kenna, husband and wife, and Thomas F. Walsh and Judith C. Walsh, husband and wife, in deed recorded September 19, 1979 in Book 5229, Page 2029 of Official Records.

APN: 295-130-02

PARCEL THREE:

Easements for vehicular and pedestrian ingress and egress and also for underground electrical, power, telecommunications and water utilities as more particularly described in Grants of Easements Agreement dated October 17, 2014, executed by and between TBS Properties, LLC, a California limited liability company, Security F.S.E. Two-Hundred and Twenty- One, Inc., a California corporation and Security F.S.E. Two-Hundred and Twenty- Two, Inc., a California corporation recorded October 21, 2014 as Document No. 000214130740 of Official Records.

89949931.1 0053564-00282

60018890002

The following land situated in Fresno County, State of California:

**TRACT FOUR:**

The Northwest 1/4 of Section 35, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom 12.5 percent of all oil, gas, mineral, and other hydro-carbon substances as reserved by Richard Z. Lamberson and Jean H. Lamberson in Deed recorded January 20, 1982 in Book 7847 Page 529, Document Number 5481, Fresno County Records.

APN: 038-210-25-S



**SECRETARY OF STATE**

**STATE OF CALIFORNIA**

## UCC Filing Acknowledgement

03/06/2017

Page 1 of 2

CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD IL 62703

| | |
|---|---|
| 3 or more pages: | **$20.00** |
| Total Fee: | **$20.00** |

The California Secretary of State's Office has received and filed your document. The information below reflects the data that was indexed in our system. Please review the information for accuracy. Included is an image of the filed document to assist you in your review. If you find a potential error, please notify the UCC Section at the number listed below at your earliest convenience.

Filing Type: **Financing Statement**   File Date: **03/02/2017**   File Time: **17:00**
Filing Number: **17-7574094610**   Lapse Date: **03/02/2022**

Debtor(s):
ORGANIZATION   **104 PARTNERS, LLC**

**1306 WEST HERNDON, SUITE 101 FRESNO CA USA 93711**

ORGANIZATION   **ACDF, LLC**

**1306 WEST HERNDON, SUITE 101 FRESNO CA USA 93711**

ORGANIZATION   **MARICOPA ORCHARDS, LLC**

**1306 WEST HERNDON, SUITE 101 FRESNO CA USA 93711**

ORGANIZATION   **C & A FARMS, LLC**

**1306 WEST HERNDON, SUITE 101 FRESNO CA USA 93711**

INDIVIDUAL   **GARCIA, BETSY, ELAINE,**

**1306 WEST HERNDON, SUITE 101 FRESNO CA USA 93711**

Secured Party(ies):
ORGANIZATION   **METROPOLITAN LIFE INSURANCE COMPANY**

**10801 MASTIN BOULEVARD, SUITE 930 OVERLAND PARK**

## KS USA 66210

Filing by  the Secretary of State is not conclusive proof  that all conditions for securing priority have been met. Ensuring that accurate information is on the document to be filed is the responsibility of the filing party. If this filing is challenged, the Secretary of State does not guarantee that the filing is legally sufficient to secure priority under UCC Article 9 and expressly disclaims any liability for failure of the filing party to secure priority resulting from the information contained in the filed document, or the lack of information  on the filed document.

UNIFORM COMMERCIAL CODE 1500 11TH STREET, 2ND FL  · SACRAMENTO, CA 95814  · PO BOX 942835  · SACRAMENTO, CA 94235-0001  · (916) 653-3516  · HTTPS://UCCCONNECT.SOS.CA.GOV

PROGRAMS · ARCHIVES, BUSINESS PROGRAMS, ELECTIONS, INFORMATION TECHNOLOGY, CALIFORNIA STATE HISTORY MUSEUM, MANAGEMENT SERVICES, SAFE AT HOME, DOMESTIC PARTNERS REGISTRY, NOTARY PUBLIC, POLITICAL REFORM

**UCC Continuation**
104 Partners
2022-02-18






**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U220165508017 |
| Date Filed: 2/18/2022 |

| Submitter Information: | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 177574094610 |
| Date Filed | 03/02/2017 |
| Amendment Action | Continuation |

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | METROPOLITAN LIFE INSURANCE COMPANY |
| --- | --- |

**Optional Filer Reference Information:**
Debtor:104 PARTNERS, LLC-:Loan No. 198718 2179 68365

**UCC Add Debtor**
2024-08-19





**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U240066279130
Date Filed: 8/19/2024

| Submitter Information: | |
|---|---|
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
|---|---|
| Initial Financing Statement File Number | 177574094610 |
| Date Filed | 03/02/2017 |
| Amendment Action | Debtor Amendment |
| Debtor Action | Add Debtor |

Add Debtor:

| Debtor Name | Mailing Address |
|---|---|
| CANTUA ORCHARDS, LLC | 1306 WEST HERNDON, SUITE 101 FRESNO, CA 93711 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          Brighthouse Life Insurance Company

Optional Filer Reference Information:
53564-646/198718 2907 22440

B2079-3799 08/19/2024 9:55 PM Received by California Secretary of State

**UCC Add Secured**
2024-08-19




U240066279029

B2979-3748 08/19/2024 9:50 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U240066279029 |
| Date Filed: 8/19/2024 |

| Submitter Information: | |
| --- | --- |
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR SPRINGFIELD, IL 62703 |

| Amendment Action Information: | |
| --- | --- |
| Initial Financing Statement File Number | 177574094610 |
| Date Filed | 03/02/2017 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| BRIGHTHOUSE LIFE INSURANCE COMPANY | 10801 MASTIN BOULEVARD, SUITE 700 OVERLAND PARK, KS 66210 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| Authorizing Secured Party Name | METROPOLITAN LIFE INSURANCE COMPANY |
| --- | --- |

Optional Filer Reference Information:
53564-646/198718 2907 22405